UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COZY INN, INCORPORATED d/b/a THE
COZY INN, and STEPHEN HOWARD,

    Plaintiffs,

    v.

CITY OF SALINA, KANSAS,

    Defendant.

Case No. 24-1027-TC-ADM

## **SCHEDULING ORDER**

On May 16, 2024, U.S. Magistrate Judge Angel Mitchell conducted a scheduling conference in accordance with Fed. R. Civ. P. 16, by phone. Plaintiffs Cozy Inn, Incorporated d/b/a The Cozy Inn and Stephen Howard appeared through counsel Sam MacRoberts and Jeff Shaw. Defendant City of Salina appeared through counsel Todd Messenger, Amanda Jokerst, and Aaron Martin.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Motions to amend | **July 15, 2024** |
| Experts disclosed | **August 16, 2024** |
| Rebuttal experts disclosed | **September 20, 2024** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **October 18, 2024** |
| Proposed pretrial order due | **November 4, 2024** |
| Pretrial conference | **November 14, 2024, at 1:30 p.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **December 20, 2024** |
| Motions challenging admissibility of expert testimony | **December 20, 2024** |
| Trial — ETT 2-4 days | **September 9, 2025, at 9:00 a.m.** |

1. **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement would not be enhanced by early mediation. Given the nature of the parties' dispute and their respective positions, the court does not believe that early mediation would assist in resolving this matter. The court will revisit the issue of mediation with the parties at the pretrial conference.

2. **Discovery.**

   **a.** The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. The parties have agreed they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **May 13, 2024.** Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded under Fed. R. Civ. P. 37(c)(1).

   **b.** All discovery must be commenced or served in time to be completed by **October 18, 2024.**

   **c.** The parties agree that principles of comparative fault do not apply.

   **d.** Expert disclosures required by Fed. R. Civ. P. 26(a)(2)(D) must be served by **August 16, 2024**, and, for experts testifying solely to contradict or rebut evidence on the same

subject matter identified by another party, disclosures must be served no later than **September 20, 2024**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

  **e.**  The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

  **f.**  Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> Given the nature of the case−where Plaintiffs are not seeking any monetary damages and are only asserting constitutional claims−the Plaintiffs do not believe ESI discovery is appropriate or warranted. Defendant does not anticipate this case will involve extensive ESI discovery, but takes the position that documents that are electronically stored, such as emails, qualify as ESI and Defendant does not want to foreclose the possibility of the parties producing such information or requesting the production of such information where appropriate.
>
> The parties will initially produce documents, where practicable, in bates-stamped .pdf format.
>
> To the extent a party thinks a compelling reason exists to engage in ESI discovery, that party will notify the other party

        in writing and identify the specific document(s) by bates-number(s). The requesting party will also identify the nature of the ESI it is seeking and the format and media in which it would like the ESI produced. The parties will then confer in good faith regarding the availability of the requested ESI, the burden, costs, and expenses, and proportionality associated with the production of such information.

    **g.**    Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

        Any disclosure or production of documents, electronically stored information, or information, whether inadvertent or otherwise, is not a waiver of the attorney-client, work-product, or trial preparation privilege and will not constitute a waiver of any available privilege or protection by the disclosing party in this case or in any other federal or state proceeding. In the event that the receiving party discovers that it has received documents, electronically stored information or information protected by privilege it will bring that fact to the attention of the producing party immediately upon discovery. Upon the request of the producing party, the receiving party will promptly return to the producing party any privilege protected document, electronically stored information, or information and any copies that the receiving party may have made. Upon the request of the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the privileged material. No such inadvertently produced attorney-client privilege, work product-protected document or trial preparation material may be used in evidence against the producing party. No copies will be made of any inadvertently disclosed attorney-client privilege or work product-protected documents. Nothing herein is intended to or shall serve to limit a party's right to conduct a review of their/its own documents, electronically stored information or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

    **h.**    The parties will limit their requests for production to 25 per side.

**i.** Each side may take no more than 8 non-expert depositions. If either party wishes to exceed that number, it must seek leave from the court. Depositions will be governed by the guidelines on the court's website:

*https://ksd.uscourts.gov/file/843*

**j.** The parties stipulate that written, confidential communications between counsel and a party, work-product materials, and trial preparation materials, for which there is a good faith claim of privilege protection, need not be identified in a privilege log if the communication occurred or work-product/trial preparation material was created on or after **February 19, 2024**.

**k.** The parties consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**l.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3. Motions**

**a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **July 15, 2024**.

  **b.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **December 20, 2024**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

  **c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

<https://ksd.uscourts.gov/file/326>

  **d.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **December 20, 2024**.

  **e.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within

a few days.  The court will inform the parties whether any additional information should be submitted or filed in advance of this conference.  Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference.  *See* D. Kan. Rule 37.1(a).

**f.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4.** **Pretrial Conference, Trial, and Other Matters.**

**a.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **November 14, 2024, at 1:30 p.m.** by telephone (888-363-4749; access code 3977627).  However, the court may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person.  No later than **November 4, 2024**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_mitchell_chambers@ksd.uscourts.gov*.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

**b.** The extent to which the trial of this case will proceed by way of bench trial or jury trial is not clear at this time.  If the case proceeds by jury trial, the parties anticipate 2-4 trial days; if by bench trial, they anticipate 1-2 days.  This case is set for trial beginning on **September 9, 2025, at 9:00 a.m.** in Wichita, Kansas.[1]  Unless otherwise ordered, this is not

---

[1] Plaintiff designated Wichita as the place of trial.  During the scheduling conference, defendant stated that it may wish to seek a different trial location, such as Topeka.  The court advised the parties that it would revisit

a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

    **c.**    If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*https://ksd.uscourts.gov/civil-forms*

    **d.**    This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated May 16, 2024, at Kansas City, Kansas.

s/Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

---

this issue in connection with the pretrial conference and, if the parties do not yet agree on the location of trial by then, the court will likely set a deadline for the parties to file motions to designate the location of trial.