In the United States District Court
for the
District of Kansas

| | |
|---|---|
| **Cozy Inn, Incorporated, d/b/a The Cozy Inn; Stephen Howard**, | Case No. No. 6:24-cv-01027-TC-ADM |
| Plaintiffs, | |
| v. | Plaintiffs' Sur-Reply |
| **City of Salina, Kansas**, | |
| Defendant. | |

**Plaintiffs' Sur-Reply**

For the first time in its reply brief, Salina raises a new "government interest" in support of its speech restrictions: traffic safety. *See* Doc. 33 at 2-3.

Because strict scrutiny applies, *see* Doc. 31 at 8-10, Salina's alleged traffic safety interest fails to launch. It's not a compelling government interest. *Neighborhood Enterprises, Inc. v. City of St. Louis*, 644 F.3d 728, 738 (8th Cir. 2011); *Cent. Radio Co. Inc. v. City of Norfolk, Va.*, 811 F.3d 625, 633 (4th Cir. 2016); *see Clark v. City of Williamsburg, Kansas*, 388 F. Supp. 3d 1346, 1361 (D. Kan. 2019), aff'd, 844 F. App'x 4 (10th Cir. 2021).

Even if a lesser standard of scrutiny applies, *see* Doc. 31 at 10-12, Salina's motion should still be denied.[1] Salina has the burden of proving 1) its interests in restricting speech are "substantial;" 2) the restriction "advances those interests in a direct and material way;" and 3) the restriction "is in reasonable proportion to the interests served," meaning it must be "narrowly tailored." *Aptive Envtl., LLC v. Town of Castle Rock, Colorado*, 959 F.3d 961, 987–88 (10th Cir. 2020); *Brewer v. City of Albuquerque*, 18 F.4th 1205, 1252–53 (10th Cir. 2021) (same). The interest must be stated with specificity. It is "not enough" for a municipality "to use broad safety justifications." *McCraw v. City of Oklahoma City*, 973 F.3d 1057, 1071 n.10 (10th Cir. 2020).

---

[1] The test for a content-neutral time, place, and manner restriction is similar to that in *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm' of New York*, 447 U.S. 557 (1980). *See Aptive*, 959 F.3d at 987. Salina can't satisfy its evidentiary burdens under either one. *See* Doc. 31 at 10-12, and the arguments here.

Salina must prove all three factors with evidence, an impossibility on this record. *Aptive*, 959 F.3d at 995, 996, 998, 990; *Morris v. City of New Orleans*, 399 F. Supp. 3d 624, 637 (E.D. La. 2019) ("[b]lindly intoning" theoretical civic interests not enough); *Complete Angler, LLC v. City of Clearwater, Fla.*, 607 F. Supp. 2d, 1326, 1334 (M.D. Fla. 2009) ("abstract notions will not suffice"). When a municipality tries justifying a First Amendment restriction as a "safety" measure, it must provide "impersonal hard evidence of harm." *McCraw*, 973 F.3d at 1072 (cleaned up).

Here, there is nothing in the record that credibly suggests that murals in general, or The Cozy's mural in particular, pose *any* traffic safety issue. There is no legitimate traffic safety issue justifying Salina's application of its size restrictions, permitting and certificate regulations to The Cozy's mural because of its content, while simultaneously exempting the dozens of other murals around the city from those very same restrictions and regulations based on their content. Doc. 16 ¶¶ 1, 12, 26, 30-34, 52-54, 62-65, 73-80, 84-89, 90-95, 96-103, 104-110, 113-115, 128, 132-135, 182, 203-207-214. Salina can't credibly argue that the mural at The Cozy is more dangerous than the Mural at the Mill; or that murals containing supposedly commercial messages are more dangerous than those murals that don't. *See Morris*, 399 F. Supp. 3d at 637; *see also*, *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 425 (1993). Just as there's nothing dangerous about the Mural at the Mill, Doc. 16 ¶¶ 104-105, there's nothing dangerous about the mural at The Cozy, and vice versa. Murals are safe, irrespective of their artwork.

At bottom, there is no evidence supporting Salina's new traffic safety theory, let alone the requisite "impersonal hard evidence of harm." *McCraw*, 973 F.3d at 1072 (cleaned up). Although traffic safety *may* theoretically be a sufficient interest "in the abstract," Salina "has failed to carry its burden of demonstrating that the harms it recites are real and that its restriction will in fact alleviate them to a material degree[.]" *See Aptive*, 959 F.3d at 989–90. Salina's new speculative musing about traffic safety lacks any evidentiary support *at all*, is plainly insufficient, and the regime is unquestionably *not* narrowly tailored. The motion to dismiss should therefore be denied.

Dated: June 18, 2024.

Kansas Justice Institute

/s/ Samuel G. MacRoberts
Samuel G. MacRoberts, 22781
Jeffrey Shaw, 29767
12980 Metcalf Avenue, Suite 130
Overland Park, Kansas 66213
Sam.MacRoberts@KansasJusticeInstitute.org
Jeff@KansasJusticeInstitute.org
(913) 213-5018
Attorneys for Plaintiffs