In the United States District Court
for the
District of Kansas

| | |
|---|---|
| **Cozy Inn, Incorporated, d/b/a The Cozy Inn; Stephen Howard.** | Civil Action No. 6:24-cv-01027-TC-ADM |
| Plaintiffs, | Plaintiffs' Objection to Defendant's Expert Disclosure and Report; Certificate of Service. |
| v. | |
| **City of Salina, Kansas.** | |
| Defendant. | |

**Plaintiffs' Objection to Defendant's Expert Disclosure and Report**

Plaintiffs object to the report of Defendant's proffered expert because the report fails to comply with the requirement of Federal Rule of Civil Procedure 26(a)(2)(B)(iv). The expert fails to provide a list of "all publications authored in the previous 10 years." Plaintiffs further object that the Defendant's proffered expert is unavailable for deposition before the close of discovery.

1. The Report Does Not List All Publications Authored In The Previous 10 Years

On August 16, 2024, Defendant served its expert disclosure and report pursuant to Fed. R. Civ. P. 26(a)(2), and this Court's Scheduling Order, Doc. 29. Defendant named Mark White, an attorney at White & Smith, LLC, as a retained "expert in urban and regional planning, zoning, form-based zoning and New Urbanism, and land use."

An expert report is required to contain "the witness's qualifications, including a list of *all* publications authored in the previous 10 years." Fed. R. Civ. P. 26(a)(2)(B)(iv) (emphasis added). Mr. White's report, however, only includes a list of "*Selected* Honors, Awards and Publications," with items dating from 2022 back to 1990. The Defendant's expert disclosure, on the other hand, states that the expert report included "a list of his publications in the past 10 years."

Due to the language used in the expert report, and the differing language used in the expert disclosure, it is ambiguous whether the Defendant's expert disclosure and report comply with Fed. R. Civ. P. 26(a)(2)(B)(iv). If the publication list in the expert report in fact contains all the expert's publications in the past 10 years, then the report should unambiguously say so. If the list of

1

publications in the expert report does not contain all the expert's publications in the past 10 years, then the report does not comply with Rule 26 and should be stricken unless the publication list is supplemented with a full publication list. As it is currently written, Mr. White's expert report is ambiguous and does not comply with Rule 26(a)(2)(B)(iv), forcing Plaintiffs to speculate about whether Mr. White's full publication history has been disclosed. Plaintiffs object to this ambiguous and insufficient expert report.

        2.       The Expert is Not Available For Deposition Before The Close Of Discovery

Defendant disclosed Mr. White as an expert on August 16, 2024. Plaintiffs requested dates to take the deposition of Mr. White on August 21, 2024. On August 28, 2024, Defense counsel informed Plaintiffs' counsel that Mr. White had an unspecified medical condition and would not be able to sit for a deposition for at least seven weeks and possibly much longer. Per the Court's Scheduling Order, Doc. 29, all discovery must be completed by October 18, 2024. Plaintiffs object to Defendant's designation of an expert witness who is unable to sit for a deposition within the timeframe set by the Court's Scheduling Order.

Dated: August 29, 2024.

Kansas Justice Institute
By: Jeffrey Shaw, 29767

/s/ Jeffrey Shaw
Samuel G. MacRoberts, 22781
Jeffrey Shaw, 29767
12980 Metcalf Avenue, Suite 130
Overland Park, Kansas 66213
Sam@KansasJusticeInstitute.org
Jeff@KansasJusticeInstitute.org
(913) 213-5018
Attorney for Plaintiffs

**Certificate of Service**

The undersigned certifies that on August 29, 2024, the above document(s) were filed using the CM/ECF system, which will send notification of such filing to all participants, including to: Aaron O. Martin, Todd G. Messenger, and Amanda C. Jokerst.

<u>/s/ Jeffrey Shaw</u>
Jeffrey Shaw