## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Cozy Inn, Incorporated,** ) | |
| **d/b/a The Cozy Inn; Stephen Howard,** ) | |
| ) | |
| **Plaintiffs,** ) | CIVIL ACTION |
| ) | CASE NO.  6:24-cv-01027-TC-ADM |
| ) | |
| **v.** ) | |
| ) | |
| **City of Salina, Kansas,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' REBUTTAL EXPERT

Defendant City of Salina, Kansas ("the City"), by and through its attorneys Fairfield and Woods, P.C. and Clark, Mize & Linville, Chartered, hereby submits the following Motion to Strike Plaintiffs' Rebuttal Expert Report in Whole or in Part.  In support thereof, the City states as follows:

### Specific Relief Sought

The City seeks to strike Plaintiffs' rebuttal expert disclosure and preclude the admission of Plaintiffs' rebuttal expert testimony pursuant to F.R.C.P. 26(a)(2)(D)(ii) and F.R.C.P. 37(c)(1).

### Statement of the Facts

On August 16, 2024, in accordance with the deadline set forth in the Scheduling Order [Dkt. 29], the City served its affirmative expert disclosure.  *See* Exhibit A.  This disclosure identified Mark White as an expert in urban and regional planning, zoning, form-based zoning and New Urbanism, and land use.  *Id*.  Mr. White is a member of the American Institute of Certified

1

Planners and the American Planning Association. *See* Exhibit B at p. 39. Mr. White's expert report addressed the City's sign code found at Salina Code Chapter 42 Article X ("Sign Code") and the substantial government interests that are advanced by the Sign Code (aesthetics, traffic and pedestrian safety, and property values) in the urban planning context. *Id*. Pursuant to the Scheduling Order, experts testifying *solely to contradict or rebut evidence on the same subject matter identified by another party* were to be disclosed on September 20, 2024. *See* Scheduling Order [Dkt. No. 29]. On September 20, 2024, Plaintiffs disclosed Charles Taylor, a marketing and advertising professional, as an expert in "signage." *See* Exhibit C. While Plaintiffs labeled this disclosure as a "rebuttal" expert, Dr. Taylor's report is focused on business marketing and does not rebut evidence on the same subject matter identified by Mr. White. *See* Exhibit D. Accordingly, this Court should strike Plaintiffs' rebuttal expert disclosure.

### Argument

#### A. Plaintiffs' rebuttal expert disclosure of Dr. Taylor is improper

Plaintiffs' rebuttal expert disclosure exceeds the scope of proper rebuttal as it does not address the same subject matter as Mr. White's expert testimony. Rebuttal expert disclosures are "intended solely to contradict or rebut evidence on the same subject matter identified by another party . . . ." F.R.C.P. 26(a)(2)(D)(ii). Rebuttal evidence "attempts to 'disprove or contradict' the evidence to which it is contrasted," and is not just "any evidence an aggrieved litigant may wish to admit in response to a topic introduced by his opponent." *Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005). Rebuttal experts cannot introduce new theories. *See 103 Invs.I, L.P. v. Square D Co.*, 372 F.3d 1213, 1217-18 (10th Cir. 2004). Indeed, where evidence should have been

part of a plaintiff's case-in-chief, courts may exclude rebuttal testimony that is an attempt to introduce such evidence. *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1515 (10th Cir. 1990).

Here, Dr. Taylor's report does not address the same subject matter as Mr. White's report. Mr. White was designated as an expert in the subject matter of urban planning. Ex. A. Urban planners are concerned with the design and development of cities and communities, by way of comprehensive plans and local land use regulations, including zoning codes, which typically incorporate sign regulations. Mr. White's report starts with a review of the Sign Code through the lens of the Comprehensive Plan (which articulates the city's vision and policy with regard to land use and development). *See generally* Ex. B. From there, he explains the metrics of the Sign Code and how the Sign Code functions. *Id.* From an urban planning perspective, he details how and why the Sign Code regulates the size, number, shape, and placement of signs in each zoning district, and how those regulations advance the City's substantial interests. *Id.*

By contrast, Dr. Taylor is a marketing and advertising expert. Ex. C, Ex. D. at p. 2. He offers opinions on the subject matters of marketing and advertising. *See generally* Ex. D. His report does not address the Sign Code regulations. *Id.* That is because, as he admitted at his deposition, he does not independently evaluate sign codes to determine if they advance a government interest like aesthetics, he is not an urban planner, he is not qualified to address urban planning issues, and he does not know how the various approaches to sign regulation (like addressing sign area in proportion to the width of building walls) relate to community design. *See* Exhibit E at 92: 8-11; 93: 2-12; 68: 12-25; 69: 1-20. Instead, Dr. Taylor's opinions focus on the value of individual signs from a marketing perspective, as illustrated by his contention that

3

"Signage plays an important role in . . . performing marketing functions that enhance a business' chance of being profitable and thriving." Ex. D at p. 10.

