In the United States District Court
for the
District of Kansas

| | |
|---|---|
| **Cozy Inn, Incorporated, d/b/a The Cozy Inn; Stephen Howard**, <br><br>Plaintiffs,<br><br>v.<br><br>**City of Salina, Kansas**,<br><br>Defendant. | Case No. No. 6:24-cv-01027 <br><br><br>Plaintiffs' Response to Defendant's First Set of Interrogatories; Verification |

**Plaintiffs' Response to Defendant's First Set of Interrogatories**

Instructions

1. Pursuant to Fed.R.Civ.P. 26 and 33, Plaintiffs are required to answer the following discovery requests within thirty (30) days after service hereof.

2. In your answer or response, please restate each numbered Interrogatory prior to your response to that request.

3. Plaintiffs are required to make a reasonable and good faith effort to obtain the information requested by each interrogatory. If you are unable to answer or respond fully to any request, answer or respond to the extent possible and explain why you cannot answer or respond in full.

4. If you do not have enough personal knowledge to fully answer a request, say so, but make a reasonable and good faith effort to get the information by making inquiry within your organization.

5. In case of doubt as to the scope of a clause including "and," "or," "any," "all," "each" or "every," the intended meaning is inclusive rather than exclusive.

6. If you find the meaning of any term in these discovery requests to be unclear, then you

**EXHIBIT F**

should either request clarification or assume a reasonable meaning, state what that assumed meaning is, and answer the request on the basis of that assumed meaning.

7. These discovery requests are continuing in nature and you are requested to furnish amended or supplemental responses and additional documents in accordance with Fed.R.Civ.P. 26(e).

8. Pursuant to Fed.R.Civ.P. 26(e), you are under a duty to promptly amend a prior response to a request if you learn that the prior response is in some material respect incomplete or incorrect and the additional or corrective information has not otherwise been made known to the defendant during the discovery process.

9. If you assert a privilege (*e.g.*, attorney-client privilege) as the reason for refusing to answer or respond or as the basis of an objection to any discovery request, state the specific grounds therefor, separately and specifically identify each individual discovery request as to which such privilege is claimed, and describe the facts upon which you base the assertion of privilege. If the claim of privilege involves a **Communication**, please identify each person present at that **Communication**. Please produce a privilege log identifying each document withheld or redacted pursuant to any alleged privilege.

1. **DEFINITIONS**

    1. "**Communication**" or "**Communications**" refers to all means of exchanging information, whether verbal, on paper, or via any electronic means, including but not limited to all inquiries, discussions, conferences, conversations, negotiations, agreements, interviews, telephone conversations, letters, correspondence, e-mail, text messages, SMS texts, iMessages, private electronic messaging apps, file sharing, and notes.

    2. "**Document**" or "**Documents**" shall be defined in their broadest sense under

**EXHIBIT F**

Fed.R.Civ.P. 34, and they mean the original and all copies any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy of the following items, however produced or reproduced, including without limitation: writings, books, invoices, shipping forms, accounting records of any nature whatsoever, agreements, correspondence, SMS texts, iMessages, emails, memoranda, recordings, summaries or records of telephone conversations, summaries of records of personal conversations or interviews, diaries, calendars, day-timers, time sheets and other time records, letters, forecasts, graphs, notebooks, charts, plans, sketches, drawings, video and audio tapes, films, slides, photographs, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, summaries of investigations, opinions or reports of consultants, reprints and drafts of any documents, working papers, indices, original or preliminary notes, computer printouts, and other data compilations, including those stored on computer drives, tapes, smartphones, smart watches, tablets, solid-state devices (whether fixed or removable), or internet-based file sharing, file storage, or backup services, from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. The term "**Document**" shall include all drafts, as well as final versions of any **Document**.

3. "**Sign Code**" means the following provisions of the Salina Code of Ordinances: (a) Chapter 42, Article X; (b) the definitions found in Chapter 42, Article XIV for words and phrases that are used in Chapter 42, Article X; (c) Section 42-581; (d) Section 42-596 to Section 42-597.1, inclusive; (e) Section 42-598 to Section 42-600, inclusive.

4. "**BID Code**" means Chapter 2, Article X of the Salina Code of Ordinances.

5. "**Cozy Sign**" or "**Plaintiffs' Sign**" means the sign that is the subject matter of this lawsuit, also identified as the display painted on the exterior wall of the Cozy Inn as shown in paragraphs 27 and 28 (the "completed rendition") of Plaintiffs' Amended Complaint.

**EXHIBIT F**

6. "**Plaintiffs**," "**You**," or "**Your**" means the Plaintiffs identified in Civil Action No. 6:24-cv-01027-TC-ADM collectively, and individually, including Plaintiffs' representatives, attorneys, officers, directors, employees, agents, affiliates, and persons or entities acting or purporting to act on Plaintiffs' behalf.

7. "**Sign**" means a sign as defined in Salina Code of Ordinances § 42-764.

8. "**Person**" or "**Persons**" mean, where contextually appropriate, any individual, corporation, partnership, association, group or entity of any kind.

9. "**Related**" or "**Relating**" means supports, proves, evidences, describes, is associated with, provides background for, explains, concerns or regards.

