IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Cozy Inn, Incorporated,** | ) |
| **d/b/a The Cozy Inn; Stephen Howard,** | ) |
| | ) |
|         **Plaintiffs,** | ) CIVIL ACTION |
| | ) CASE NO.  6:24-cv-01027-TC-ADM |
| | ) |
| **v.** | ) |
| | ) |
| **City of Salina, Kansas,** | ) |
| | ) |
|         **Defendant.** | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

Defendant City of Salina, Kansas ("the City"), by and through its attorneys Fairfield and Woods, P. C. and Clark, Mize & Linville Chartered, hereby submits the following Responses to Plaintiffs' Second Set of Interrogatories:

**OBJECTIONS**

1. Defendant objects to Plaintiffs' terms and definitions to the extent they attempt to impose obligations beyond the scope of the Federal Rules of Civil Procedure.

2. Defendant objects to each discovery request to the extent it is vague, ambiguous, overly broad, unduly burdensome and oppressive, irrelevant to the claim or defense of any party, or otherwise not proportional to the needs of the case. F.R.C.P. 26(b)(1).

3. Defendant objects to each discovery request to the extent it contains multiple, discrete subparts. *See* F.R.C.P. 33(a)(1).

4. Defendant's responses are based on a reasonable and diligent search for information

and are made to the best of its present knowledge, information, and belief. Because discovery in this matter is ongoing, Defendant reserves its right, consistent with Federal Rule of Civil Procedure 26(e), to supplement its Responses with additional or different information that further investigation or discovery may reveal.

5. Defendant objects to each request to the extent it requires Defendant to provide a narrative account of its case or inquire beyond material facts supporting specific factual matters raised in the pleadings. *See*, *e.g.*, *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186–87 (D. Kan. 1997) and *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404 (D. Kan. 1998).

*6.* Defendant objects to the extent the burden of deriving the answer from business records is substantially the same for Plaintiffs as it is for Defendant. *See* F.R.C.P. 33(d); *see also Linnebur v. United Telephone Ass'n, Inc.*, 2011 WL 3490022, *5 n.46 (D. Kan. Aug. 10, 2011).

7. The foregoing General Objections apply to and are incorporated into each and every specific Response below, whether or not expressly incorporated by reference. The repetition or omission of any General Objection in the Responses below should not be construed to mean that other applicable General Objections are not being asserted.

## Second Set of Interrogatories

1. Please identify the factual basis for the City's belief that "[t]he government interest served by regulating signs like the Cozy Sign include aesthetics, pedestrian and traffic safety, and property values."

**OBJECTION AND RESPONSE: The City objects to this request to the extent it requires Defendant to provide a narrative account of its case or inquire beyond material facts supporting specific factual matters raised in the pleadings.  *See*, *e.g.*, *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186–87 (D. Kan. 1997) and *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404 (D. Kan. 1998).  Subject to and without waiving this objection, as the request states "factual**

basis" and does not seek "all facts" Defendant interprets this to mean the material facts and will respond to this request with the material facts.

As explained in its prior response to Plaintiffs' first set of interrogatories, the Sign Code regulates all signs, not just the Cozy Sign, and the government interests are served by the regulation of all signs (by addressing both their individual and cumulative impacts), not just the Cozy Sign.  As a matter of law, sign regulations, like the Sign Code, advance government interests in traffic safety, pedestrian safety, property values, and aesthetics.

The City's substantial interests are advanced by regulating signs (including wall signs like the Cozy Sign) because restrictions on the time, place and manner of the display of signs serve to limit the size, number, and location of signs on individual properties and in the larger community. By limiting sign clutter more effectively than it would be limited in the absence of regulation, the Sign Code maintains and enhances the character of the community and the visual environment, reduces the potential for obstructed views, helps keep rights-of-way clear, and reduces pedestrian and motorist distraction (improving both pedestrian and traffic safety, in part by avoiding vehicular-pedestrian collisions). Further, the character of the environment affects the quality of life and the property values in the City.

The facts and opinions set forth in Defendant's retained expert's report also support the factual basis that the Sign Code advances the City's interest in aesthetics, pedestrian and traffic safety, and property values.  The City refers Plaintiffs to the Defendant's Expert Disclosure Statement.  *See* F.R.C.P. 33(d).

Respectfully submitted this 3rd day of September 2024.

| s/ Aaron O. Martin | s/ Todd G. Messenger | s/ Amanda C. Jokerst |
|---|---|---|
| Aaron O. Martin | Todd G. Messenger, | Amanda C. Jokerst |
| Bar Number 24170 | CO Bar Number 38783 | CO Bar Number 47241 |
| Attorney for Defendant City of Salina, Kansas | Pro Hac Vice Attorney for Defendant City of Salina, Kansas | Pro Hac Vice Attorney for Defendant City of Salina, Kansas |
| CLARK, MIZE & LINVILLE, CHARTERED | Fairfield and Woods, P.C. | Fairfield and Woods, P.C. |
| P.O. Box 380 | 1801 California St., Ste. 2600 | 1801 California St., Ste. 2600 |
| Salina, KS 67402-0380 | Denver, CO 80202 | Denver, CO 80202 |
| Tel. (785) 823-6325 | Tel. (303) 830-2400 | Tel. (303) 830-2400 |
| Fax: (785) 823-1868 | Fax: (303) 830-1033 | Fax: (303) 830-1033 |
| Email: aomartin@cml-law.com | Email: tmessenger@fwlaw.com | Email: ajokerst@fwlaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September 2024, I caused the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** to be by electronic mail to all counsel of record as follows:

Jeffrey Shaw.
Samuel G. MacRoberts
Kansas Justice Institute
12980 Metcalf Avenue, Suite 130
Overland Park, KS 66213
Telephone: 913-213-5121; 913-213-5018
E-mail: jeff@kansasjusticeinstitute.org;
sam.macroberts@kansasjusticeinstitute.org

*Attorneys for Plaintiffs*

*/s/ Amanda C. Jokerst*
Amanda C. Jokerst