10/31/2024                                                                  1

# MARK WHITE

1   .

2              IN THE UNITED STATES DISTRICT COURT

3                   FOR THE DISTRICT OF KANSAS

4   .

5   .

6   COZY INN, INCORPORATED, d/b/a

7   THE COZY INN; STEPHEN HOWARD,

8          Plaintiffs,

9   .

10       vs.     Civil Action No. 6:24-cv-01027-TC-ADM

11  .

12  CITY OF SALINA, KANSAS,

13          Defendant.

14  .

15  .

16                        DEPOSITION OF

17                         MARK WHITE,

18  taken on behalf of the Plaintiffs, pursuant to

19  Notice to Take Deposition, beginning at 9:07 a.m.

20  on the 31st day of October, 2024, at Kansas

21  Justice Institute, 12980 Metcalf Avenue, Suite

22  130, in the City of Overland Park, County of

23  Johnson, and State of Kansas, before Sandra S.

24  Biggs, Kansas CCR No. 0716.

25  .



Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

**Exhibit 1**

1    MS. JOKERST: Object to form.
2    A.   I was not citing them as an attorney.
3    BY MR. MACROBERTS:
4    **Q.   I guess what I mean is your legal**
5    **training helped you form the basis or helped you**
6    **prepare the report?**
7    MS. JOKERST: Object to form.
8    A.   No.
9    BY MR. MACROBERTS:
10   **Q.   How did you decide which legal cases to**
11   **cite in your report?**
12   A.   No. 1, those are cases that are typically
13   in my experience as somebody who writes sign
14   codes, cases like Reed vs. Gilbert and the Austin
15   case that are well known to planners. The
16   principals are well known to planners because they
17   have to -- they have to know about them when they
18   write and administer sign codes. And there was
19   one case that involved just a factual statement
20   about graffiti in Kansas. So and there are
21   factual -- court cases as you know have both
22   statements of fact and legal principals, and I was
23   more interested in the facts of those cases.
24   **Q.   Why is that that you were more interested**
25   **in the facts?**

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street       6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604          Suite 101                  Suite 305
785-273-3063              Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com       913-383-1131               316-201-1612

```
1       A.   Because I'm testifying as an urban
2  planner and a zoning expert and not as an
3  attorney.  The legal principals I assume you will
4  argue through with the counsel in this case.
5       Q.   Do you think a reasonable person could
6  disagree with the opinions expressed in your
7  report?
8            MS. JOKERST:  Object to form.
9       A.   I believe it -- I believe in another
10 expert could object to the opinions in this
11 report.
12      BY MR. MACROBERTS:
13      Q.   But what about a reasonable person?
14           MS. JOKERST:  Object to form.
15      A.   I'm not familiar with this reasonable
16 person standard you're talking about.
17      BY MR. MACROBERTS:
18      Q.   Have you included references or materials
19 that can undermine your opinions?
20           MS. JOKERST:  Object to form.
21      A.   I believe there are things in the
22 documents cited that somebody could cite in a way
23 that disputes some of my conclusions and
24 discussion in the report.
25      BY MR. MACROBERTS:
```



5111 SW 21st Street       6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604          Suite 101                 Suite 305
785-273-3063              Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com       913-383-1131              316-201-1612

1  parameters of that legal structure.
2       Q.   In your report, on your opinion section,
3  it seems to me like you list your Statement of
4  Opinions 1 through 7, and then there's a
5  corresponding section later in the report
6  outlining more about your opinions.  Is that a
7  fair way of expressing the breakdown of your
8  report?
9       A.   Yes.
10      Q.   So on Statement of Opinion 2, the sign
11 code is supported by substantial and compelling
12 interests in the area of urban planning and code
13 administration, you later have a section
14 explaining that opinion?
15      A.   Yes.
16      Q.   2, 3, 4, 5, 6 and 7 opinions, or the
17 opinions listed 2 through 7, have a corresponding
18 section, right?
19      A.   Yes.
20      Q.   Why is it that you don't have a
21 corresponding section for opinion 1, that the sign
22 code establishes time, place and manner metrics
23 that are not content-based?
24           MS. JOKERST:   Object to form.
25      A.   I believe there's statements throughout

