## Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COZY INN, INCORPORATED, d/b/a
THE COZY INN; STEPHEN HOWARD,
        Plaintiffs,

vs.    Civil Action No. 6:24-cv-01027-TC-ADM

CITY OF SALINA, KANSAS,
        Defendant.

DEPOSITION OF
MARK WHITE,
taken on behalf of the Plaintiffs, pursuant to Notice to Take Deposition, beginning at 9:07 a.m. on the 31st day of October, 2024, at Kansas Justice Institute, 12980 Metcalf Avenue, Suite 130, in the City of Overland Park, County of Johnson, and State of Kansas, before Sandra S. Biggs, Kansas CCR No. 0716.

## Page 2

APPEARANCES

ON BEHALF OF THE PLAINTIFFS:

   Mr. Samuel G. MacRoberts
   Mr. Jeffrey Shaw
   Kansas Justice Institute
   12980 Metcalf Avenue, Suite 130
   Overland Park, KS 66213
   913-213-5018
   sam.macroberts@kansasjusticeinstitute.org
   jeff@kansasjusticeinstitute.org

## Page 3

ON BEHALF OF THE DEFENDANT:

   Mr. Aaron O. Martin (via Zoom)
   Clarke Mize & Linville
   129 S. 8th Street
   Salina, KS 67402
   785-823-6325
   aomartin@cml-law.com

   Ms. Amanda C. Jokerst (via Zoom)
   Fairfield and Woods
   1801 California Street, Suite 2600
   Denver, CO 80202
   303-830-2400
   ajokerst@fwlaw.com

ALSO PRESENT:

   Mr. Tim Faulhaber, Zoom technician

## Page 4

INDEX

Certificate------------------------------ 204

WITNESS

ON BEHALF OF THE PLAINTIFFS:            PAGE
MARK WHITE
Direct-Examination by Mr. MacRoberts       5
Cross-Examination by Ms. Jokerst         192
Redirect-Examination by Mr. MacRoberts   198

EXHIBITS

WHITE DEPO EX. NO:                    MARKED
No 1  Defendant's Expert Disclosure        5
No 2  Expert Report                        5
No 3  Content-Neutral Sign Codes After
      Reed and Austin article by White     5
No 4  Sign Permit Application             94
No 5  Photo of Mural at the Mill          94
No 6  Conclusion/Next Steps
      Bloomberg article                  188

Page 65

1  Deposition Exhibit 3, the article.  What do you
2  call that, an article, a publication?  I just want
3  to make sure we're on the same page.  What is
4  Exhibit 3?
5       A.  You can call it a publication.
6       Q.  That's a good word.  All right.  Let's go
7  to the publication you authored, the title being
8  Content Neutral Sign Codes After Reed and Austin.
9  Do you have it in front of you?
10      A.  Yes.
11      Q.  You -- who was the intended audience for
12 this publication?
13          THE REPORTER:  What was your objection,
14 Amanda?
15          MS. JOKERST:  To form.
16          THE REPORTER:  Thank you.
17      A.  Urban planners.
18 BY MR. MACROBERTS:
19      Q.  Do you stand by the analysis in the
20 publication at Exhibit 3?
21          MS. JOKERST:  Object to form.
22      A.  Yes.
23 BY MR. MACROBERTS:
24      Q.  In the area of content neutrality, it's
25 important to know about the cases of Reed and

Page 66

1  Austin?
2           MS. JOKERST:  Is there a question
3  pending?
4           MR. MACROBERTS:  Yes.
5           MS. JOKERST:  Okay.  Then I'll object to
6  form.
7       A.  That sounded like a statement.  Do you
8  have a question?
9  BY MR. MACROBERTS:
10      Q.  Yeah.  It was my inflection makes that a
11 question.  Do you think it's important to know
12 about Reed and Austin?
13          MS. JOKERST:  Object to form.
14      A.  For whom?
15 BY MR. MACROBERTS:
16      Q.  Planners.
17      A.  Planners.  Yes.
18          MS. JOKERST:  Same --
19          THE WITNESS:  Go ahead, Amanda.  I'm
20 sorry.
21          MS. JOKERST:  Same objection.
22      A.  Yes.
23 BY MR. MACROBERTS:
24      Q.  Let's work our way through the report --
25 I'm sorry, the publication.  We'll start on page 6

Page 67

1  of your publication.  It's your opinion that a
2  sign regulation is content-based if the message
3  displayed on a sign has a regulatory impact?
4           MS. JOKERST:  Object to form.
5       A.  Generally speaking, yes.
6  BY MR. MACROBERTS:
7       Q.  Do you agree still that if the zoning
8  administrator, excuse me, has to read the sign to
9  determine what regulations apply, the regulation
10 is likely content-based with the exception of the
11 on-premise off-premise distinction as per Austin?
12          MS. JOKERST:  Object to form.
13      A.  Yes.
14 BY MR. MACROBERTS:
15      Q.  Do you agree that if the regulation
16 redistricts or favors a category of speech for a
17 benign reason such as to allow churches to guide
18 congregants to services and temporary locations,
19 the regulation is still considered content-based?
20          MS. JOKERST:  Object to form.
21      A.  Yes.
22 BY MR. MACROBERTS:
23      Q.  Do you agree an innocuous justification
24 cannot transform a content-based law into one that
25 is content neutral?

Page 68

1           MS. JOKERST:  Object to form.
2       A.  Yes.
3  BY MR. MACROBERTS:
4       Q.  Do you agree that the Reed decision
5  intimated that content neutral regulations that
6  target or favor speakers is content-based if it
7  impacts the message?
8           MS. JOKERST:  Object to form.
9       A.  Yes.
10 BY MR. MACROBERTS:
11      Q.  On page 9 of your publication, you posed
12 somewhat of a hypothetical.  Do you agree that
13 allowing a digital sign only for gas prices or
14 churches could be content-based?
15          MS. JOKERST:  Object to form.
16      A.  Yes.
17 BY MR. MACROBERTS:
18      Q.  Do you agree on page 7 that content-based
19 regulations or facially-content-neutral
20 regulations justified in relation to content
21 rarely survive a constitutional challenge when
22 subject to strict scrutiny?
23          MS. JOKERST:  Object to form.
24      A.  Yes.
25 BY MR. MACROBERTS:

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612