**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **Cozy Inn, Incorporated,** <br> **d/b/a The Cozy Inn; Stephen Howard,** <br><br> Plaintiffs, <br><br> v. <br><br> **City of Salina, Kansas,** <br><br> Defendant. | ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) CASE NO. 6:24-cv-01027-TC-ADM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE (ECF 98)**

Defendant City of Salina, Kansas ("City"), by and through its attorneys Fairfield and Woods, P.C. and Clark, Mize & Linville, Chartered, hereby submits its Reply in Support of its Motion to Exclude Plaintiffs' Rebuttal Expert Pursuant to F.R.E. 702 (ECF 98) as follows:

Plaintiffs' Response (ECF 99) misrepresents the City's arguments. Supreme Court and Tenth Circuit precedent do not require *evidence* beyond the text of the regulation to support a finding that a sign regulation advances its stated, substantial government interests. Sign regulations are rooted in 150 years of "tradition," and time, place, and manner restrictions *per force* address the "distinct safety and esthetic challenges" posed by signs. *City of Austin v. Reagan Nat'l Advert.*, 596 U.S. 61, 64, 71, 75 (2022). Plaintiffs' cited cases are inapposite because they address oral speech and panhandling—not the distinct challenges posed by signs. *See McGraw v. City of Oklahoma*, 973 F.3d 1057 (10th Cir. 2020) (panhandlers); *Brewer v. City of Albuquerque*, 18 F.4th 1205 (10th Cir. 2021) (panhandlers and political advocates).

1

Indeed, "[u]nlike oral speech, signs take up space and may obstruct views, distract motorists, displace alternative uses for land, and pose other problems that legitimately call for regulation." *City of Ladue v. Gilleo*, 512 U.S. 43 (1994). Trial courts have decided these issues, and the Supreme Court has affirmed such findings, without requiring an evidentiary showing beyond the text of the code itself. *See Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 508 (1981) ("If the city has a sufficient basis for believing that billboards are traffic hazards and are unattractive then obviously the most direct and perhaps the only effective approach to solving the problems they create is to prohibit them."); *StreetMediaGroup, LLC v. Bd. Of Cnty. Comm'rs*, No. 21-CV-1232-RMR-KLM, 2023 WL 5613018 (D. Colo. Mar. 30, 2023) ("Plaintiffs argue that the County should be required to produce specific evidence that the Regulations actually relate to and advance the County's aesthetic and traffic goals. But the question before the Court is whether the Regulations directly advance the County's interests in traffic safety and aesthetics, not whether each provision of the Regulations is absolutely necessary to do so."); *StreetMediaGroup, LLC v. Stockinger*, No. 1:20-CV-03602-RBJ, 2021 WL 5770231 (D. Colo. Dec. 6, 2021) ("state's interest in promoting safe driving alone satisfies the narrow-tailoring requirement . . . the state would less effectively prevent these crashes if it took down signs after they caused motor accidents instead of establishing a prophylactic permitting scheme.").

Facts do matter, and the germane facts here are that: (1) the Sign Code sets forth the City's interests in regulating signs (including traffic safety and aesthetics); (2) the City's Sign Code regulates the number, size, and placement of signs; (3) the legislative body found that the regulation of the number, size, and placement of signs advances the City's interests; and (4)

Plaintiffs have ample alternative channels for communication, including 10 square feet on the wall that is at issue in this case. Even Dr. Taylor agreed that in terms of marketing, the Cozy's existing signs (which comply with the Sign Code) provide adequate "conspicuity." Ex. A at 177:20-23.

The City did not argue that because "facts don't matter," Dr. Taylor's expertise is irrelevant. The City simply argued that under germane precedent, evidence outside of the text of the sign regulations is unnecessary to support the relevant determinations of law. In that context, the City disclosed Mark White in an "abundance of caution," in the unlikely event that the Court disagreed with the City's interpretation of the pertinent case law. Still, Dr. Taylor's testimony is properly excluded under F.R.E. 702 because he is not qualified, his testimony is unreliable, and his opinions are not helpful to the trier of fact.

Dr. Taylor is not qualified to testify regarding whether the Sign Code's size, number, and placement limitations advance the Sign Code's purposes. He admitted that he is not an urban planning expert, and that his educational background did not include any classes in urban planning, regional planning, urban design, landscape architecture, traffic engineering, land use, zoning, or architecture. Ex. A at 12: 23-25, 14:1-15, 17:8-10, 21:10-12, 31:12-13, 32:12-14, 42:13-15, 68:12-19, 69:5-12. He admitted he has never administered a sign code, and he does not understand the mechanics of how the Salina sign code works on a particular site. Ex. A 83:5-11. It is telling that Plaintiffs designated Dr. Taylor as a "signage" expert, not a sign regulation expert, but he opines that the Sign Code does not advance its stated interests. "Signage" is not a field of expertise, and if it is, it does not extend into the realm of urban planning, zoning, traffic engineering, or land use. Dr. Taylor is aware of his inadequate qualifications as he refused to directly answer the question

of whether the Sign Code advanced community aesthetics, dancing around the issue and testifying "they don't have *evidence that*—that aesthetics are—are being advance by that code." Ex. A at 60:19-25, 61:1-19. Moreover, the Response overstates Dr. Taylor's involvement with courts as an expert in "signage." ECF 99 at 5. Of the "examples" cited it appears only one went to trial, and in that case, the docket includes no motion practice as to Dr. Taylor's qualifications. Exs. B, C, D. Either way, it is entirely up to *this Court* to decide whether Dr. Taylor's testimony is reliable for the purposes of *this case*. *See Kumho Tire. Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable.").

