# Exhibit L
# Schrage Deposition Excerpts

# MICHAEL SCHRAGE

1    .

2                IN THE UNITED STATES DISTRICT COURT

3                  FOR THE DISTRICT OF KANSAS

4    .

5    .

6    COZY INN, INCORPORATED, d/b/a

7    THE COZY INN; STEPHEN HOWARD

8            Plaintiffs,

9    .

10       vs.        Civil Action No. 6:24-cv-01027-TC-ADM

11   .

12   CITY OF SALINA, KANSAS,

13           Defendant.

14   .

15   .

16                        DEPOSITION OF

17                      MICHAEL SCHRAGE,

18   taken on behalf of the Plaintiffs, pursuant to

19   Notice to Take Deposition, beginning at 9:09 a.m.

20   on the 11th day of September, 2024, at Clark, Mize

21   & Linville, 129 S. 8th Street, in the City of

22   Salina, County of Saline, and State of Kansas,

23   before Sandra S. Biggs, Kansas CCR No. 0716.

24   .

25   .

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

### MICHAEL SCHRAGE

1       A.    City manager.

2       Q.    **What do you do as city manager?**

3       A.    I guess you'd say the chief executive

4   officer of the organization.  I oversee all of the

5   personnel, the various departments of the city,

6   and then I answer to the governing body.

7       Q.    **And the governing body, do you mean the**

8   **city commission?**

9       A.    Yes, mayor and city commissioners.

10      Q.    **How many departments are there?**

11      A.    13-ish.

12      Q.    **And how many employees, roughly?**

13      A.    450 full-time.  It doesn't count

14  classified part-time or seasonal part-time.

15      Q.    **How long have you been city manager?**

16      A.    Since middle of 2018, so going on five

17  and a half -- five years.

18      Q.    **What did you do before becoming city**

19  **manager here?**

20      A.    I was deputy city manager.

21      Q.    **At the City of Salina?**

22      A.    Yes.

23      Q.    **Excuse me.  How long were you deputy city**

24  **manager?**

25      A.    13 and a half years, 2005 -- December of

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

## MICHAEL SCHRAGE

1      Q.    So turning to around November 3rd, 2023,

2   when was the first time you were made aware of the

3   artwork at the Cozy?

4      A.    The reason I laugh, is I'm not good --

5   I'm good at generalities but not specifics.  My

6   recollection is I was sitting in my recliner one

7   evening.  I think it was Sunday night kind of

8   piecing together some of the other conversation

9   and was made aware that it was being painted and

10  they'd been contacted and had the concern

11  conveyed.

12     Q.    Do you remember who contacted you?

13     A.    It was either Brad Anderson or Lauren

14  Driscoll, but I'm not sure.

15     Q.    I think you said piecing together a

16  conversation.  What did you mean by that?

17     A.    Just in terms of the date of it being a

18  Sunday evening.

19     Q.    What was your reaction?

20     A.    I knew it was going to be a difficult,

21  confusing, emotional conversation.

22     Q.    Why is that?

23     A.    I've been doing city management for 35

24  years.  It just -- that was my instinct.  And so

25  my reaction was how do we -- how do we prepare to

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604              Suite 101                  Suite 305
785-273-3063            Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131             316-201-1612

## MICHAEL SCHRAGE

1    have a productive conversation managing up, down

2    and out, as I described before.

3        Q.    Do you recall if whoever notified you

4    whether it was Brad or Lauren, did they call you

5    or text you or e-mail you?  Do you recall?

6        A.    I guess I don't.  I thought it was a

7    text, but in reviewing my texts in response to

8    this previously, I didn't find it.  So maybe it

9    was a phone call.

10       Q.    Is that typical for a staff member to

11   call you on a Sunday night?

12       A.    It's not uncommon.  Not typical, but

13   between texts, e-mails, phone calls, yeah,

14   multiple times a week.

15       Q.    Why -- or was this a little bit out of

16   the ordinary that somebody would reach out to you

17   on a Sunday evening about --

18       A.    Yeah.  I mean it -- yes.

19       Q.    Is it because of the nature of the Cozy

20   Inn?

21       A.    Combination of that, and I think by the

22   time they contacted me, they had a sense that it

23   had kind of taken on a public level of

24   conversation that was going to get ahead of

25   myself, city commission, others and they wanted me

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

### MICHAEL SCHRAGE

1  to know that.

