# Exhibit M
# Driscoll Deposition Excerpts

**LAUREN DRISCOLL**

1    .

2              IN THE UNITED STATES DISTRICT COURT

3                  FOR THE DISTRICT OF KANSAS

4    .

5    .

6    COZY INN, INCORPORATED, d/b/a

7    THE COZY INN; STEPHEN HOWARD,

8              Plaintiffs,

9    .

10         vs.        Civil Action No. 6:24-cv-01027-TC-ADM

11   .

12   CITY OF SALINA, KANSAS,

13             Defendant.

14   .

15   .

16                  DEPOSITION OF

17                  LAUREN DRISCOLL,

18   taken on behalf of the Plaintiffs, pursuant to

19   Notice to Take Deposition, beginning at 9:06 a.m.

20   on the 10th day of September, 2024, at the law

21   offices of Clark, Mize & Linville, 129 S. 8th

22   Street, in the City of Salina, County of Saline,

23   and State of Kansas, before Sandra S. Biggs,

24   Kansas CCR No. 0716.

25   .

**Appino & Biggs** Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

**LAUREN DRISCOLL**

1    the discovery questions?

2         A.    I provided information as part of the

3    documents prepared to be provided to you guys.

4         Q.    **Great.  Please tell me what your current**

5    **role is with the city?**

6         A.    I'm the director of Community &

7    Development Services for the City of Salina,

8    Kansas.

9         Q.    **And what does that department do?**

10        A.    We handle planning, both current and long

11   range, zoning.  We also handle property

12   maintenance, code compliance, building inspections

13   and permitting along with civil rights enforcement

14   for the city and then the administration

15   components that go along with that.

16        Q.    **And what is the difference between long-**

17   **term and short-term planning?**

18        A.    Long range would be like comprehensive

19   plan and visions and goals for a city that go into

20   a plan and how those are then implemented, and

21   current planning is like day-to-day permit

22   processing.

23        Q.    **Is there a division above you that you**

24   **report to?**

25        A.    I report to the city manager.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

## LAUREN DRISCOLL

1   regulations, both what happens in the C4 and the

2   downtown design review standards.

3       Q.    Do you interact at all with the Design

4   Review Board?

5       A.    No.

6       Q.    Does your department?

7       A.    Yes.

8       Q.    Who in your department would interact?

9       A.    That would also be the Planning Division.

10      Q.    Dean, Dustin, Dustin and Gage?

11      A.    Correct.

12      Q.    When somebody applies for Certificate of

13  Compatibility, does it go to your division?

14      A.    You mean does it go to Planning Division?

15      Q.    Does it go to the Community Services,

16  whatever your director of, I apologize?

17      A.    Well, it comes into the department, so

18  all those things are under the department.  And it

19  runs through Admin to make sure the application is

20  complete, all the attachments are there, they've

21  done those things, and then it goes to the

22  Planning Division, which is Dean, Dustin, Dustin

23  and Gage, for actual review and moving forward

24  with the boards.

25      Q.    And what does that mean, moving forward

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street         800 E. 1st Street
Topeka, KS 66604             Suite 101                   Suite 305
785-273-3063                 Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com          913-383-1131                316-201-1612

**LAUREN DRISCOLL**

```
 1        Q.    Would you -- do you know if Crystal was
 2   talking to Brad Anderson by any chance about this
 3   issue?
 4        A.    I --
 5              MS. JOKERST:  Object to form.
 6              THE REPORTER:  Your answer?
 7        A.    I do not know.
 8              THE REPORTER:  Thank you.
 9   BY MR. MACROBERTS:
10        Q.    Did you meet with Steve about this issue?
11        A.    Yes.  Not on that day.
12        Q.    When was the first time you met with
13   Steve about the issue?
14        A.    It would have been the Thursday of that
15   week.  So Monday, Tuesday, Wednesday, Thursday we
16   met with him.
17        Q.    When you say we, who was there?
18        A.    It was myself, Dustin Herrs, Mike
19   Schrage, Steve Howard, the artist who had painted
20   the wall, and then Mr. Howard had invited other
21   people.  There were -- I think there was -- they
22   were just like concerned friends.  I think there
23   were three of them, like a husband and a wife and
24   another person.  And then Brad was there.  I can't
25   remember if Crystal was there.
```

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

### LAUREN DRISCOLL

1        A.    Because we were already getting kind of a

2   lot of political and external communication both

3   on social media.  I think the city commissioners

4   were concerned just, you know, misunderstanding

5   that the Cozy is -- it's the Cozy.  It's been

6   there for a hundred years.  It's a favorite

7   restaurant.  You know, what's the problem.  Well,

8   it's a sign.  I mean that's the problem.  And

9   trying to work through that process with Mr.

10  Howard was the conversation we had to have.

11       Q.    Does Mr. Schrage typically get involved

12  in those types of conversations?

13       A.    No.  But he does get involved when, you

14  know, something gets the attention of the elected

15  body or he wants to be there firsthand to here

16  something.

17       Q.    Did Crystal ask you or anyone in your

18  department to put together legal papers?

19            MS. JOKERST:  Object to form and

20  foundation.