Even Dr. Taylor's conclusory statements referring to the urban planning concern regarding "sign clutter" are linked back to advertising and marketing. He states that referring to signs as clutter is "indicative of a willingness to inhibit businesses based on a subjective view of aesthetics," and the "marketing functions of signage should not simply be dismissed." Ex. D at p. 7, 10. In addressing Mr. White's analysis of the City's implementation of the comprehensive plan, Dr. Taylor's opinion testimony is again focused on marketing and advertising principles and how, in the abstract, they relate to the success of a business. The topics of this section are focused on "communicating the location of the business," "branding the site," "enhancing the image of a store or business," and "integrated marketing communications." Ex. D at p. 6-10. These are not urban planning principles, and they do not contradict or rebut evidence on the same subject matter addressed by Mr. White. As expert rebuttal, Dr. Taylor's discussion of the marketing functions of signage present only red herring arguments. If Plaintiffs wanted to introduce a new theory of First Amendment law that is focused on the value of signs from a marketing perspective, Plaintiffs should have designated Dr. Taylor as an affirmative expert.

While Plaintiffs offered Dr. Taylor as a rebuttal expert, he failed to rebut the same subject matter opined on by Mr. White, and his report is properly stricken. *See Munoz v St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1168 (10th Cir. 2000). This case is similar to *Munoz*. In *Munoz*, the Tenth Circuit agreed with the District Court's striking of a rebuttal expert. *Munoz*, 221 F.3d at 1168. In *Munoz*, the defendant designated an expert who rendered an opinion regarding the "standards and

procedures applicable to intern physicians in the area of plaintiff's residency and family practice," while the plaintiff designated an expert who rendered an opinion in the areas of "fundamentally fair personnel procedures and due process and discrimination in employment." *Id*. Both experts provided opinion testimony regarding plaintiff's termination, but the experts addressed different subject matters. Consequently, the District Court found (and the Tenth Circuit agreed) that plaintiff's proposed rebuttal expert did not offer proper rebuttal testimony. *Id*.

To try to tie Dr. Taylor's marketing and advertising testimony to Mr. White's urban planning opinions, Dr. Taylor's report attempts to address issues of traffic safety and aesthetics. However, these opinions only highlight that Dr. Taylor's opinions do not address urban planning principles (and that Dr. Taylor is not qualified in the areas of traffic safety or community aesthetics). Mr. White's report addresses metrics and the text of the Sign Code as it relates to traffic safety and aesthetics. He opines that based on his urban planning expertise "restrictions on the height, spacing, location, and size of signs promote traffic safety." Ex. B p. 7. He analyzes the text of the Sign Code and compares it to model codes and sample codes to opine how planning professionals in other cities apply similar sign regulations in a similar manner. Ex. B at p. 9-10, 12, 17-18. He discusses how the Sign Code allows "three (3) square feet of sign area per lineal foot of building frontage," and "allows (4) signs per business," "with up to 67 percent of the total sign area on any building wall or street frontage." Ex. B at 19. He details how the Sign Code "adjusts its sign metrics by zoning districts," how the size and number limitations "keeps the sign in scale with the building's context," promote the "visibility of individual signs," and advance traffic safety and aesthetics. Ex. B at p. 10.

Dr. Taylor's report includes a sweeping generalization that "properly constructed and placed" signs are not a traffic safety hazard. Ex. D at p. 11. Yet, Dr. Taylor's report does not address with specificity and metrics what properly constructed and placed signs are (i.e. size or number limitations, setback requirements, proportionality of a sign to a building's context, zoning district). *Id.* Nor does he address the metrics of the Sign Code. His report fails to address the text of the Sign Code, and he fails to provide any analytical support—in terms of the metrics of the Sign Code itself—for his conclusory statement that the Sign Code does not advance traffic safety or aesthetics. Like the designated rebuttal expert in *Munoz*, Dr. Taylor provides only generalized opinions regarding the City's interests, and does not actually address the same subject matter addressed by Mr. White. Thus, Plaintiffs' rebuttal expert disclosure is properly stricken.