10. The term "**Identify**" shall mean, where contextually appropriate:

   A. With respect to a Person, the name, current or last known address and telephone number for such Person; or

   B. With respect to a Document, the title, type (letter, memorandum, etc.), author, recipient and current or last known location of such Document.

11. Any reference to the singular shall include the plural, and references to the plural shall include the singular.

**2. Requests for Produuction**

1. Produce all **Documents You** received, relied upon, or utilized to respond to Defendant's First Set of Interrogatories.

   ANSWER: None

2. Produce all **Documents You** received, relied upon, or utilized to respond to Defendant's First Set of Request for Admissions.

   ANSWER: None

**EXHIBIT F**

3. Produce all **Communications** in the possession of **Plaintiffs Related to** this lawsuit, entitled Cozy Inn, Incorporated, d/b/a The Cozy Inn; Stephen Howard vs. City of Salina, Kansas.

ANSWER: OBJECTION – Attorney-client privilege, per the stipulation in the Scheduling Order (Doc. 29) we will produce a privilege log for communications prior to February 19, 2024, but not for subsequent communications; all non-privileged communications are produced.

4. Produce all **Communications** received by Plaintiffs, from January 1, 2019 to present, **Related to** complaints about the **Cozy Sign**.

ANSWER: None

5. Produce all **Communications** between **Plaintiffs** and Colin Benson, from January 1, 2019 to present, **Related to** the **Cozy Sign**.

ANSWER: See response to request 3.

6. Produce all **Communications** between **Plaintiffs** and Colin Benson, from January 1, 2019 to present, **Related to** the City's application of the **Sign Code** to the **Cozy Sign**.

ANSWER: See response to request 3.

7. Produce all **Communications** between **Plaintiffs** and Colin Benson from January 1, 2019 to present **Related to** the allegations set forth in the Amended Complaint.

ANSWER: See response to request 3.

**EXHIBIT F**

8. Produce all **Communications Plaintiffs** sent or received, from January 1, 2019 to present, **Related to** the **Cozy Sign**.

ANSWER: See response to request 3.  See Bates CITY000004-5; CITY000020, 24, 24; CITY000031-32; Plaintiffs 0004.

9. Produce all **Communications Plaintiffs** sent or received, from January 1, 2019 to present, **Related to** the City's application of the **Sign Code** or **BID Code** to the **Cozy Sign**.

ANSWER: See response to request 3.  See Bates CITY000004-5; CITY000020, 24, 24; CITY000031-32; Plaintiffs 0004.

10. Produce all **Communications Plaintiffs** sent or received from January 1, 2019 to present **Related to** the allegations set forth in the Amended Complaint.

ANSWER: See response to request 3.  See Bates CITY000004-5; CITY000020, 24, 24; CITY000031-32; Plaintiffs 0004.

11. Produce all **Communications Plaintiffs** sent or received from January 1, 2019 to present **Related to** the **Sign Code** or **BID Code**.

ANSWER: See response to request 3.

12. Produce all financial records **Related to** the **Cozy Sign**, from January 1, 2019 to present, including but not limited to any invoices for services performed, or equipment or products purchased.

ANSWER:  A check to Mr. Benson is produced.

**EXHIBIT F**

13. Produce all financial records of the Cozy Inn from January 1, 2017 to present, including but not limited to any profit and loss statements, balance sheets, revenue or profit, and future earning projections.

ANSWER: OBJECTION – Requested documents are not relevant to any party's claim or defense and are disproportional to the needs of the case, not reasonably limited in time or scope, confidential business information.

14. Produce all **Documents Related to** the advertising of the Cozy Inn.

ANSWER: OBJECTION – Requested documents are not relevant to any party's claim or defense and are disproportional to the needs of the case, not reasonably limited in time or scope.

15. Produce all social media posts made by **Plaintiffs Related to** the **Cozy Sign**.

ANSWER: A Facebook post is produced.

16. Produce all social media posts made by **Plaintiffs Related to** this lawsuit, entitled Cozy Inn, Incorporated, d/b/a The Cozy Inn; Stephen Howard vs. City of Salina, Kansas

ANSWER: None.

17. Produce all interviews (whether in video, audio, or written format) **Plaintiffs** participated in **Related to** the **Cozy Sign**.

ANSWER: Many different news organizations have interviewed Mr. Howard following the City's decision to halt work on the mural at The Cozy Inn. These interviews are not in the possession or control of Plaintiffs but are the property of those media organizations.

**EXHIBIT F**

18. Produce all design and planning **Documents Related to** the **Cozy Sign**, including drafts.

ANSWER: Renditions of the mural were included in text messages from Mr. Benson.

| | |
|---|---|
| Dated: September 13, 2024. | Kansas Justice Institute |
| | By: Jeffrey Shaw, 29767 |
| | /s/ Jeffrey Shaw |
| | Jeffrey Shaw, 29767<br>12980 Metcalf Avenue, Suite 130<br>Overland Park, Kansas 66213<br>Jeff@KansasJusticeInstitute.org<br>(913) 213-5121<br>Attorney for Plaintiffs |

**EXHIBIT F**