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street         6420 W. 95th Street         800 E. 1st Street
Topeka, KS 66604            Suite 101                   Suite 305
785-273-3063                Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com         913-383-1131                316-201-1612

```
 1    the report that get to whether that is content-
 2    based or not.
 3             BY MR. MACROBERTS:
 4         Q.   But do you know why there wasn't a
 5    section explaining your opinion No. 1 like there
 6    was for opinions 2 through 7?
 7         A.   I don't recall why that wasn't organized
 8    into a specific section of the report.
 9         Q.   You I think just mentioned that there
10    were some statements about content neutrality
11    within the report.  Is that how you said it?
12         A.   I believe so, yes.
13         Q.   I'm not trying to trick you.  I'm just
14    trying to remember.
15         A.   Okay.
16         Q.   It seems like you made three statements
17    about content neutrality in your report, and we'll
18    go through them.  The first appears to be on page
19    3 of your report where it says it is my opinion
20    as a professional urban planner that the
21    allegations by plaintiff are incorrect to the
22    extent that they relate to content neutrality and
23    the purposes advanced by the sign code.  Did I
24    read that correctly?
25         A.   Is that on page 3?
```



5111 SW 21st Street         6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604            Suite 101                 Suite 305
785-273-3063                Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com         913-383-1131              316-201-1612

1    A.   In a court of law it is.
2    BY MR. MACROBERTS:
3    Q.   And what about whether something
4    qualifies as a substantial interest?  That is also
5    a question of law in a court?
6         MS. JOKERST:  Object to form.
7    A.   It is a question of law in courts, yes.
8    BY MR. MACROBERTS:
9    Q.   So on page 5, is it your opinion that
10   comprehensive plan implementation is both a
11   substantial and compelling interest?
12   A.   I'm not speaking to the legal conclusion
13   here but as a planner.  To me, it is the most --
14   one of the most important interests in writing any
15   -- any zoning or land development code, including
16   a sign code.
17   Q.   So when you use the term substantial and
18   compelling interest, you're not talking about the
19   legal test that use the same phraseology?
20        MS. JOKERST:  Object to form.
21   A.   I'm not making a legal conclusion.
22   BY MR. MACROBERTS:
23   Q.   You're using terms, though, that are in
24   case law, right?
25   A.   Those terms do appear in case law.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION
5111 SW 21st Street      6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604         Suite 101                 Suite 305
785-273-3063             Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com      913-383-1131              316-201-1612

1    Q.   So when you use the term substantial and
2  compelling interests, you're not using those terms
3  the same way that case law does?
4         MS. JOKERST:  Object to form.
5    A.   I'd say if you had a Venn diagram, there
6  would be some -- there would be some intersection
7  between the two, but that's -- I'm speaking to the
8  importance of those interests to a sign code.
9         BY MR. MACROBERTS:
10   Q.   So as you drafted this report, what you
11 may consider a substantial and compelling interest
12 may not be the same thing as a substantial or
13 compelling interest in a legal case?
14        MS. JOKERST:  Object to form.
15   A.   It may end up being that and that's
16 something that you all and the attorneys in the
17 case will argue.  I'm only speaking about how
18 important they are to urban planners when they
19 draft sign codes.
20        BY MR. MACROBERTS:
21   Q.   So what may be a substantial and
22 compelling interest to a planner, you would agree
23 may not be a substantial or compelling interest in
24 a legal case?
25        MS. JOKERST:  Object to form.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604           Suite 101                    Suite 305
785-273-3063               Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com        913-383-1131                 316-201-1612

```
 1         Q.   Do you see it's like on the left-hand
 2   side vertical in green?
 3         A.   Yes.
 4         Q.   And you put some, I guess, pointers here
 5   under the heading a community who wants to
 6   regulate murals can consider the following
 7   options?
 8         A.   Yes.
 9              MR. MACROBERTS:  I'm sorry.  I did not
10   hear it.
11              THE REPORTER:  She said, "And you put
12   some, I guess, pointers here under the heading a
13   community who wants to regulate murals can
14   consider the following options?"
15              BY MS. JOKERST:
16         Q.   Mr. White, are these the -- are the
17   options presented here in your article, do they
18   represent the only way a local government can
19   bring their sign code within constitutional
20   bounds?
21         A.   No.
22         Q.   Okay.  I want to direct your attention to
23   the report which is that Exhibit 2?  Is that what
24   it's marked?
25         A.   Yes.  Yes.
```



5111 SW 21st Street        6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604           Suite 101                 Suite 305
785-273-3063               Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com        913-383-1131              316-201-1612