Dr. Taylor's testimony is unreliable because glaringly absent from his report is any methodology or case-specific facts or data. A vague assertion that based on "tons and tons" of studies "on-premise signs don't cause traffic accidents" does not satisfy the reliability requirement, especially where the report Dr. Taylor cites to support his opinion that "signs are not a traffic safety hazard" does not actually state what Dr. Taylor claims. Ex. E at 11-12; Ex. A 97:1-25, 98:1-25, 99:1-25, 100:1-25, 101:1-25, 102:1-5, 105:3-19, 119:9-12; Ex. F at p. 15-16 Table 6 (driver distraction—"objects and events outside the vehicle (other vehicles, *signs*, animals, etc.)"). The City does not concede that Dr. Taylor's report "extensively discusses" any relevant topic, rather the City noted he addressed "some studies" regarding signs and traffic safety but, likely due to his expertise being limited to marketing and advertising, he did not reliably apply any relevant principles or methods to the facts of this case to opine whether the Sign Code's size, number, and placement limitations advance its stated interests. ECF 99 at 8, ECF 98 at 10. Dr. Taylor also fails

to provide any case-specific analysis. He admitted he does not "offer any opinion on the conspicuity of the Cozy Inn sign," yet his report claims that "on-premise signs located at high traffic intersections increased traffic safety, provide they met FHWA standards for legibility, conspicuity, [and] readability [sic]." Ex. E at 14; Ex. A at 128:8-12; 162:3-7. Notably, his report does not say what the FHWA standards for legibility, conspicuity, and readability are, let alone whether the Cozy Sign meets those standards. In sum, Dr. Taylor provides no reliable application of principles to the facts of the case to support the basis for his testimony.

      Dr. Taylor's opinions are not helpful to the trier of fact because the value of a sign (to which he speaks extensively) is not at issue, and nowhere in his report does he address or rebut Mr. White's opinions regarding how the Sign Code's size, number, and placement limitations advance the City's articulated interests. While Dr. Taylor opines planners should "acknowledge that on-premise signs do not represent 'clutter,'" he testified that his "opinion is that the signage plays important marketing functions that should be taken into account [] in formulating sign codes and specific aspects of sign code," and that "conspicuity comes into play . . . in terms of the sign being able to play its marketing function." Ex. A at 128:14-23, 129:1-17. Dr. Taylor did not examine the legislative history, so he does not know what was "taken into account." *Id*. at 79:23-25, 80:1-2. More importantly, the "marketing functions" of signs are not relevant to any First Amendment inquiry. Dr. Taylor is not qualified to provide expert opinion testimony regarding issues germane to this case, his testimony is not reliable or relevant, and it is properly excluded under F.R.E. 702.

Respectfully submitted this 24th day of January 2025.

| s/ Aaron O. Martin | s/ Todd G. Messenger | s/ Amanda C. Jokerst |
|---|---|---|
| Aaron O. Martin<br>Bar Number 24170<br>Attorney for Defendant City of Salina, Kansas<br>CLARK, MIZE & LINVILLE, CHARTERED<br>P.O. Box 380<br>Salina, KS 67402-0380<br>Tel. (785) 823-6325<br>Fax: (785) 823-1868<br>Email: aomartin@cml-law.com | Todd G. Messenger,<br>CO Bar Number 38783<br>Pro Hac Vice Attorney for Defendant City of Salina, Kansas<br>Fairfield and Woods, P.C.<br>1801 California St., Ste. 2600<br>Denver, CO 80202<br>Tel. (303) 830-2400<br>Fax: (303) 830-1033<br>Email: tmessenger@fwlaw.com | Amanda C. Jokerst<br>CO Bar Number 47241<br>Pro Hac Vice Attorney for Defendant City of Salina, Kansas<br>Fairfield and Woods, P.C.<br>1801 California St., Ste. 2600<br>Denver, CO 80202<br>Tel. (303) 830-2400<br>Fax: (303) 830-1033<br>Email: ajokerst@fwlaw.com |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 24, 2024, the **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE (ECF 98)** was filed using the CM/ECF system, which will send notification of such filing to: Jeffrey Shaw and Samuel G. MacRoberts.

*/s/ Aaron O. Martin*
Aaron O. Martin