2       Q.    What does that mean, get ahead of you?

3       A.    Social media conversation.  Generally, I

4  want to be aware as much as I can be, and then I

5  want to make the city commission aware rather than

6  hear about it secondhand and be caught off guard.

7       Q.    When either Brad or Lauren contacted you

8  Sunday night, did they tell you that a

9  determination had been made about whether it was a

10 sign or not?

11      A.    No.  I mean I think the -- what they

12 conveyed to me was the concern that it was and

13 that there was going to need to be a conversation

14 with the owner.

15      Q.    The owner being?

16      A.    Steve Howard.

17      Q.    Got it.  So had you seen the display by

18 Sunday evening?

19      A.    No.

20      Q.    When was the first time you saw the

21 display?

22      A.    Driving into work about 6:30 Monday

23 morning, I think.

24      Q.    All right.  And do you drive past the

25 Cozy every day?



5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604          Suite 101                  Suite 305
785-273-3063             Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com        913-383-1131              316-201-1612

# MICHAEL SCHRAGE

1       Q.    What else?

2       A.    I think that was it.

3       Q.    A printout of the codes and how they're

4  interpreted.  Is that what you said?

5       A.    For the purpose of having a conversation

6  with Steve and his artist about how -- what the

7  applicable code was relative to what he had

8  started.

9       Q.    Did you -- and forgive me, you think you

10  saw Dustin Herrs give that packet?

11      A.    Yeah, that's my recollection.

12      Q.    Okay.  So going back to Deposition

13  Exhibit 19, I just want to make sure I understand,

14  the determination had already been made by

15  November 8th that the artwork was a regulated

16  sign?

17           MS. JOKERST:  Object to form and

18  foundation.

19      A.    Yeah.  I would say my preliminary opinion

20  based on what I saw was that it met the definition

21  of a wall sign.

22      BY MR. MACROBERTS:

23      Q.    On the next sentence, what did you mean

24  when you said while it aesthetically might look

25  similar to murals in the downtown elsewhere, it

Appino & Biggs Reporting Service, Inc.

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

# MICHAEL SCHRAGE

1  **contains a commercial message promoting a business**
2  **and its product which makes it a wall sign subject**
3  **to the applicable zoning codes which includes size**
4  **limitations among other things?**

5      MS. JOKERST:  Object to form.

6      A.   So I was trying to boil down the

7  applicable portion of the sign code definition and

8  how it is that the Cozy sign met the definition of

9  a sign by our code and then became subject to the

10  applicable size limits.

11      BY MR. MACROBERTS:

12      **Q.   And what part of the code were you trying**

13  **to boil down?**

14      MS. JOKERST:  Object to form.

15      A.   All the content of the definition of a

16  sign or at least parse out what was applicable in

17  this case.

18      BY MR. MACROBERTS:

19      **Q.   And what was your understanding of what**

20  **was applicable on November 8th?**

21      A.   Advertising --

22      MS. JOKERST:  Object to form.

23      A.   Advertising among -- I don't have the

24  definition committed to memory but directing

25  attention to and advertising.



5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

**MICHAEL SCHRAGE**

1    Q.    Would you please say that again?

2    A.    I believe the commercial signs,

3  advertising signs, are a subset of the signs that

4  we regulate.

5    Q.    If you look a little bit down below,

6  underneath the part that says Important Note.

7  That's the easiest way to kinds of reference it.

8  You wrote to the city commission that I recently

9  spoke with Mr. Howard?

10    A.    So apparently I did, yes.

11    Q.    And I'm hoping maybe that jogs your

12  memory.

13    A.    Yeah.  So I have a better recollection I

14  guess of how this timeline played out relative to

15  becoming aware, being contacted by the media,

16  having a conversation with Mr. Howard and then in

17  preparation for -- well, and then him going on the

18  radio and fielding comments about his comments on

19  the radio and then having a conversation with him.

20    Q.    Did you call Mr. Howard?

21    A.    Yeah, I probably did.

22    Q.    Do you recall why you did?

23    A.    Really just trying to calm things down a

24  bit, have the conversation be at our level rather

25  than have it be a social media fire storm possibly

## MICHAEL SCHRAGE

1    uninformed, trying to have some collaborative

2    dialogue and have cooler heads prevail.