21       A.    What are legal papers?

22  BY MR. MACROBERTS:

23       Q.    Do you recall talking to Crystal about

24  providing advice to her?

25            THE REPORTER:  Providing what?

**Appino & Biggs** Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street      800 E. 1st Street
Topeka, KS 66604              Suite 101                Suite 305
785-273-3063           Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131           316-201-1612

### LAUREN DRISCOLL

1  say for a sign, what is the standard turnaround to

2  either approve or deny the permit?

3       A.   I'd have to look in code, but I mean we

4  try to be as expeditious as possible.  We have

5  some very hard well known ones that are building

6  permits which we usually try for ten days.  But,

7  you know, sign permits, I can't remember if

8  there's something in code or in policy that gives

9  a specific date turnaround time.  If there was,

10  Dean and his team respond to that timeline.

11      Q.   In December of 2023, is it fair to say

12  that the permit hadn't been either approved or

13  denied?

14      A.   That is true.

15      Q.   Why is that?

16      A.   Because after -- Mr. Howard made it clear

17  on the Thursday meeting that we had with him that

18  he had no desire to change his sign at all.  And

19  I explained to him, everybody else explained to

20  him those were the rules that were on the books.

21  If he felt that the community wanted those rules

22  to change, we would need to amend the code.  I

23  told him that I already had a sign code rewrite

24  project scheduled for the coming year.  This would

25  speed it up significantly, but I was willing to



5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

## LAUREN DRISCOLL

1    This one assigns it a permit number, gives the
2    location, and it is being put into the system for
3    Planning staff it looks like to review and act on.
4    So this would have -- probably the permit techs
5    would have entered this in.  So the permit
6    technicians when the applications come in review
7    for completeness, and then they put it in the
8    digital system if it doesn't come in digitally.
9    So, as I mentioned earlier, Mr. Howard dropped his
10   off in paper.  So the techs would have taken those
11   and put them into LAMA.
12       Q.   Just to make sure I understand you, so a
13   tech gets the application.  They manually type it
14   into the LAMA permit software?
15       A.   If the applicant dropped it off in paper.
16       Q.   Do you know -- do you see these
17   regularly?
18       A.   No.
19       Q.   Have you ever seen one of these?
20       A.   I have seen them before but not this one
21   per se.
22       Q.   Do you know why there's a permit summary
23   for February 5th of 2024?
24       A.   No.
25       Q.   Is it typical for a permit to generate --

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212       Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

**LAUREN DRISCOLL**

1    a permit application to generate a LAMA summary

2    months after the permit application?

3         A.    Will you please ask me that question

4    again?

5         Q.    Yeah.    Is it typical to have a month's

6    delay after a permit application has been made?

7              MS. JOKERST:    Object to form and

8    foundation.

9         A.    It is not typical.

10   BY MR. MACROBERTS:

11        Q.    If you would, please, turn to Deposition

12   Exhibit 52.

13        A.    Okay.

14        Q.    Are you familiar with this?

15        A.    Yes.

16        Q.    Do you know who drafted this?

17        A.    I believe Dustin Michelson.    He's the one

18   that signed it.

19        Q.    Well, just because he signed it, does

20   that mean he drafted it?

21        A.    I can tell you I didn't draft it.

22        Q.    Got it.    Did you have any input on

23   Deposition Exhibit 52?

24        A.    I did not.

25        Q.    Did you know this got sent out?

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street            6420 W. 95th Street         800 E. 1st Street
Topeka, KS 66604               Suite 101                   Suite 305
785-273-3063                   Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com            913-383-1131                316-201-1612

**LAUREN DRISCOLL**

1    there's a total allowed amount.

2        **Q.   Did you initially think this was a mural**

3    **or a sign?**

4        A.   I mean it -- it's painted on a wall.  It

5    -- the question was we had to sit down and start

6    to look at those pieces and just start to pull

7    them together.  I don't like to make an off-the-

8    cuff determination.  We sat down with code, pulled

9    the definition, said, yep, it met those

10   components.  And then we looked at that location

11   and did the math to show like not only is it a

12   sign but its size does not fit this location.

13       **Q.   On Sunday night when you received the**

14   **text, it was still up in the air whether it was a**

15   **sign or not, correct?**

16       A.   Correct.

17           MS. JOKERST:  Object --

18   BY MR. MACROBERTS:

19       **Q.   And what is -- what do you have to look**

20   **at to figure out if it's a sign or not?**

21       A.   Salina municipal code.

22       **Q.   And you still have to look at what the**

23   **artwork is, correct?**

24           MS. JOKERST:  Object to form.

25       A.   Yes.

**Appino & Biggs** Reporting Service, Inc.

TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

## LAUREN DRISCOLL

1          BY MR. MACROBERTS:

2          **Q.    Why do you have to look at it?**

3              MS. JOKERST:  Object to form.

4          A.    Well, one, you're going to look at it for

5     its time and place and manner characteristics as

6     per code, right?  And you're going look at it to

7     see if it meets the definition of a sign which

8     talks about announce, direct attention or

9     advertise.