      **B.** *Plaintiffs' rebuttal expert disclosure was not substantially justified and is not harmless*

The Scheduling Order required that affirmative experts be disclosed by August 16, 2024. Dkt. No. 29. F.R.C.P. 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In determining whether the failure to disclose Dr. Taylor as an affirmative expert witness was substantially justified or harmless, courts consider: "(1) The prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Allowing Dr. Taylor to present his marketing and advertising opinions prejudices the City. If allowed, the report provides Plaintiffs an opportunity to admit testimony on a new subject matter that is not related to urban planning and sign regulations. Plaintiffs have not placed the marketing value of their sign at issue (in fact, Plaintiffs deny that their sign advertises, *see*, Amended Complaint [Dkt. No. 16] at pg. 30-31 ¶¶ 239-241), and Dr. Taylor's testimony is neither germane to rebut Mr. White's expert testimony, nor pertinent to any matter that is at issue in this case. Discovery in this matter has concluded. The City cannot cure the prejudice as Mr. White is not a marketing and advertising expert and could not prepare a rebuttal report to address Dr. Taylor's marketing and advertising opinions. Even if given leave to disclose a rebuttal, the City must find another expert who could rebut Dr. Taylor's marketing and advertising opinions, participate in additional expert discovery, and incur additional costs.

Further, introducing testimony on marketing and advertising principles as they relate to signage would create a sideshow at trial and unnecessarily extend the time of trial. Plaintiffs were aware of the affirmative expert disclosure deadline. If they wanted to disclose expert testimony to present a new theory on the value of signs, they could have disclosed Dr. Taylor as an affirmative expert. If they wanted to rebut Mr. White's opinions, they could have retained an urban planning expert to address the same subject matter as Mr. White's report. The rebuttal expert disclosure should not be used as an opportunity to designate a case-in-chief expert. Accordingly, the *Woodworker's* factors weigh against allowing Plaintiffs' untimely disclosure of Dr. Taylor.

## Conclusion

Plaintiffs' rebuttal expert disclosure exceeds the scope of the subject matter addressed by the City's affirmative expert. Dr. Taylor should have been disclosed as an affirmative expert. The untimely disclosure of Dr. Taylor is not substantially justified and is not harmless. Thus, this Court should strike Plaintiffs' rebuttal expert disclosure.

Respectfully submitted this 3rd day of December 2024.

| s/ Aaron O. Martin | s/ Todd G. Messenger | s/ Amanda C. Jokerst |
|---|---|---|
| Aaron O. Martin<br>Bar Number 24170<br>Attorney for Defendant City of Salina, Kansas<br>CLARK, MIZE & LINVILLE, CHARTERED<br>P.O. Box 380<br>Salina, KS 67402-0380<br>Tel. (785) 823-6325<br>Fax: (785) 823-1868<br>Email: aomartin@cml-law.com | Todd G. Messenger,<br>CO Bar Number 38783<br>Pro Hac Vice Attorney for Defendant City of Salina, Kansas<br>Fairfield and Woods, P.C.<br>1801 California St., Ste. 2600<br>Denver, CO 80202<br>Tel. (303) 830-2400<br>Fax: (303) 830-1033<br>Email: tmessenger@fwlaw.com | Amanda C. Jokerst<br>CO Bar Number 47241<br>Pro Hac Vice Attorney for Defendant City of Salina, Kansas<br>Fairfield and Woods, P.C.<br>1801 California St., Ste. 2600<br>Denver, CO 80202<br>Tel. (303) 830-2400<br>Fax: (303) 830-1033<br>Email: ajokerst@fwlaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December, 2024, I caused the foregoing **DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' REBUTTAL EXPERT** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record as follows:

Jeffrey Shaw.
Samuel G. MacRoberts
Kansas Justice Institute
12980 Metcalf Avenue, Suite 130
Overland Park, KS 66213
Telephone: 913-213-5121; 913-213-5018
E-mail: jeff@kansasjusticeinstitute.org; sam.macroberts@kansasjusticeinstitute.org

*Attorneys for Plaintiffs*

*/s/ Aaron O. Martin*
Aaron O. Martin