3        Q.   I think you mentioned a couple of times

4    either today or through e-mails that you thought

5    this was an emotional conversation?

6        A.   Um-hum.  For him.  For Steve it was.

7        Q.   Is that a yes?

8        A.   Yes.

9        Q.   Steve in your estimation was upset he

10   couldn't finish his display?

11       A.   He -- I don't know what upset him, but he

12   was moved to tears.

13       Q.   On the phone or in person?

14       A.    In person and at the city commission

15   meeting.

16       Q.   Was he actually crying or just he had

17   tears in his eyes?

18            MS. JOKERST:  Object to form.

19   BY MR. MACROBERTS:

20       Q.   I'm just trying to figure out what you

21   meant, moved to tears.

22       A.   Yeah.  My recollection of him leaving the

23   city commission meeting was that he was crying.

24   The meeting we had at Arts & Humanities may have

25   been tears in his eyes, but he was emotional.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

## MICHAEL SCHRAGE

1      Q.    Do you recall giving a media interview to

2   KSN?

3      A.    Yes.

4      Q.    Have you reviewed -- did you see the

5   version that was aired?

6          MS. JOKERST:   Object to form and

7   foundation.

8      A.    At the time.

9   BY MR. MACROBERTS:

10     Q.    If you would, please, turn to Deposition

11  Exhibit 92.

12     A.    Okay.

13     Q.    I can't tell from my electronic version

14  whether this is 304 or 305.  But there's a quote

15  that's attributed to you?

16     A.    Okay.  There's one at the bottom --

17  starts at the bottom of 304 and rolls over to 305.

18     Q.    I'll read to you the quote.  It includes

19  a message that pertains to the good or services

20  for sale and that makes it a sign and makes it

21  subject to the sign code said Mike Schrage, Salina

22  City Manager.  Do you see where --

23     A.    Yes.

24     Q.    -- that is?

25     A.    Yeah.



5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212       Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

### MICHAEL SCHRAGE

1      Q.    You said that to the reporter?

2      A.    Yeah, I believe so.

3      Q.    There's no reason to think you didn't say

4  that, right?

5      A.    Right.

6      Q.    Okay.  If you could please turn to

7  Deposition Exhibit 39.

8      A.    Okay.

9      Q.    What is -- and you might laugh at this

10 question.  What is a City Manager Update?

11         MS. JOKERST:  Object to form.

12     A.    It's a document that I draft most weeks.

13 I haven't been doing nearly as well lately.  But

14 just trying to summarize various things that come

15 up to keep the city commission informed.

16     BY MR. MACROBERTS:

17     Q.    Is it typically a weekly summary?

18     A.    That's the goal.  Yeah, that's the goal.

19     Q.    Did you author -- I know I'm already

20 laughing at this question, but did you author the

21 City Manager Update that's at Deposition Exhibit

22 39?

23     A.    Fair question.  If I could get somebody

24 else to, I would but, yes, I did.

25     Q.    Including the e-mail?



# MICHAEL SCHRAGE

1    A.    Okay.

2    Q.    I'm just trying to get a timeline of

3    things.  On page 3, you told the city commission

4    that, quote, we met with Mr. Howard and his artist

5    this morning.  Were you in that meeting?

6          MS. JOKERST:  Object to form.

7    A.    Yes.  That was the meeting at Arts &

8    Humanities, I believe.  The look on your face

9    makes me wonder, but I believe.

10   BY MR. MACROBERTS:

11   Q.    I'll represent to you that the city

12   commission meeting that we're talking about is --

13   and you can go to Deposition Exhibit 2, page 1

14   held on November 13th.

15   A.    Yeah.  My recollection, I'd have to piece

16   it back together, I guess, is when I first became

17   aware, there already was social media, community

18   conversation going on.  Brad Anderson had already

19   offered to convene a meeting, and we met at Arts &

20   Humanities that Monday morning.

21   Q.    So that Sunday that you talked about that

22   you first heard about it was November 5th, right?

23   A.    Off the top of my head, I don't know.

24   Without some other documents, I don't know for

25   sure.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212       Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

# MICHAEL SCHRAGE

1    Q.    Did you meet with Steve the day of the

2    city commission meeting on November 13th?