10             THE REPORTER:  Talks about?

11         A.    Announce, directs attention or advertise.

12         BY MR. MACROBERTS:

13         **Q.    Are you able to do that with -- in other**

14    **words, are you able to determine whether or not it**

15    **announce, directs attention to or advertise**

16    **without looking at the artwork?**

17             MS. JOKERST:  Object to form.

18         A.    No.

19         BY MR. MACROBERTS:

20         **Q.    Is that why the permit process requires a**

21    **picture or a rendering of what the artwork's going**

22    **to look like?**

23             MS. JOKERST:  Object to form and

24    foundation.

25         A.    Ask me that question one more time,

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street      6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604         Suite 101                 Suite 305
785-273-3063             Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com      913-383-1131              316-201-1612

**LAUREN DRISCOLL**

1    BY MR. MACROBERTS:

2    **Q.    Correct.**

3    A.    No.

4    **Q.    Who did?**

5    A.    Dustin Herrs.

6    **Q.    Who made the ultimate determination that**

7    **this was a sign, not a mural?**

8        MS. JOKERST:  Object to form and

9    foundation.

10    A.    The Zoning administrator makes that final

11    determination, but both myself, Zoning

12    administrator and the planner were in agreeance on

13    the calculations done by Mr. Herrs.

14    BY MR. MACROBERTS:

15    **Q.    By calculations, are you referencing the**

16    **size?**

17    A.    Yes.

18    **Q.    How did you measure or how did you come**

19    **to an agreeance on the size of the artwork?**

20        MS. JOKERST:  Object to form.

21    A.    We have historical applications that

22    they've submitted, so we know the dimensions of

23    the building.  And the code says what ratio of

24    square footage allows for total sign square

25    footage.  So based on those dimensions and that


Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

1    **page.**

2         A.    Okay.   Okay.

3         **Q.    Do you recall saying that you needed a**

4    **chance to look at it?**

5         A.    Yes, I said we needed a chance when we

6    found out to look at...

7         **Q.    You said you needed a chance to look at**

8    **it, right?**

9         A.    Yes.

10        **Q.    Are you referencing the Cozy artwork?**

11             MS. JOKERST:   Object to form.

12        A.    I'm referencing the painted wall sign at

13    the Cozy.

14             BY MR. MACROBERTS:

15        **Q.    And why did you tell the city commission**

16    **about having Steve pausing the creation of the**

17    **artwork?**

18             MS. JOKERST:   Object to form and

19    foundation.

20        A.    Without an application, which is actually

21    what I say here, without an application, we don't

22    have any details, right?   What is the full size?

23    I mean there were some outlines and stuff on the

24    wall, but we didn't have a rendering or anything.

25    So, at that time, it was, Steve, don't paint



5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

**LAUREN DRISCOLL**

1  anymore, because if for some reason this isn't
2  allowed, I don't want you to go further and can we
3  just halt -- have some information so that you're
4  aware of how the rules would impact this artwork,
5  this sign and then you can make some choices.  So
6  I just didn't want him going further and spending
7  money or doing something that he may have to
8  change or would choose not to go forward with.
9  And because we didn't have any of that
10  information, we needed a few minutes to get more
11  information from him.
12      BY MR. MACROBERTS:
13      Q.   When you say a few minutes, is that just
14  a --
15      A.   Yeah, I'm sorry.  We needed a couple of
16  days just to get that additional information.
17      Q.   When you gave the -- do you remember
18  giving a coffee house hypothetical to the city
19  commission?
20      A.   I do.  Somewhere in here, yes.
21      Q.   And I just want to make sure that I'm not
22  missing a case.  In there you mentioned that it
23  was a Supreme Court case.  Do you remember that?
24      A.   I do.
25      Q.   Was that correct?


5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

# LAUREN DRISCOLL

1    the commission that it's more than just a word or

2    a picture, that all these pieces lay together.

3           BY MR. MACROBERTS:

4           **Q.   So in order to make your coffee**

5    **house/dove/peace hypothetical work, you would need**

6    **to know what the artwork is on the outside of the**

7    **building, right?**

8                MS. JOKERST:  Object to form and

9    foundation.

10          A.   We would have a rendering that was

11   submitted that would describe what was going on

12   the side of the building.

13          BY MR. MACROBERTS:

14          **Q.   Or somebody did it without a permit you**

15   **would have to look at the artwork?**

16          A.   Yes.

17               MS. JOKERST:  Object to form and

18   foundation.

19          BY MR. MACROBERTS:

20          **Q.   And you need to know what's going on on**

21   **the inside of the building, right?**

22               MS. JOKERST:  Object to form and

23   foundation.

24          A.   In some cases, yes.

25          BY MR. MACROBERTS:



5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

**LAUREN DRISCOLL**

1        BY MR. MACROBERTS:

2           **Q.    And what did you mean when you said so**

3    **it's like if you can't say this one thing, do you**

4    **identify the others?**

5           MS. JOKERST:  Object to form.

6        A.    That's what I kind of just said.  Like we

7    have a definition of sign.  It either is that or

8    it's not.  If you want to talk about the things

9    it's not, then you have to find rules for those

10   things and we don't have rules for those things.

11   So that may be something the commission wants.

12   Right now, we deal with signs.  If you want to

13   talk about murals, then that's a whole another

14   thing, but it's not on the books right now.