3           MS. JOKERST:   Object to form.

4    A.    Yes.  On line 24, I said we met with Mr.

5    Howard and his artist this morning, so I presume

6    that November 13th was the date, and I met with

7    him the morning of November 13th.

8           BY MR. MACROBERTS:

9    Q.    Part of why I'm asking this question,

10   sometimes people say we and they're speaking about

11   other people?

12   A.    Sure.

13   Q.    So --

14   A.    No.  This reference is intended to

15   include me.

16   Q.    On page 4, lines 13 through 15, you were

17   telling the city commission you wanted to clarify

18   a couple of things.  And you told the city

19   commission that, quote, the issue is not about the

20   art.  What did you mean by that?

21   A.    I was --

22          MS. JOKERST:   Object to form.

23   A.    I was trying to proactively respond to

24   the accusations that were flying about the

25   community that we had vetoed this particular

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

### MICHAEL SCHRAGE

1    Q.   Based upon your understanding of the

2    code, the display or the art does factor into

3    whether it's deemed a sign?

4         MS. JOKERST:   Object to form and

5    foundation.

6    A.   No.

7    BY MR. MACROBERTS:

8    Q.   Why is that?

9    A.   It's not about the art.  It's about the

10   definition of a sign.

11   Q.   And when you're talking about the

12   definition of a sign, you need to look at the

13   display to figure that out.  Is that right?

14        MS. JOKERST:   Object to form.

15   A.   Yes.

16   BY MR. MACROBERTS:

17   Q.   What are the -- so we're going to stick

18   with page 4 for a little bit here.  What are the

19   examples of very similar issues as it relates to

20   what constitutes art, what constitutes a sign, how

21   does free speech get involved, how can signs and

22   art be regulated.  What are those examples?

23   A.   Well, the one --

24        MS. JOKERST:  Form and foundation.  I've

25   got to get my objection in.



5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

## MICHAEL SCHRAGE

1  station was conflating a lot of broad topics not

2  applying our code.

3       BY MR. MACROBERTS:

4       Q.   So as you understand the city code, that

5  display is a regulated sign?

6            MS. JOKERST:  Object to form.

7       A.   Yes.

8       BY MR. MACROBERTS:

9       Q.   What did you mean when you said we do not

10 regulate based on aesthetics?

11           MS. JOKERST:  Object to form.

12      A.   Again, I was trying to confirm that we --

13 this was not an opinion of whether we like the

14 aesthetic aspects of the sign.  It was purely a

15 question of is it a sign and does it meet our

16 codes.

17      BY MR. MACROBERTS:

18      Q.   And I think later on you commented that

19 the mural popped?

20           MS. JOKERST:  Object to form.

21      A.   I did or a commissioner did.  I've got to

22 confirm that a commissioner did.

23      BY MR. MACROBERTS:

24      Q.   Later on you told the city commission,

25 quote, and I would reiterate it's all on the basis

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

# MICHAEL SCHRAGE

1    of a commercial message.  Do you remember saying

2    that?

3            MS. JOKERST:  Object to form.

4        A.   Yes.

5        BY MR. MACROBERTS:

6        Q.   And that was truthful and accurate?

7            MS. JOKERST:  Object to form and

8    foundation.

9        A.   As it applied to my understanding of the

10   Cozy sign, yes.

11       BY MR. MACROBERTS:

12       Q.   At some point, Ms. Driscoll, which you

13   just referenced, talked about the coffee shop

14   hypothetical.  Do you remember that hypothetical?

15       A.   Yes.

16       Q.   Do you agree with that hypothetical as it

17   relates to the Salina city code?

18           MS. JOKERST:  Object to form and

19   foundation.

20       A.   That's consistent with my understanding

21   of the case in question, and I think it is

22   illustrative of how we have an example that would

23   -- we would have to parse our code to make a

24   determination as she described.