15       BY MR. MACROBERTS:

16          **Q.    The regulation of murals is not on the**

17   **books?**

18          MS. JOKERST:  Object to form.

19       A.    No.

20       BY MR. MACROBERTS:

21          **Q.    Bad question.  You don't regulate murals?**

22       A.    Correct.

23          **Q.    And maybe you've answered this so forgive**

24   **me if you have.  On page 25, you say sometimes**

25   **saying something isn't something, maybe you need a**

**LAUREN DRISCOLL**

1      Q.    Let's start with your memory and then we

2  will -- I'm confident we have it.  I just don't

3  want to spend ten minutes digging through it.

4      A.    Okay.

5      Q.    So why is it?

6          MS. JOKERST:  Object to form.

7      A.    So, from my memory, which, you know, is

8  not always a great way to review code, you should

9  always look at it every time, it basically

10  indicates that, you know, if it's something

11  attention grabbing, it talks about the myriad of

12  forms, whether it's text, emblem, pictorial, and

13  that if it is on the outside of a building, if it

14  announces, directs attention and advertises and is

15  affixed, is near in the ground or portable,

16  however, it kind of gives a list of those, if it's

17  got those features and those all lead into it

18  being a sign.

19          BY MR. MACROBERTS:

20      Q.    I want to go back to your coffee house

21  hypothetical.  If Mr. Howard painted a coffee pot

22  on the side of his wall with a picture of a dove

23  and the word peace and it took up the entire wall,

24  and assume he does not sell coffee, is that a

25  sign?



5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604              Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212       Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

**LAUREN DRISCOLL**

1          MS. JOKERST:  Object to form.

2      A.   So I want to make sure I'm understanding

3   you.  You're giving me a hypothetical where we

4   have a wall -- okay.  We're going to use the Cozy

5   and there's a coffee pot painted on it, a dove and

6   olive branch and the word peace?

7      BY MR. MACROBERTS:

8      **Q.   Yes.**

9      A.   And he doesn't sell --

10     **Q.   Let's assume he does not sell coffee?**

11     A.   -- coffee at all.

12     **Q.   And he doesn't sell doves or --**

13     A.   And it's not --

14          THE REPORTER:  Hold on.  Hold on.  One at

15   a time.  Give me your question.  Let's assume?

16     BY MR. MACROBERTS:

17     **Q.   And he does not sell doves or olives.**

18          MS. JOKERST:  Object to form.

19     A.   I guess I would say I could answer your

20   hypothetical, but I'm not the one who's going to

21   make that final determination, right.  That stuff

22   would come in the office and I would work with our

23   planning staff.  So I could tell you that answer,

24   but it still is also going to come down to Dean

25   Andrew standing behind that determination as

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

**LAUREN DRISCOLL**

1    Zoning administrator.  So I can pontificate all

2    that I want, but it's not -- I'm not making that

3    determination.

4         BY MR. MACROBERTS:

5         Q.   Based upon your understanding of the

6    code, keeping in mind what you told the city

7    commission, is that artwork considered a sign that

8    I just described to you?

9         MS. JOKERST:  Object to form and

10   foundation.

11        A.   I would question whether it's a sign and

12   then work with my staff and our legal counsel to

13   verify my interpretation.

14        BY MR. MACROBERTS:

15        Q.   Are you familiar with Andy Warhol?

16        A.   Yes.  He's a mid century artist.

17        Q.   Are you familiar with his Campbell's Soup

18   artwork?

19        A.   Yes.

20        Q.   Assuming the Cozy Inn did not sell

21   Campbell's Soup, if Mr. Howard painted an exact

22   replica of Andy Warhol's Cambell's Soup can on the

23   side and it took up the entire wall, based upon

24   your understanding of the code, is that a sign?

25        A.   I am not comfortable making that --

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

## LAUREN DRISCOLL

1    just an airplane?  What's the size of it?  What's
2    it say on the airplane?  Is there text with the
3    airplane?  What's the size of the airplane?  All
4    those things feed into it being a sign.
5         BY MR. MACROBERTS:
6         **Q.    No text.  Just a big silver airplane?**
7              MS. JOKERST:  Object to form and
8    foundation.
9         A.    There's no text.  From the very limited
10   information you've given me, it might not be a
11   sign.  But, again, I also am not the only person
12   that would make that determination.
13        BY MR. MACROBERTS:
14        **Q.    I think you've told me the other people**
15   **who helped make that determination.  Have you**
16   **mentioned everyone who makes that determination?**
17        A.    Yes.
18        **Q.    Does Mr. Schrage have any input into that**
19   **determination?**
20        A.    No.
21        **Q.    Did he have any input into whether or not**
22   **the Cozy was deemed a sign?**
23        A.    No.  He was made aware of the situation
24   as it evolved and as staff did its research, but
25   he did not have influence on that decision.

**Appino & Biggs** Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

**LAUREN DRISCOLL**

1    It meets into a lot of different things.

2        Q.    **What else besides the two you just**

3    **mentioned?**

4        A.    Well, it attracts attention and it

5    announces and it's part of advertising.