25       BY MR. MACROBERTS:

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

## MICHAEL SCHRAGE

1    Q.    So do you agree with the hypothetical as
2  it relates to the city code?
3         MS. JOKERST:  Object to form and
4  foundation.
5    A.    My recollection is that a coffee cup on
6  the side of a coffee shop would be deemed to be
7  -- meet our sign code definition and, yeah, I
8  would agree with that.
9  BY MR. MACROBERTS:
10    Q.    You -- do you recall continuing Ms.
11  Driscoll's hypothetical about the coffee shop
12  later on with the city commission?
13         MS. JOKERST:  Object to form.
14  BY MR. MACROBERTS:
15    Q.    I'll show you the page.  I'm just
16  wondering if you recall it?
17    A.    Vaguely.
18    Q.    And I believe it's page 26.  So it's your
19  -- so lines probably 16 through 22, but certainly
20  17 through 22.  Just using that coffee shop
21  hypothetical, it's your understanding of the
22  Salina city code, again, that if a coffee shop
23  paints a coffee cup on the side of its wall,
24  that's considered a sign?
25         MS. JOKERST:  Object to form and

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

## MICHAEL SCHRAGE

1    foundation.

2        A.    Among others, but yeah.

3        BY MR. MACROBERTS:

4        Q.    **Is it popular?**

5        A.    It's not unpopular.  It's not widely

6    popular but, yeah, it's appreciated by most.

7        Q.    **As I understand it, it does generate**

8    **enthusiasm and energy?**

9        A.    Yeah.  It generates conversation and

10   tourism.  It's not without its detractors.

11           MR. MACROBERTS:  All right.  I would like

12   a two-minute break.  We can go longer if somebody

13   would like.

14           MS. JOKERST:  Yeah, take five minutes.

15   Two is a little long for me to go grab some

16   water.

17           MR. MACROBERTS:  Yep, sounds good.

18           (THEREUPON, a recess was taken.)

19   BY MR. MACROBERTS:

20       Q.    **If you would please turn to Exhibit 93?**

21       A.    Okay.

22       Q.    **Do you recognize it?**

23       A.    Yes.

24       Q.    **Did you author it?**

25       A.    Yeah.

**Appino & Biggs** Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

## MICHAEL SCHRAGE

1       Q.    Is Deposition Exhibit 93 the same as the
2    electronic version?

3       A.    I believe so, yes.

4       Q.    And no reason to think it's not?

5       A.    No.

6       Q.    Do you know why you authored this e-mail?

7             MS. JOKERST:  Object to form.

8       A.    I wasn't sure whether he was even aware
9    of the conversation and that Boom! Salina might
10   get caught up in the conversation.  I was just
11   trying to make him aware of what had taken place
12   and where things stood.

13      BY MR. MACROBERTS:

14      Q.    Did you write this e-mail on your own
15   initiative?

16      A.    Yes.

17      Q.    When you say he, who do you mean?

18      A.    I'm sorry.  Do I say it in the e-mail or
19   I just said it verbally?

20      Q.    As I heard your answer, you were saying
21   he and I'm assuming --

22      A.    Oh, Travis Young, the recipient of the
23   e-mail.

24      Q.    Why are you telling Travis what your
25   intended response is?



5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212       Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

# MICHAEL SCHRAGE

1          MS. JOKERST:  Object to form.

2     A.   He, as I mentioned earlier, is the

3  organizer of Boom! Salina and they had been kind

4  caught up -- that project had been caught up in

5  the conversation.  It's just good form to try to

6  keep people informed.

7          BY MR. MACROBERTS:

8     **Q.   You tell Travis that your intended**

9  **response is to stress that we have been very**

10 **mindful of the Reed v. Gilbert case as well as**

11 **applicable case law regarding what constitutes**

12 **commercial speech.  What applicable case law**

13 **constitutes commercial speech were you**

14 **referencing?**

15    A.   Those --

16         MS. JOKERST:  Object to form.

17    A.   Those examples that I shared earlier,

18 general understanding of the various litigation

19 that had gone on previously.

20         BY MR. MACROBERTS:

21    **Q.   If you would, please turn to Deposition**

22 **Exhibit 52.  Do you know who authored Deposition**

23 **Exhibit 52?**

24    A.   Based on the letterhead, it appears that

25 Dustin Michelson as well as the signature block.

**Appino & Biggs** Reporting Service, Inc.

TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

## MICHAEL SCHRAGE

1      A.    Yes.

2      Q.    **What is it?**

3      A.    It's the batting -- or the -- I don't

4  even know how to describe it but kind of an indoor

5  athletic area for The Yard.