6        Q.    **What does it announce?**

7        A.    The smell of the burgers.

8        Q.    **And is it your position or what you're in**

9    **agreeance with that the burger-esque UFOs are too**

10   **similar to the hamburgers that Mr. Howard sells on**

11   **the inside?**

12           MS. JOKERST:  Object to form.

13       A.    Yes, they're burgers.

14   BY MR. MACROBERTS:

15       Q.    **If you would, please turn to page -- or,**

16   **excuse me, Exhibit 74.**

17       A.    Okay.

18       Q.    **Page 119?**

19       A.    I don't know if these have --

20       Q.    **They do.  I'm sorry.  They're kind of**

21   **hard to see.**

22       A.    Oh, yeah, yeah, yeah.  Okay.  What page

23   number?

24       Q.    **119, please.**

25       A.    Okay.

**Appino & Biggs** Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

## LAUREN DRISCOLL

1    Q.    Do you recognize this?

2    A.    Yes.

3    Q.    What is it?

4    A.    It looks like the back stage door for the

5    Stiefel Theatre.

6    Q.    Do you know when this painting was placed

7    on the back side of the Stiefel Theatre?

8    A.    I don't.  I would -- I could hazard a

9    guess, but I don't -- I don't know when it was

10   placed there.

11   Q.    Was it since you've been here in Salina?

12   A.    Yes.

13   Q.    Was it before or after November of '23,

14   if you know?

15   A.    I don't know.  I think it was probably

16   during a Boom! festival.

17   Q.    So sometime in the last three years?

18   A.    Um-hum.

19   Q.    Excuse me.  The Stiefel Theatre has

20   concerts, right?

21   A.    Um-hum.

22   Q.    I'm sorry, yes or no?

23   A.    Yes.  I'm sorry.

24   Q.    And during those concerts, performers

25   oftentimes have guitars or ukuleles?



5111 SW 21st Street        6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604           Suite 101                 Suite 305
785-273-3063               Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com        913-383-1131             316-201-1612

1      A.    Um-hum.  Yes.

2            MS. JOKERST:  Object to form and

3      foundation.

4      A.    Yes, they could have guitars or ukuleles.

5      BY MR. MACROBERTS:

6      **Q.    This deposition exhibit page 119, a sign**

7      **permit was not applied for for this artwork, was**

8      **it?**

9      A.    No, it was not.

10           MS. JOKERST:  Object to form.

11     BY MR. MACROBERTS:

12     **Q.    And it's your -- is it your position that**

13     **page 119 that artwork is not a sign?**

14           MS. JOKERST:  Object to form.

15     A.    I typically wouldn't take a position on

16     this.  Like it would normally come into Dean.  He

17     would review it and then give me feedback or if he

18     even thought it needed to come to my attention.

19     BY MR. MACROBERTS:

20     **Q.    As you're sitting here now --**

21     A.    Okay.

22     **Q.    -- knowing what you know, page 119, that**

23     **artwork is not a sign, right?**

24           MS. JOKERST:  Object.

25           THE WITNESS:  Are you good, Amanda?



5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604               Suite 101                  Suite 305
785-273-3063              Overland Park, KS 66212       Wichita, KS 67202
www.appinobiggs.com            913-383-1131             316-201-1612

```
 1           MS. JOKERST:  Go.
 2      A.   Okay.  I would have questions.  I mean
 3  you're right, music can be performed with
 4  instruments, but, one, is it attracting your
 5  attention?  Okay.  It's something different.  It's
 6  not part of the original wall.  But is it
 7  directing you to something.  The public can't get
 8  into that door.  It's a stage door, and the front
 9  door is to access and make any kind of purchase on
10  the other side of the building.  So I don't know
11  what it would be directing your attention to.
12  Even if you tried to take the ukulele and kind of
13  point it to something or guitar or whatever it is,
14  they also don't sell instruments inside.  They
15  don't sell musical classes of any sort.  She's
16  also not playing the instrument which is usually
17  what somebody would be doing with the instrument
18  inside at a concert.  And those are my first
19  thoughts.  There's no text that's, you know,
20  saying anything or giving a direct message.  Stage
21  door, you're allowed in buildings to have, you
22  know, egress type signage that denotes exits and
23  stuff like that.  And we have a minimal signage, a
24  requirement, so that's -- that piece is allowed.
25  So if we look at just the girl, the instrument and
```

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

**LAUREN DRISCOLL**

1  the bird, at this glance of asking me in this

2  situation, I don't think it would be a sign.  But

3  if that were a question, we -- you know, that's

4  something we would talk about with legal.

5      BY MR. MACROBERTS:

6      **Q.   Bear with me for a moment.  If you could,**

7  **please, turn to Deposition Exhibit 77.**

8      A.   Okay.  Okay.

9      **Q.   Do you recognize this?**

10     A.   Yes.

11     **Q.   What is it?**

12     A.   Schlotzsky's Deli.

13     **Q.   Is it the city's position that Exhibit**

14 **No. 77, the artwork on the left-hand side, is a**

15 **sign?**

16     A.   Yes.

17         MS. JOKERST:  Object to form and

18 foundation.

19         THE WITNESS:  Sorry, Amanda.

20     A.   Yes, it is a sign.

21     BY MR. MACROBERTS:

22     **Q.   Why is it a sign?**

23         MS. JOKERST:  Object to form and

24 foundation.