6      Q.    **The Yard, are you familiar with The Yard?**

7      A.    Yes.

8      Q.    **What do they do on the inside of The**

9  **Yard?**

10     A.    Baseball, softball instruction.

11     Q.    **If you look to the right where it says**

12  **Salina, do you see the Royals crown vision --**

13          MS. JOKERST:  Object to form and

14  foundation.

15          BY MR. MACROBERTS:

16     Q.    **-- board?**

17     A.    Yes.

18     Q.    **Is that what you understand that to be,**

19  **the Royals crown vision board?**

20     A.    I don't know if they have avoided

21  trademark infringement enough, but it generally

22  represents it, yes.

23     Q.    **You've been to Royals games, right?**

24     A.    Yeah.

25     Q.    **Okay.  As you are looking at the right**

Appino & Biggs Reporting Service, Inc.

TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212       Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

# MICHAEL SCHRAGE

1  side, based upon your understanding of the city

2  code, is that a sign?

3          MS. JOKERST:  Object to form and

4  foundation.

5      A.   No.

6  BY MR. MACROBERTS:

7      Q.   Why not?

8      A.   Interior -- inside versus outside

9  orientation.

10     Q.   And help me understand why that matters

11 under your understanding of the city code?

12         MS. JOKERST:  Object to form.

13     A.    It's one of the provisions of our

14 definition of a sign.

15     BY MR. MACROBERTS:

16     Q.   Is it your understanding that anything

17 that is inside is unregulated?

18         MS. JOKERST:  Object to form and

19 foundation.

20     A.   No.

21 BY MR. MACROBERTS:

22     Q.   What is your understanding?

23     A.   If there's an outward orientation, if

24 it's on the inside of a plate glass window, it's

25 applied at the staff level, but it's not -- there

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

1    Q.    Based upon your understanding of the city

2    code, is the display at Deposition Exhibit 73, and

3    we'll just talk about page 80 because it's a

4    little bit easier, does that constitute a sign?

5          MS. JOKERST:  Object to form and

6    foundation.

7    A.    No.

8    BY MR. MACROBERTS:

9    Q.    Why not?

10         MS. JOKERST:  Object to form and

11   foundation.

12   A.    It doesn't meet any of the definitional

13   elements of a sign by our code.

14   BY MR. MACROBERTS:

15   Q.    Does it bring people to Salina?

16         MS. JOKERST:  Object to form and

17   foundation.

18   A.    I believe so.

19   BY MR. MACROBERTS:

20   Q.    It's my -- correct me if I'm wrong, but

21   it's my understanding that the inside of the grain

22   elevator is defunct, right?  There's nothing going

23   on on the inside?

24   A.    Yeah, that's my understanding as well,

25   yeah.



5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

MICHAEL SCHRAGE

1      Q.   If a playground, an indoor playground was
2   built inside of that grain silo today, based upon
3   your understanding of the city code, would that be
4   a sign?
5          MS. JOKERST:   Object to form and
6   foundation.
7      A.   I would seek legal counsel to answer that
8   question.
9   BY MR. MACROBERTS:
10     Q.   Because you could not determine it on
11  your own?
12         MS. JOKERST:   Object to form and
13  foundation.
14     A.   Correct.
15  BY MR. MACROBERTS:
16     Q.   If you would please turn to Deposition
17  Exhibit 71.   Do you recognize it?
18     A.   Hang on.
19     Q.   Sorry.
20     A.   Yes.
21     Q.   What is it?
22     A.   It is a graphical image on Fire Station
23  No. 2.
24     Q.   Do you know if that's a painting or
25  photographs or what is the display made of, if you

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

## MICHAEL SCHRAGE

1   **know?**

2              MS. JOKERST:  Object to form.

3        A.   It's a metal core board.  I don't know

4   what they call it exactly, but it's like a

5   structural metal panel with this etched on it in

6   some way.

7        BY MR. MACROBERTS:

8        **Q.   Based upon your understanding of the city**

9   **code, is that -- are the displays considered**

10  **signs?**

11             MS. JOKERST:  Object to form and

12  foundation.

13       A.   They could be, yes.

14       BY MR. MACROBERTS:

15       **Q.   What about that makes it a sign or could**

16  **be -- could make it a sign?**

17             MS. JOKERST:  Object to form and

18  foundation.