25     A.   Because they have a sign permit.  No, it

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604               Suite 101                  Suite 305
785-273-3063           Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131            316-201-1612

**LAUREN DRISCOLL**

1   department is a public building, and it's not

2   asking you to come in and get a service or make

3   any type of transaction.  But I -- it's one that

4   I don't think is cut and dry, and I think it

5   would be worth a discussion with legal counsel.

6           BY MR. MACROBERTS:

7           **Q.    Which, again --**

8           A.    Yeah.  But I'm --

9           **Q.    Yeah, yeah.  Okay.**

10          A.    That's where I would go with that because

11   it's not cut and dry.

12          **Q.    And what -- help me understand what's not**

13   **cut and dry about this?**

14              MS. JOKERST:  Object to form.

15          A.    Well, I think the fact that it's a public

16   service.  So I don't -- I'm not familiar with a

17   case where that may come into advertising.  So we

18   would -- my thought is I would research more and

19   see where that's been viewed in the past with

20   other decisions.

21          BY MR. MACROBERTS:

22          **Q.    So if that picture or those pictures are**

23   **deemed advertising, then it's a sign?**

24              MS. JOKERST:  Object to form.

25          A.    That's one way you could look at it.  I

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

## LAUREN DRISCOLL

1    Q.    If you could turn to Deposition Exhibit
2  82, please.  Are you there?
3    A.    Yes, sir.
4    Q.    Do you recognize this?
5    A.    I do.
6    Q.    What is it?
7    A.    It's the side of the KU Medical School.
8    Q.    It's the city's -- is it the city's
9  position that the artwork on Deposition Exhibit 82
10 is not a sign?
11        MS. JOKERST:  Object to form and
12 foundation.
13    A.    So I just want to make sure I'm
14 understanding that the city's position is that is
15 the sign.
16        BY MR. MACROBERTS:
17    Q.    And because the court reporter can't take
18 that down, if you could describe what you did to
19 me or I can do it and then you can tell me if I'm
20 wrong.
21    A.    No, I'm happy to describe it.  There's a
22 large blue K and a large blue U and then below
23 that School of Medicine, School of Nursing, a
24 large Salina in black underlined and in blue
25 University of Kansas in smaller letters with three

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street       6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604          Suite 101                 Suite 305
785-273-3063              Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com       913-383-1131              316-201-1612

**LAUREN DRISCOLL**

1    large lights over the top.

2         Q.    That was a good description.  Is that the

3    only part of the wall at Deposition Exhibit 82

4    that is considered a sign?

5         A.    Yes.  That is the permitted sign area.

6              THE REPORTER:  Can I have that objection

7    again?

8              MS. JOKERST:  Form and foundation.

9              THE REPORTER:  Thank you.

10         BY MR. MACROBERTS:

11         Q.    The colorful display that is both to the

12    bottom right of the KU and the left of the KU,

13    it's the city's position that that is not a sign?

14              MS. JOKERST:  Object to form and

15    foundation.

16         A.    That is correct.

17         BY MR. MACROBERTS:

18         Q.    Does -- in your opinion as you're sitting

19    here and as director, does the artwork to the left

20    of KU attract attention?

21              MS. JOKERST:  I'll object to form.

22         A.    So you're asking me if the artwork to the

23    left attracts attention?

24         BY MR. MACROBERTS:

25         Q.    Um-hum, that's correct.



Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street            6420 W. 95th Street            800 E. 1st Street
Topeka, KS 66604              Suite 101                      Suite 305
785-273-3063                 Overland Park, KS 66212          Wichita, KS 67202
www.appinobiggs.com           913-383-1131                   316-201-1612

**LAUREN DRISCOLL**

```
 1        A.   It could.
 2        Q.   Does it?
 3        A.   For some people, yes.
 4        Q.   How about --
 5        A.   Yes.
 6        Q.   And same with the artwork to the bottom
 7   right of the KU, that attracts attention, also,
 8   correct?
 9        A.   Yes.
10             MS. JOKERST:  Object to form.
11             MR. MACROBERTS:  Do you mind if we have a
12   two-minute break?  I've just got to use the
13   restroom again.
14             MS. JOKERST:  Yeah.  I'm okay with that.
15             MR. MACROBERTS:  Let's go off the record
16   for just a moment.
17             (THEREUPON, a recess was taken.)
18   BY MR. MACROBERTS:
19        Q.   All right.  I think we're back on.  Thank
20   you.  If I could get you to turn to Exhibit No.
21   73, please.  There's a series of photographs.
22        A.   Okay.
23        Q.   And I think it ends at 82?
24        A.   Yes, I agree.
25        Q.   Do you recognize it?
```


Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

**LAUREN DRISCOLL**

1      A.    Yes, I recognize it.

2      **Q.    What is it?**

3      A.    It's a large painting on the grain silos

4  here in town.

5      **Q.    Is that commonly referred to as the Mural**

6  **at the Mill?**

7      A.    It is, yes.

8      **Q.    Was that -- forgive me if you answered**

9  **this already.  Was that painted before or after**

10 **you coming to Salina?**

11     A.    It's been my time here.

12     **Q.    Okay.  And based upon your understanding**

13 **of the city code, that's not a sign, correct?**

14     A.    Correct, it is not a sign.

15     **Q.    And no permit was applied for, and there**

16 **was no problem with them not applying for a**

17 **permit, right?**

18          MS. JOKERST:  Object to form and

19 foundation.