19       A.   It -- I'm trying to think of the

20  definition, but it's calling attention to the fire

21  station.  It may not be the exact wording in the

22  definition but...

23       BY MR. MACROBERTS:

24       **Q.   Do you know whether a permit or**

25  **Certificate of Compatibility was applied for for**

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604                Suite 101                     Suite 305
785-273-3063            Overland Park, KS 66212        Wichita, KS 67202
www.appinobiggs.com          913-383-1131              316-201-1612

1    guess that's the extent of it.

2         BY MR. MACROBERTS:

3         Q.    Do you know what goes on the inside of

4    the building where that display is painted?

5         A.    It's a Land Title company.

6         Q.    Do you know who owns the Land Title

7    company?

8         A.    Mike Hoppock.

9         Q.    At the time this was repainted, was Mr.

10   Hoppock a city commissioner?

11        A.    Yes.

12        Q.    Did Mr. Hoppock apply for a permit?

13        MS. JOKERST:    Object to form and

14   foundation.

15        A.    I believe so, yes.

16        BY MR. MACROBERTS:

17        Q.    And did Mr. Hoppock go to the Design

18   Review Board?

19        A.    I believe so, yes.

20        MS. JOKERST:    Sorry.    I wasn't sure if

21   your question was finished.    Object to form and

22   foundation.

23        BY MR. MACROBERTS:

24        Q.    Going back to your -- or going back to

25   Ms. Driscoll's coffee shop hypothetical and the



5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

## MICHAEL SCHRAGE

1  one that you referenced, based upon your

2  understanding of the city code and thinking about

3  the coffee shop hypothetical, if Mr. Howard

4  painted an airplane on the side of his wall with

5  no verbiage at all, was just a silver airplane,

6  would that be considered a sign?

7          MS. JOKERST:  Object to form and

8  foundation.

9      A.   No.

10     BY MR. MACROBERTS:

11     Q.   Why not?

12          MS. JOKERST:  Object to form and

13  foundation.

14     A.   It doesn't rise to the criteria specified

15  in our sign code definition.

16     BY MR. MACROBERTS:

17     Q.   Is that because Mr. Howard does not sell

18  airplanes on the inside of his business?

19          MS. JOKERST:  Object to form and

20  foundation.

21     A.   Not just airplanes but, yeah, no direct

22  connection to his business and the depiction of an

23  airplane.

24     BY MR. MACROBERTS:

25     Q.   On the coffee shop hypothetical, if a

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

# MICHAEL SCHRAGE

1   coffee shop painted a dove on the side of its wall

2   and instead of having an olive branch had painted

3   a coffee branch, based upon your understanding of

4   the code, would that be considered a sign?

5        MS. JOKERST:  Object to form and

6   foundation.

7        A.   I would seek legal counsel on that but,

8   yes, I believe so.

9        BY MR. MACROBERTS:

10       Q.   Are you familiar with Andy Warhol's

11  works?

12       A.   Marilyn Monroe and the tomato cans maybe.

13       Q.   Yeah.  On the tomato can, have you seen

14  that one before?

15       A.   Quite sometime ago.

16       Q.   If Mr. Howard had painted an exact

17  replica of Andy Warhol's Campbell's Soup can on

18  the side of his wall, exact replica, would that be

19  considered a sign under your understanding of the

20  city code?

21       MS. JOKERST:  Object to form and

22  foundation.

23       A.   Applying on my understanding of the

24  definitional criteria, no, I don't believe it

25  would be a sign.



5111 SW 21st Street          6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604             Suite 101                 Suite 305
785-273-3063                 Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com          913-383-1131              316-201-1612

## MICHAEL SCHRAGE

1    BY MR. MACROBERTS:

2        Q.    Why not?

3            MS. JOKERST:   Object to form and

4    foundation.

5        A.    I don't know that it advertises, calls

6    attention to, directs anything pertaining -- as

7    you've described it, anything that he does.

8        BY MR. MACROBERTS:

9        Q.    If Mr. Howard started selling Campbell's

10   Soup inside, would that change the analysis for

11   you?

12           MS. JOKERST:   Object to form and

13   foundation.