20          MR. MACROBERTS:  I'll restate it because

21 I asked two questions at once.

22     BY MR. MACROBERTS:

23     **Q.    You're not aware of anyone applying for a**

24 **permit for this?**

25     A.    Correct.  And a permit was not applied

### LAUREN DRISCOLL

1    for.  A sign permit was not applied for.

2        Q.   Why is this not considered a sign based

3    upon your understanding of the code?

4        A.   It doesn't meet the definition of a sign.

5    So I mean we didn't review it.  I didn't make

6    this determination.  But using the definition of a

7    sign, this did not meet that definition.

8        Q.   Forgive me because I've tried finding

9    this and I don't know.  Hopefully, you do.  Is

10    that grain elevator operational at all?

11        A.   I don't think so.

12        Q.   Is anything happening inside the grain

13    elevator?

14        A.   No.

15        Q.   If somebody were to operate that grain

16    elevator as a business and in the business they

17    charged an admittance fee and kids were playing on

18    the inside of that, based upon your understanding

19    of the code that would be a sign then, correct?

20        MS. JOKERST:  Object to form and

21    foundation.

22        A.   So they've turned it into something where

23    kids are playing on the inside and that you're

24    saying is my determination that automatically

25    makes it a sign?



Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

**LAUREN DRISCOLL**

1    BY MR. MACROBERTS:

2        Q.   No.  I'll ask it again.  If an operator

3    charged money for kids to come inside, pick a

4    daycare or a recess zone, something like that,

5    this Mural at the Mill would then be considered a

6    sign under your understanding of the code,

7    correct?

8            MS. JOKERST:  Object to form and

9    foundation.

10       A.   It would be enough to catch my attention

11   that I would bring it to my staff and ask them to

12   research and make that determination.

13   BY MR. MACROBERTS:

14       Q.   Is it fair to say that the reason it

15   would raise questions because in your mind it

16   would encourage a commercial transaction?

17           MS. JOKERST:  Object to form.

18       A.   No.  I would say it would be advertising

19   something because the use of the building had

20   changed.

21   BY MR. MACROBERTS:

22       Q.   All right.  I'm asking you to please turn

23   to Deposition Exhibit 76.

24       A.   Okay.

25       Q.   Do you know what this is a picture of?

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604                Suite 101                  Suite 305
785-273-3063             Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131             316-201-1612

**LAUREN DRISCOLL**

1   together and that whole strip.  But I mean that's

2   my initial assessment without being there and

3   seeing more details.  But from this picture, that

4   would be my initial thoughts.

5           **Q.    The permit that was issued was after you**

6   **said the Cozy case.  Is that in November of 2023**

7   **or is that in February of 2024?**

8           A.    It probably would have been in November.

9   We got several calls from people around town as

10  soon as social media had chatter about the Cozy

11  case.  Suddenly, everybody wanted to turn

12  everybody in.  So we got inundated with several

13  different signs around town that we weren't aware

14  of and went through and dealt with those.

15          **Q.    Were you overwhelmed with calls?**

16          A.    No.  I mean it was a handful, though and

17  ones we didn't know.  But I mean they kind of

18  came in a barrage probably within that following

19  week the city commission meeting.

20          **Q.    As far as you were aware, did anybody**

21  **complain about the Cozy's artwork?**

22          MS. JOKERST:  Object to form.

23          A.    As in issue a formal complaint?  Like in

24  writing or something?

25          BY MR. MACROBERTS:

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

**LAUREN DRISCOLL**

1        Q.    Well, let's start with that.  In terms of

2   did anybody file a formal complaint against the

3   Cozy or Mr. Howard because of the mural?

4        A.    No.

5        Q.    If you would please turn to Deposition

6   Exhibit 75.  Let's start with page 300.  Do you

7   know what that's a picture of?

8        A.    The Original Grande.

9        Q.    Is that the same with pages -- well, the

10  rest of the deposition exhibit?

11       A.    It looks like it, yes.

12       Q.    Is it the city's position that the --

13  well, let me direct you to page, oh, man, 298.

14       A.    Okay.

15       Q.    The Feelin' Taco-tastic and Fuel Your

16  Inner Fiesta, do you see those?

17       A.    I do.

18       Q.    Is it the city's position that those two

19  displays are considered signs?

20       A.    Yes.

21       Q.    Why is that?

22       A.    Because they directly relate -- well,

23  they meet the definition of the sign code as we've

24  talked about several times.  They attract

25  attention.  They -- they're specifically

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

### LAUREN DRISCOLL

1    apologizing for cutting you off.  I thought the

2    question was done.

3         A.   So you saying there's just two doves

4    painted there at the Mexican restaurant?

5         BY MR. MACROBERTS:

6         **Q.   Where the -- yes, where the Feelin' Taco-**

7    **tastic and Fuel Your Inner Fiesta is in this**

8    **exhibit?**

9         A.   I would go back to the definition of the

10   sign code, but it would probably not be a sign.