14       A.    Yes.

15       BY MR. MACROBERTS:

16       Q.    If -- and forgive me.  I think there's a

17   grocery store.  Is it called DG Grocery Store in

18   town?

19       A.    Dollar General.

20       Q.    Okay.  Let's just use as a hypothetical a

21   grocery store.  If a grocery store paints an exact

22   replica of Andy Warhol's Campbell's Soup can on

23   the side of its wall, would that be considered a

24   sign under your understanding of the code?

25           MS. JOKERST:   Object to form and

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

## MICHAEL SCHRAGE

1    foundation.

2        A.   Yes.

3        BY MR. MACROBERTS:

4        **Q.   Why?**

5            MS. JOKERST:  Object to form and

6    foundation.

7        A.   Directing attention to and advertising

8    products that they sell.

9            MR. MACROBERTS:  I think we are close if

10   not maybe done.  If I could get maybe five minutes

11   just to double-check that I've asked everything I

12   wanted to.

13           MS. JOKERST:  Yeah, that works for me

14   because I would like a little break, too.  I might

15   have a couple of questions here, so I can organize

16   my thoughts.

17           MR. MACROBERTS:  Can we go off the record

18   just for a moment.

19           MS. JOKERST:  Yeah.

20           (THEREUPON, a recess was taken.)

21       BY MR. MACROBERTS:

22       **Q.   Was there one person who made the**

23   **decision that the display at the Cozy was a sign**

24   **or not?**

25           MS. JOKERST:  Object to form.

**Appino & Biggs** Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

1    A.    Not to my -- I think it was a collective

2    staff analysis and conclusion.

3    BY MR. MACROBERTS:

4    **Q.    And for the collective staff analysis and**

5    **conclusion, who do you mean?**

6    A.    I presume -- certainly Lauren Driscoll

7    and Dean Andrew, and then possibly their planning

8    staff.

9    **Q.    I'm sorry?**

10    A.    Possibly additional planning staff.

11    **Q.    Like who?**

12    A.    Dustin Herrs, I don't even know if Gage

13    Roberts was employed at that point, but we've got

14    a couple planners.

15    **Q.    Are you aware if there have been any**

16    **traffic accidents as a result of the -- as a**

17    **direct result of the display on the side of the**

18    **Cozy?**

19    MS. JOKERST:   Object to form.

20    A.    No, I'm not.

21    BY MR. MACROBERTS:

22    **Q.    Are you aware of any pedestrian accidents**

23    **as a direct result of the display at the Cozy?**

24    MS. JOKERST:   Object to form.

25    A.    No, I'm not.

**Appino & Biggs** Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

## MICHAEL SCHRAGE

1    BY MR. MACROBERTS:

2        Q.    Is there any health hazard that you can

3    think of as a direct result of the display at the

4    Cozy?

5            MS. JOKERST:  Object to form.

6        A.    Direct result, no.

7    BY MR. MACROBERTS:

8        Q.    Are you aware that property valuations

9    have gone down as a direct result of the Cozy?

10           MS. JOKERST:  Object to form.

11       A.    I'm not aware either way.

12   BY MR. MACROBERTS:

13       Q.    When you're out and about in the

14   community, has the public been generally in favor

15   of the Cozy's display?

16           MS. JOKERST:  Object to form and

17   foundation.

18       A.    It's been mixed.

19   BY MR. MACROBERTS:

20       Q.    Have you received any complaints about

21   the Cozy's display?

22       A.    Complaints -- I've received critical

23   feedback, criticism.

24       Q.    Formal complaints?

25       A.    No.



5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

137

# CERTIFICATE

**STATE OF KANSAS**

**COUNTY OF SHAWNEE**

I, Sandra S. Biggs, a Certified Court Reporter, Commissioned as such by the Supreme Court of the State of Kansas, and authorized to take depositions and administer oaths within said State pursuant to K.S.A 60-228, certify that the foregoing was reported by stenographic means, which matter was held on the date, and the time and place set out on the title page hereof and that the foregoing constitutes a true and accurate transcript of the same.

I further certify that I am not related to any of the parties, nor am I an employee of or related to any of the attorneys representing the parties, and I have no financial interest in the outcome of this matter.

Given under my hand and seal the 19th day of September, 2024.

_____
Sandra S. Biggs, C.C.R No. 0716



5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612