11   I don't know what else more is there, if there's

12   text, if it's just a dove, I don't know what's on

13   the other side, but if they've got dove tacos, but

14   I'm really hoping they don't, but probably --

15   probably not.

16        **Q.   All right.  Let's assume no dove tacos**

17   **and no text, just pictures of a dove?**

18             MS. JOKERST:  Object to form.

19        A.   By my interpretation of the definition

20   sitting here at this table with what I know, are

21   you announcing something with the dove?  Not

22   really.  I mean I suppose you've initially grabbed

23   attention, but you're not announcing anything

24   relevant.  You're directing attention to, is the

25   dove pointing to something or flying toward

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

**LAUREN DRISCOLL**

1    something, let's say it's not.  So you're not

2    directing attention to.  And what are you

3    advertising?  We're not advertising any good or

4    service.  I mean they don't have a -- they're not

5    selling doves with every meal.  I mean they're

6    truly not related from what I know in this

7    hypothetical.

8         BY MR. MACROBERTS:

9         Q.   So it would not be a sign?

10        A.   Based on the hypothetical you gave me, I

11   would not make that -- I would not think that's a

12   sign.

13        Q.   You mentioned previously that you were,

14   and I'm paraphrasing, considering amending the

15   code before the Cozy Inn issue?

16        A.   Um-hum.

17        Q.   Is that a yes?

18             MS. JOKERST:  Object to form.

19        A.   I'm sorry.  Yes.

20        BY MR. MACROBERTS:

21        Q.   And when did that originally come onto

22   your radar?

23        A.   Within 2023, 2022.  Technology's changed

24   a lot around signs, too, particularly with

25   lighting and lumens and materials being used for

**Appino & Biggs** Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131              316-201-1612

**LAUREN DRISCOLL**

```
 1   the purpose section of the sign code?
 2        A.   Um-hum.
 3        Q.   Is that a yes?
 4        A.   Yes.
 5        Q.   Is that Deposition Exhibit page -- well,
 6   we'll reference it this way.  At the top, it will
 7   say document 16-3, page 5 of 31 in blue.
 8        A.   What does it say in the blue, I'm sorry?
 9        Q.   How about this.  Try to go to section 42-
10   500 of the code.
11        A.   Okay.  I'm there.
12        Q.   Do you mind if I look real fast?
13        A.   Um-hum.
14        Q.   This is what I was referencing.
15        A.   Oh, okay.  Thank you.
16        Q.   Are you aware of any traffic accidents
17   that have resulted from the display that's at the
18   Cozy?
19        A.   I am not.
20        Q.   Are you aware of any pedestrian accidents
21   that have resulted from the display at the Cozy?
22        A.   I am not.
23        Q.   Are you aware of the property values
24   decreasing as a result of the display at the Cozy?
25        A.   I am not.
```

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street         800 E. 1st Street
Topeka, KS 66604             Suite 101                   Suite 305
785-273-3063                 Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com          913-383-1131                316-201-1612

# LAUREN DRISCOLL

1       Q.   Are you aware of the local economy

2  getting worse because of the display at the Cozy?

3       A.   I am not.

4       Q.   Previously, you had mentioned aesthetics.

5  Do you remember that?

6       A.   Um-hum.

7       Q.   Is that a yes?

8       A.   I do.

9       Q.   The e-mails that we talked about that

10  were sent to the signs e-mail address, do you

11  remember those?

12       A.   I do.

13       Q.   Is it fair to say that those e-mails

14  suggested that the mural was aesthetically

15  pleasing?

16       MS. JOKERST:  Object to form.

17       A.   Several of those do.  I don't know about

18  every one of them.  But in general, yes, that is

19  a sentiment.

20       BY MR. MACROBERTS:

21       Q.   In any of those e-mails that we talked

22  about, is there anybody who thought the mural at

23  the Cozy was aesthetically displeasing?

24       MS. JOKERST:  Object to form.

25       A.   Of those e-mails, no.



5111 SW 21st Street        6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604           Suite 101             Suite 305
785-273-3063       Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com      913-383-1131        316-201-1612

185

# C E R T I F I C A T E

**STATE OF KANSAS**

**COUNTY OF SHAWNEE**

I, Sandra S. Biggs, a Certified Court Reporter, Commissioned as such by the Supreme Court of the State of Kansas, and authorized to take depositions and administer oaths within said State pursuant to K.S.A 60-228, certify that the foregoing was reported by stenographic means, which matter was held on the date, and the time and place set out on the title page hereof and that the foregoing constitutes a true and accurate transcript of the same.

I further certify that I am not related to any of the parties, nor am I an employee of or related to any of the attorneys representing the parties, and I have no financial interest in the outcome of this matter.

Given under my hand and seal the 19th day of September, 2024.

_____

Sandra S. Biggs, C.C.R No. 0716



| 5111 SW 21st Street | 6420 W. 95th Street | 800 E. 1st Street |
| Topeka, KS 66604 | Suite 101 | Suite 305 |
| 785-273-3063 | Overland Park, KS 66212 | Wichita, KS 67202 |
| www.appinobiggs.com | 913-383-1131 | 316-201-1612 |