# Exhibit P
# Andrew Deposition Excerpts

DEAN ANDREW

```
 1    .
 2              IN THE UNITED STATES DISTRICT COURT
 3                 FOR THE DISTRICT OF KANSAS
 4    .
 5    .
 6  COZY INN, INCORPORATED, d/b/a
 7  THE COZY INN; STEPHEN HOWARD
 8          Plaintiffs,
 9    .
10      vs.        Civil Action No. 6:24-cv-01027-TC-ADM
11    .
12  CITY OF SALINA, KANSAS,
13          Defendant.
14    .
15    .
16                         DEPOSITION OF
17                         DEAN ANDREW,
18  taken on behalf of the Plaintiffs, pursuant to
19  Notice to Take Deposition, beginning at 9:02 a.m.
20  on the 30th day of September, 2024, at Clark, Mize
21  & Linville, 129 S. 8th Street, in the City of
22  Salina, County of Saline, and State of Kansas,
23  before Sandra S. Biggs, Kansas CCR No. 0716.
24    .
25    .
```

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

**DEAN ANDREW**

1        Q.    Okay.   Is there any reason you can't

2    testify here today?

3        A.    I can't think of any.

4        Q.    All right.

5        A.    Seasonal allergies have spiked, and I'll

6    muddle through the best I can.   If I lose my

7    voice, I'll just need to drink some water.

8        Q.    All right.  And if at any time you need

9    to take a break, that is fine.   Just let me know.

10   The only condition on that would be that if

11   there's a question pending that you answer that

12   question first and go to break.

13       A.    Okay.

14       Q.    What is your current job title?

15       A.    I'm the Planning and Zoning administrator

16   for the City of Salina.

17       Q.    And how long have you had that job?

18       A.    That specific job since 2009.   I've been

19   employed as a planner by the city for 37 years.

20       Q.    Okay.  So, since 2009, you've been the

21   zoning administrator.   Before that, you were just

22   a planner?

23       A.    I've had various titles.

24       Q.    Okay.

25       A.    But I've always worked in the Planning

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

## DEAN ANDREW

1   direct attention to or advertise?

2         MS. JOKERST:  Object to form.

3      A.   A pictorial representation that had

4   nothing to do with or no connection to a use or a

5   business that is located on the premises where

6   that pictorial representation is located.

7      BY MR. SHAW:

8      Q.   So I guess just for an example, would a

9   picture of a cross be considered a pictorial

10  representation?

11        MS. JOKERST:  Object --

12     A.   A picture of a cross.

13     BY MR. SHAW:

14     Q.   Yes, or a painting, a image?

15     A.   Or a cross itself.

16     Q.   What does a cross itself mean?  Do you

17  mean like an actual physical --

18     A.   I'm talking about a physical cross.  Most

19  of our churches don't put up pictures of crosses.

20  They put up crosses.

21     Q.   Okay.  Well, if a church put up a cross,

22  would that count as a pictorial representation or

23  something else?

24     A.   It would count as a pictorial

25  representation.



### DEAN ANDREW

1      Q.    Okay.  Would it also be considered a

2  sign?

3      A.    It would be considered a symbol, not a

4  sign.

5      Q.    Does a cross not typically convey a

6  message about the building's religious

7  affiliation?

8          MS. JOKERST:  Object to form.

9  BY MR. SHAW:

10     Q.    You may answer.

11     A.    Not exclusively.  But primarily, churches

12  of the Christian faith are the ones that are

13  interested in placing a cross on their building or

14  in another location on their property.

15     Q.    So if I understand a cross on a church is

16  not considered a sign, just a symbol?

17     A.    It is something that our sign code does

18  not count towards the sign area allocated to that

19  church.

20     Q.    Why does it not count the cross?

21     A.    Because it's a symbol.

22     Q.    If you'll look at 42-764, does it not

23  include symbol as part of the definition of

24  emblem?

25     A.    It does.



5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

## DEAN ANDREW

1        Q.    So why are crosses not considered signs
2   and only symbols?
3        A.    I didn't say they were not considered
4   signs.  I said they don't count towards a sign
5   allocation for the church.
6        Q.    Okay.  Why do they not count towards the
7   sign allocation?
8        A.    Because our code says so.
9        Q.    Where does it say that?
10       A.    It doesn't say it in that section.
11       Q.    Do you know which section it says it in?
12       A.    It has been the longstanding
13   interpretation for the City of Salina that those
14   are symbols just as flags don't count towards a
15   sign allocation for a property.
16       Q.    Well, why don't flags count towards the
17   sign allocation?
18       A.    Because they're not included in the sign
19   calculations.
20       Q.    But why are they not included in the sign
21   allocations?
22       A.    Because there's no requirement to obtain
23   a sign permit to erect a flag.
24       Q.    Why is there no requirement to obtain a
25   sign permit to erect a flag?

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street         6420 W. 95th Street         800 E. 1st Street
Topeka, KS 66604            Suite 101                   Suite 305
785-273-3063                Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com         913-383-1131               316-201-1612

33

## DEAN ANDREW

1          THE REPORTER:  Thank you.

2     BY MR. SHAW:

3          Q.    Have you determined the difference

4     between a commercial and non-commercial flag?

5          A.    Have I in my experience?

6          Q.    Well, yeah, I guess I can ask that

7     question.  Have you ever made that determination?

8          A.    No.

9          Q.    If a business were to fly a flag such as

10    the McDonald's flag we discussed earlier, would

11    that be exempt under the code?

12         A.    Not as subsection 1 is written.

13         Q.    Okay.  So a business flag like the

14    McDonald's flag would be regulated and require a

15    sign permit.  Is that correct?

16         MS. JOKERST:  Object to form.

17         A.    I would just be speculating on that.

18    Because in my 37 years, I've never seen a

19    McDonald's or any commercial flag that has come

20    before us.

21    BY MR. SHAW:

22         Q.    Okay.  What about a -- well, let me ask

23    you this.  Have you ever seen a Kansas City Chiefs

24    flag?

25         A.    I have.  I drive by one.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

### DEAN ANDREW

1      Q.    Would those be considered commercial

2   flags?

3      A.    No.

4      Q.    Why not?

5      A.    Because they are just expressing that

6   property owner's support for their team.

7      Q.    Do you know if the Kansas City Chiefs are

8   a commercial enterprise?

9           MS. JOKERST:  Object to form.

10     A.    Well, I know that the Kansas City Chiefs

11  is a sports franchise that desires to make money.

12          BY MR. SHAW:

13     Q.    Okay.  Could those Chiefs flags be

14  considered advertisements for the Chiefs?

15          MS. JOKERST:  Object to form.

16     A.    Not in my opinion, no.

17          BY MR. SHAW:

18     Q.    So even though it is a commercial

19  business displaying its logo, that is not an

20  advertisement?

21          MS. JOKERST:  Object to form.

22     A.    I would consider an individual owner who

23  has a Chiefs flag to be displaying a non-

24  commercial flag.

25          BY MR. SHAW:



5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

**DEAN ANDREW**

1      Q.    Okay.  Okay.  Can we return to -- well,

2   actually, let's stay here.  Would the Chiefs flag

3   be announcing the Kansas City Chiefs?

4      A.    It could be interpreted as announcing the

5   Kansas City Chiefs.

6      Q.    Okay.  Would the Chiefs flag be -- strike

7   that.  Can you please go back to the definition of

8   sign.  There we are.  Do you see in subsection 3

9   where it states that the sign must be located

10  inside -- or excuse me, is not located inside a

11  building?

12     A.    That is one of the elements in the

13  determination.

14     Q.    So are there any signs that are located

15  inside a building?

16          MS. JOKERST:  Object to form.

17     A.    The Tony's Pizza Events Center has a sign

18  located inside its lobby.

19  BY MR. SHAW:

20     Q.    Okay.  Is that a regulated sign?

21     A.    No.

22     Q.    Okay.  Because it is inside.  Is that --

23     A.    Because it's inside the building.

24     Q.    I see.  If a sign is inside a building

25  but clearly visible from the outside, would that

**Appino & Biggs** Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

## DEAN ANDREW

1      Q.    Okay.  Could a artwork viewable from the

2  street direct attention?

3            MS. JOKERST:  Object to form.

4      A.    It might attract attention.

5  BY MR. SHAW:

6      Q.    What is the difference between attracting

7  and directing attention?

8      A.    Attracting attention might briefly pull

9  your eyes off the road or off the sidewalk to see

10  what it is.  Directing attention is for something

11  that someone wants you to read or look at for an

12  extended period.

13     Q.    Are you familiar with the Mural at the

14  Mill?

15     A.    I am.

16     Q.    Does that mural direct attention?

17     A.    No.

18     Q.    What does it do?

19     A.    It attracts your attention.

20     Q.    I see.  Because the artist only intended

21  someone to look at it briefly.

22            MS. JOKERST:  Object to form.

23  BY MR. SHAW:

24     Q.    Is that what you're saying?

25            MS. JOKERST:  Same objection.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

### DEAN ANDREW

1    required a sign permit for.

2         Q.    Okay.   And is that because it's an

3    advertisement?

4         A.    It is announcing, directing attention to

5    and advertising the Army Recruitment Center.

6         Q.    So it's doing all three?

7         A.    Yes.

8         Q.    Okay.   What about a church or other house

9    of worship?   They put up a display saying services

10   Sunday at 10 a.m.   Is that a sign?

11        A.    Yes.

12             MS. JOKERST:   Object to form.

13   BY MR. SHAW:

14        Q.    Is that because it is announcing?

15        A.    It is announcing to the public that they

16   are worship -- place of worship and letting the

17   public know when they meet.

18        Q.    Okay.   What if that same church displayed

19   a message that said turn to Jesus.   Would that be

20   a sign?

21             MS. JOKERST:   Object to form.

22        A.    Yes.

23   BY MR. SHAW:

24        Q.    Okay.   Why is that?

25        A.    Well, you just described it as a -- they

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

DEAN ANDREW

1   would put up a structure, whether it was a banner

2   or whether it's permanent sign, that would be

3   something that is announcing, directing attention

4   or advertising.

5        Q.    What would they be advertising?

6             MS. JOKERST:  Object to form.

7        A.    They would be advertising their desire

8   for the public to turn to Jesus.

9        BY MR. SHAW:

10       Q.    Okay.  In subsection 3 where it says is

11  not located inside of a building, what is

12  considered a building under this section?

13       A.    A structure that meets the definition of

14  building in the zoning ordinance.

15       Q.    Okay.  Would you please turn to the

16  section defining building?

17       A.    Appears to be 42-637.

18       Q.    All right.  And does that define a

19  building as any covered structure built for the

20  support, shelter or enclosure of persons, animals,

21  chattels or movable property of any kind and which

22  is permanently affixed to the land?

23       A.    That is the definition that's in the

24  zoning ordinance.

25       Q.    All right.  What is the support, shelter

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

**DEAN ANDREW**

1      Q.    **Why is that?**

2      A.    Because the definition says a wall sign

3  is a sign, and a mural is not a sign.

4      Q.    **What is a mural?**

5           MS. JOKERST:  Object to form.

6      A.    City of Salina does not have a definition

7  for the term mural.

8      BY MR. SHAW:

9      Q.    **Then how do you know it is not a sign?**

10          MS. JOKERST:  Object to form.

11     A.    A mural would not announce, direct

12  attention to or advertise.

13     BY MR. SHAW:

14     Q.    **Is a mural calculated to attract the**

15  **attention of the public?**

16          MS. JOKERST:  Object to form and

17  foundation.

18     A.    I think the word calculated goes to

19  intent, and it's not my job to interpret

20  somebody's intent.

21     BY MR. SHAW:

22     Q.    **Is that not how the code uses the word**

23  **calculated, though?**

24          MS. JOKERST:  Object to form.

25     BY MR. SHAW:



5111 SW 21st Street          6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604             Suite 101                  Suite 305
785-273-3063                 Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com          913-383-1131               316-201-1612

**DEAN ANDREW**

1    language.

2        BY MR. SHAW:

3        Q.    What is the purpose then of having a

4    section to cover things that aren't covered in the

5    previous sections if you can't make the

6    determination of what those things are?

7            MS. JOKERST:  Object to form.

8        A.    I interpret it as a catch-all phrase.

9        BY MR. SHAW:

10       Q.    But is there anyway that you can

11   determine what would fall within that catch-all?

12           MS. JOKERST:  Object to form.

13       A.    There's probably different forms of

14   expression that the code writers didn't or

15   couldn't anticipate at the time it was written, so

16   it was to catch all those.

17       BY MR. SHAW:

18       Q.    But does this catch-all require you to

19   make a determination about intent?

20           MS. JOKERST:  Object to form.

21       A.    No.

22       BY MR. SHAW:

23       Q.    How do you know if it's calculated to

24   attract the attention?

25           MS. JOKERST:  Object to form.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

**DEAN ANDREW**

```
 1       A.    I don't look at that.

 2    BY MR. SHAW:

 3       Q.    If you don't look at that, why is that

 4    word in here?

 5       A.    You'll have to ask the person who drafted

 6    the definition.

 7            THE REPORTER:  Amanda, what was your

 8    objection?

 9            MS. JOKERST:  To form.

10            THE REPORTER:  Thank you.

11    BY MR. SHAW:

12       Q.    I'm asking you because it is your job as

13    zoning administrator to provide the city's

14    definitive interpretations of this code.

15       A.    Then you give me a concrete example, and

16    I'll make an interpretation.

17       Q.    I'm trying to understand what this

18    section could ever apply to.

19       A.    It applies to signs.

20       Q.    I think this is defining signs.  Is that

21    not correct?

22            MS. JOKERST:  Object to form.

23       A.    It is designed to inform the public and

24    the people administering the code what the

25    governing body wants to be regulated as a sign.
```

Appino & Biggs Reporting Service, Inc.

TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604            Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com         913-383-1131               316-201-1612

DEAN ANDREW

1    foundation.

2         A.    According to the rules of construction of

3    our city code, or and and are interchangeable, so

4    I can't make that determination.

5         BY MR. SHAW:

6         **Q.    Do you no where in the city code that is**

7    **placed?**

8         A.    In the rules of construction.

9         **Q.    I see.  So and and or are**

10   **interchangeable?**

11        A.    They can be, yes.

12        **Q.    They can be or they are?**

13        A.    Code says they can be.

14        **Q.    How then is someone to know if it means**

15   **and or or?**

16        MS. JOKERST:  Object to form and

17   foundation.

18        A.    You have to look at the context in which

19   its used.

20        MS. JOKERST:

21        BY MR. SHAW:

22        **Q.    All right.  In subsection 2 there, for**

23   **instance, do you see the and after the semicolon?**

24        A.    Yes.

25        **Q.    Does that mean and or or?**

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

### DEAN ANDREW

```
 1              MR. SHAW:  Required here.
 2              THE REPORTER:  And then your objection?
 3              MS. JOKERST:  Object to form.
 4              THE REPORTER:  Thank you.  Sorry.  Go
 5    ahead.
 6         A.   They used a series of commas followed by
 7    an or.
 8         BY MR. SHAW:
 9         Q.   Well, I understand that.  But the code
10    says and and or can be interchangeable.  So how do
11    you know that it means or and not and?
12              MS. JOKERST:  Object to form.
13         A.   I didn't say that I know with certainty.
14    I said that is the way I interpret the way it is
15    drafted.
16         BY MR. SHAW:
17         Q.   Okay.  Is there anyway a member of the
18    public could know whether this means and or or
19    without first getting your determination?
20              MS. JOKERST:  Object to form and
21    foundation.
22         A.   They could read it for themselves, and
23    then they could contact the city to see how the
24    city has historically interpreted it.
25         BY MR. SHAW:
```



5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

# DEAN ANDREW

1    to look like and get a determination from you

2    about whether it qualifies as a painted wall sign

3    or a mural?

4            MS. JOKERST:  Object to form.

5        A.    It is very commonplace for people who

6    want to erect something or have a pictorial

7    representation or some graphic to come into our

8    office and say this is what I'm looking to do.

9    Does this fit within your code.

10   BY MR. SHAW:

11       Q.    All right.  And how would you help that

12   person determine if it was a mural or a painted

13   wall sign?

14       A.    By looking at whether it announces,

15   directs attention to or advertises.

16       Q.    So you would need to see a rendition or

17   plan of what it is they plan to paint?

18       A.    Yes.

19       Q.    Okay.  And depending on the content of

20   that rendition, you would make the determination

21   if it is a mural or a wall sign?

22           MS. JOKERST:  Object to form.

23       A.    I would look at it.

24   BY MR. SHAW:

25       Q.    You would look at the content to

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

**DEAN ANDREW**

1    is so as to not regulate it?

2          MS. JOKERST:  Object to form.

3    A.    I don't understand the question.

4    BY MR. SHAW:

5    Q.    All right.  You said that the city does

6    not regulate the content.  But if you don't know

7    what the content means, how do you ensure you are

8    not regulating content?

9          MS. JOKERST:  Object to form.

10   A.    I would look at the graphic

11   representation of what that individual owner

12   wanted to display on their wall and I would

13   determine, one, whether it announces, directs

14   attention to or advertises.  And then the second

15   thing we would do is we would look at the extent

16   of the wall that it covers and determine if that

17   area is allowed within the sign code in the

18   district that they're located.

19   BY MR. SHAW:

20   Q.    So let's say a business paints or comes

21   to you with a rendition wanting to paint on its

22   wall, and it would cover the entire wall, a --

23   just text saying, you know, buy our product.  How

24   would you determine if that is a sign or a mural?

25         MS. JOKERST:  Object to form.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

## DEAN ANDREW

1     A.    I would look at the rendering that they

2     provided.  And if it was words or numbers, I would

3     determine whether those words or numbers announce,

4     direct attention to or advertise the business or

5     the products at that premises, and we would

6     attempt to draw a rectangular box around those

7     letters and calculate the square footage of the

8     display to determine whether it was too large or

9     not too large to be located as proposed.

10    BY MR. SHAW:

11    **Q.    And let's say that same business came to**

12    **you with a proposal to paint on the side of their**

13    **building the Arrowhead logo of the Kansas City**

14    **Chiefs and text, you know, let's go Chiefs.  How**

15    **would you determine if that were a sign or not?**

16    MS. JOKERST:  Object to form.

17    A.    I would determine whether those graphics

18    announced or directed attention to or advertised.

19    BY MR. SHAW:

20    **Q.    How would you do that?**

21    A.    Well, in the specific context you gave

22    me, I would interpret that to say that it is

23    announcing that that property owner supports the

24    Kansas City Chiefs.

25    **Q.    What if that property was a training**

**Appino & Biggs** Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

# DEAN ANDREW

1    facility for the Kansas City Chiefs?

2        A.    Then it would be the same thing except

3    it's also advertising and directing attention.

4        Q.    Okay.  Now, let's say the text on this

5    mural, the letters are very widely spaced.  Would

6    you draw a rectangle around the entire display or

7    only around each letter to determine its area?

8              MS. JOKERST:  Object to form.

9        A.    The entire display.

10   BY MR. SHAW:

11       Q.    Okay.  Would you also draw that rectangle

12   around any other emblems that are related to that

13   mural?

14             MS. JOKERST:  Object to form.

15   BY MR. SHAW:

16       Q.    So in the example I gave before, you've

17   got the Chiefs Arrowhead and then the let's go

18   Chiefs.  Would you draw one rectangle or two

19   separate rectangles?

20             MS. JOKERST:  Object to form.

21       A.    Are we talking about painted wall signs

22   or are we talking about murals?

23       BY MR. SHAW:

24       Q.    Well, either way.  How would you

25   determine the size?



5111 SW 21st Street       6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604          Suite 101                 Suite 305
785-273-3063              Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com       913-383-1131              316-201-1612

## DEAN ANDREW

```
 1              MS. JOKERST:  Object to form.
 2        A.    I wouldn't determine the size on a mural
 3    because we don't regulate murals.  But I would
 4    determine that if I determined it to be a painted
 5    wall sign.
 6        BY MR. SHAW:
 7        Q.    All right.  If you have determined it to
 8    be a painted wall sign, how would you determine
 9    the size of that mural?
10        A.    I would determine the size of the painted
11    wall sign by following the instruction in Section
12    42-503 (a), and we would construct a rectangular
13    box around the display.
14        Q.    But would you consider that to be one
15    display that includes both the Chiefs Arrowhead
16    and the text let's go Chiefs, or do you consider
17    it two displays one of the Arrowhead and one of
18    the wording of let's go Chiefs?
19        A.    I would consider it to be an integral
20    display.
21        Q.    Okay.  So include both.  Is that what
22    that would mean?
23        A.    I would include both --
24              MS. JOKERST:  Object to form.
25        A.    -- of those in the calculation.
```

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

## DEAN ANDREW

1  listed the home team, the visitor's team, the time

2  and score.

3      BY MR. SHAW:

4      **Q.   Is a billboard something more than a**

5  **structure with changeable copy?**

6          MS. JOKERST:  Object to form and

7  foundation.

8      A.    A billboard is synonymous with the term

9  off-premises or advertising sign.  And if Kansas

10 Wesleyan University sells advertising space to

11 area business that are not located on the premises

12 and that sign is oriented towards Cloud Street and

13 not the stadium, then that side of the structure

14 is not a scoreboard.  It is a off-premise sign.

15     BY MR. SHAW:

16     **Q.   What does the orientation have to do with**

17 **the sign?**

18     A.    The presumption in exempting a scoreboard

19 is that a scoreboard --

20         MS. JOKERST:  Can I -- did my objection

21 get on there?

22         THE REPORTER:  No.  Can you give it to

23 me, please.

24         MS. JOKERST:  Object to form.

25     A.    Can you repeat the question?



5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

## DEAN ANDREW

1          MR. SHAW:  Can you read that back,

2    please?

3          THE REPORTER:  "What does the orientation

4    have to do with the sign?"

5          MS. JOKERST:  I said object to form.

6      A.    The adopted exemption for scoreboards is

7    based partially on the fact that the information

8    they convey is directed to people that are in the

9    stadium.  And the determination for taking that

10   scoreboard structure and saying that it's an off-

11   premise sign is because the advertising is not

12   oriented towards or directed towards the people

13   within the stadium.

14   BY MR. SHAW:

15     **Q.    If the advertising copy were placed on**

16   **the side of that scoreboard facing the audience,**

17   **would that be a scoreboard or an advertising sign?**

18         MS. JOKERST:  Object to form.

19     A.    It would be a scoreboard.

20   BY MR. SHAW:

21     **Q.    Even with the advertising copy?**

22         MS. JOKERST:  Object to form.

23     A.    Yes.

24   BY MR. SHAW:

25     **Q.    Okay.  So it is the orientation of the**

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212       Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

DEAN ANDREW

1    of time.

2         BY MR. SHAW:

3         Q.    Okay.  Does this section apply to non-

4    commercial signs as well?

5              MS. JOKERST:  Object to form.

6         A.    It appears to refer to signs that

7    advertise a bona fide business.

8         BY MR. SHAW:

9         Q.    Okay.  So let's say, for instance,

10   someone put up a, you know, Mitt Romney 2012 sign,

11   and it's still up here in 2024.  Is that sign

12   considered abandoned?

13             MS. JOKERST:  Object to form.

14        A.    It would be considered an election sign

15   that was up seven days after the election.

16        BY MR. SHAW:

17        Q.    So you're not allowed to have any

18   election signs seven days after an election?

19        A.    Correct.

20             MS. JOKERST:  Object to form.

21        BY MR. SHAW:

22        Q.    If I were a -- not me.  If any property

23   owner were a big Dwight Eisenhower fan and they

24   just wanted to put up a paint on the side of

25   their wall, you know, I like Ike, would that be

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street         800 E. 1st Street
Topeka, KS 66604           Suite 101                   Suite 305
785-273-3063               Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com        913-383-1131                316-201-1612

### DEAN ANDREW

1    allowed?

2        MS. JOKERST:  Object to form.

3    A.    Yes.

4    BY MR. SHAW:

5    Q.    Is I like Ike a campaign slogan from the

6    Eisenhower campaign?

7        MS. JOKERST:  Object to form and

8    foundation.

9    A.    I don't know.

10   BY MR. SHAW:

11   Q.    Okay.  Why would the I like Ike sign be

12   allowed but not the Mitt Romney 2012 sign not --

13   let me rephrase that.  Why is an I like Ike sign

14   not considered a political sign seven days after

15   an election?

16       MS. JOKERST:  Object to form.

17   A.    Well, for one, Mr. Eisenhower is

18   deceased, so he couldn't be running for any

19   elective office.  And it is simply an expression

20   of whoever the sign holder is that they like Ike.

21   Q.    But why can't the Mitt Romney fan

22   continue expressing their admiration for Mitt

23   Romney?

24       MS. JOKERST:  Object to form and

25   foundation.



5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

**DEAN ANDREW**

```
 1        A.    If he wants to strike all portions from
 2   the sign that deal with voting for Mr. Romney or
 3   have an election date in it, then he can all the
 4   signs he wants that shows that he loves Mitt
 5   Romney.
 6        BY MR. SHAW:
 7        Q.    Okay.  So if the Eisenhower fan painted
 8   vote Eisenhower 1952, would that be considered a
 9   political sign that can't be up more than 7 days?
10        MS. JOKERST:  Object to form and
11   foundation.
12        A.    I would not consider that an election
13   sign.
14        BY MR. SHAW:
15        Q.    Why wouldn't you consider it an election
16   sign?
17        A.    Common sense tells me it's not an
18   election sign.  It's not left over from some
19   election.
20        Q.    What if the sign had been painted in 1952
21   and it was just still around?
22        MS. JOKERST:  Object to form.
23        A.    I would consider it a historic sign.
24        BY MR. SHAW:
25        Q.    I see and what is a historic sign?
```

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

DEAN ANDREW

1  smell but its neighbor did have a smell?

2          MS. JOKERST:  Object to form.

3      A.   Because the sign is still inviting

4  customers to come in and partake of their product

5  and notwithstanding the smell of the chicken farm.

6      BY MR. SHAW:

7      Q.   If The Cozy Inn was not a restaurant or

8  -- let's do a different one.  Let's say The Cozy

9  Inn only did delivery and so customers would never

10  come to the Cozy Inn location, would the phrase

11  Don't Fear the Smell still be a sign?

12          MS. JOKERST:  Object to form.

13     A.   That would require me to speculate.

14     BY MR. SHAW:

15     Q.   I'm asking you to state how you would

16  interpret this code in that scenario?

17     A.   I think you're asking me to speculate

18  without the full context.

19     Q.   The full context is that this is a

20  building that delivers food to customers but

21  customers never come to that building, and it has

22  a mural saying Don't Fear the Smell.  Would that

23  be interpreted as a sign under the code?

24          MS. JOKERST:  Object to form.

25     A.   I'd have to see what's on the rest of the

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

**DEAN ANDREW**

1    wall of the building.

2        BY MR. SHAW:

3        Q.    It's a white wall except for those words?

4            MS. JOKERST:  Object to form.

5        BY MR. SHAW:

6        Q.    Would it be a sign in that situation?

7        A.    My first --

8            MS. JOKERST:  Object to form.

9        A.    My first inclination would be to consider

10   that a sign.

11       BY MR. SHAW:

12       Q.    Why is that?

13       A.    Because there's nothing else on the wall

14   of the building.

15       Q.    Why does the presence of other things on

16   the wall of the building change the determination

17   one way or another?

18           MS. JOKERST:  Object to form.

19       A.    Well, it's not -- it's not a non-

20   commercial message.

21       BY MR. SHAW:

22       Q.    If it's referencing the smell of its

23   neighbor, would that be a non-commercial message?

24           MS. JOKERST:  Object to form.

25       A.    Not necessarily.



5111 SW 21st Street      6420 W. 95th Street      800 E. 1st Street
Topeka, KS 66604            Suite 101                Suite 305
785-273-3063          Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com        913-383-1131           316-201-1612

DEAN ANDREW

1        BY MR. SHAW:

2            Q.    What message would that be?

3            A.    The Don't Fear the Smell message could

4        still be an invitation to partake of their food.

5            Q.    Even if no one would ever come to this

6        building?

7            A.    Even if no one would ever come there,

8        because their food -- they're telling the public

9        their food is not affected by the smell of the

10       chicken farm.

11           Q.    I see.  If the mural depicted pizzas,

12       would that be considered a sign for the Cozy Inn?

13               MS. JOKERST:  Object to form.

14           A.    What else is on the wall?

15       BY MR. SHAW:

16           Q.    It is the white wall of The Cozy Inn, and

17       there's just a big pizza mural on it?

18               MS. JOKERST:  Object to form.

19           A.    Well, I think the first thing I would do

20       is to determine whether it is off-premise

21       advertising for some other establishment in the

22       downtown area.

23       BY MR. SHAW:

24           Q.    How would you determine that?

25           A.    By looking at the pizza and seeing if it

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604              Suite 101                  Suite 305
785-273-3063          Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131            316-201-1612

1  made reference to any of the existing

2  establishments in Salina or the downtown area.

3      **Q.    And if it's just a pepperoni pizza with**

4  **no sort of logo or wordage on it, is that a sign**

5  **or a mural under the code?**

6          MS. JOKERST:  Object to form.

7      A.    I don't have to determine whether it's a

8  mural.  I only have to determine whether it's a

9  regulated wall sign.

10     BY MR. SHAW:

11     **Q.    Okay.  Would you determine that that is a**

12 **regulated wall sign?**

13         MS. JOKERST:  Object to form.

14     A.    Again, you're asking me to speculate.

15 But if it was in the context of a blank white

16 wall with a pizza symbol on it that had no

17 association with announcing or directing attention

18 to or advertising The Cozy Inn business and did

19 not advertise another nearby establishment, then

20 it would not be a regulated wall sign.

21     BY MR. SHAW:

22     **Q.    If that exact same painting were painted**

23 **on the wall across town at a pizza joint, would**

24 **that then be a sign?**

25         MS. JOKERST:  Object to form.

**Appino & Biggs** Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

DEAN ANDREW

1      Q.   I'm sorry.  That was not what I intended
2    to convey.  What I'm asking is if that picture of
3    a pizza, just a pepperoni pizza and nothing else
4    was painted on the side of a pizza shop, would you
5    determine that to be a sign?
6      A.   Yes.
7           MS. JOKERST:  Object to form.  Let me get
8    my objection in.
9      BY MR. SHAW:
10     Q.   Why would you determine that as a sign?
11     A.   Because it announces, directs attention
12   to and advertises to the public that that is an
13   establishment that offers pizza to its customers.
14     Q.   What if a picture of a cup of coffee and
15   a steaming coffee pot were painted on the side of
16   The Cozy Inn with no words.  Would you determine
17   that to be a sign?
18          MS. JOKERST:  Object to form.
19     A.   I would have to know whether The Cozy Inn
20   served coffee to its customers.
21     BY MR. SHAW:
22     Q.   If it did not serve coffee to its
23   customers, would you determine that to be a sign?
24          MS. JOKERST:  Object to form.
25     A.   If it did not announce, direct attention

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

### DEAN ANDREW

1   to or advertise a product or service that was

2   available inside The Cozy Inn establishment, then

3   just by itself, a steaming coffee pot or steaming

4   cup of coffee would not be associated with that

5   business.

6          BY MR. SHAW:

7          Q.    If The Cozy Inn did sell coffee, though,

8   would that change your calculus?

9          A.    Yes.

10         MS. JOKERST:  Object to form.  Did you

11   answer, Dean?  I didn't hear.

12         A.    I did answer yes to that question.

13         BY MR. SHAW:

14         Q.    If The Cozy Inn painted a mural of flying

15   saucers attacking the building, would you

16   determine that to be a sign?

17         MS. JOKERST:  Object to form.

18         A.    I couldn't answer that question unless I

19   saw a rendering of what they were -- what that

20   looked like.

21         BY MR. SHAW:

22         Q.    Let's say it looked like a traditional

23   science fiction movie of flying saucers with

24   little green men attacking the building.  Would

25   you consider that to be a sign?

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

**DEAN ANDREW**

```
 1          MS. JOKERST:  Object to form.
 2     A.   I'd have to see a rendering of what it
 3  looked like to make that determination.
 4     BY MR. SHAW:
 5     Q.   All right.  What if there were just an
 6  airplane painted on the side of The Cozy Inn?
 7          MS. JOKERST:  Object to form to the
 8  extent there's a question pending.
 9     BY MR. SHAW:
10     Q.   Would that be a sign in your
11  understanding?
12          MS. JOKERST:  Object to form.
13     A.   There's no airline service or travel
14  agency or anything associated inside that
15  building, I wouldn't see the association between
16  that graphic representation and The Cozy Inn
17  business.
18     BY MR. SHAW:
19     Q.   Okay.  What if there were a mural of
20  baseball field with people playing baseball on the
21  side of The Cozy Inn.  Would you determine that to
22  be a sign?
23          MS. JOKERST:  Object to form.
24     A.   I would give the same answer as I would
25  to the coffee pot and the airplane.
```

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

DEAN ANDREW

1      BY MR. SHAW:

2      Q.    Is that a no?

3      A.    I would not consider it to be a sign.

4      Q.    Okay.  And with the airplane

5  hypothetical, did you also say you would not

6  determine that to be a sign.  I think I may have

7  missed that?

8           MS. JOKERST:  Object to form.

9      A.    I said if an airplane was painted on the

10 north wall of The Cozy Inn building, it's not a

11 travel agency, there's no product or service

12 associated with airline travel within, I would not

13 consider that to be something that announces,

14 directs attention to or advertises The Cozy Inn.

15     BY MR. SHAW:

16     Q.    If there were a mural of a -- with a

17 landscape of a pasture with cows grazing and

18 mustard plants, tomatoes and onions growing in the

19 field, would that be considered a sign for the

20 Cozy Inn?

21          MS. JOKERST:  Object to form.

22     A.    I'd have to see a rendering.

23          MS. JOKERST:  Hey, Mr. Shaw?

24          MR. SHAW:  Yes.

25          MS. JOKERST:  I'm assuming -- well, I

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

### DEAN ANDREW

```
 1   guess I don't know.  How much longer and would now
 2   be a good time to take a short lunch break?
 3           MR. SHAW:  Give me maybe five minutes.
 4   I'm almost done with this line of questioning.
 5   Then we can take a short break -- or we could
 6   take a lunch break, not just a short break.
 7       BY MR. SHAW:
 8       Q.   Are you familiar with the artist Andy
 9   Warhol?
10       A.   I think I know who he is.
11       Q.   Can you turn to Exhibit 38.  It should be
12   almost the last exhibit.  It should be the second
13   to the last page in the binder?
14       A.   Oh, the very last.
15       Q.   That's it right there.
16       A.   Right there.  Okay.
17       Q.   So what's marked there as Exhibit 38,
18   have you ever seen that painting before?
19       A.   I have not.
20       Q.   Okay.  If that painting were painted on
21   the side of The Cozy Inn, would that be considered
22   a sign?
23           MS. JOKERST:  Object to form.
24       A.   I would give the same answer I did with
25   the airplane.  That does refer to a specific
```

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604              Suite 101                   Suite 305
785-273-3063          Overland Park, KS 66212       Wichita, KS 67202
www.appinobiggs.com        913-383-1131            316-201-1612

### DEAN ANDREW

1   product.  It borderline could be considered an

2   off-premise sign directing people to a product

3   that is available in other locations in Salina.

4   But just standing by itself, it does not announce

5   or direct attention to or advertise The Cozy Inn.

6        BY MR. SHAW:

7        Q.   If The Cozy Inn sold tomato soup, would

8   that change your calculus?

9             MS. JOKERST:  Object to form.

10       A.   It would.

11       BY MR. SHAW:

12       Q.   Okay.  Would that make you determine that

13  this is a sign?

14            MS. JOKERST:  Object to form.

15       A.   I would determine that it advertises a

16  product that they are making available to their

17  customers inside.

18            MR. SHAW:  Okay.  All right.  We can

19  break for lunch now.

20            (THEREUPON, a recess was taken.)

21       BY MR. SHAW:

22       Q.   Mr. Andrew, before we took our lunch

23  break, I believe you had said that you had

24  attended a meeting on Monday, November 6th of 2023

25  when you were first informed about the painting on

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION
5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com
6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131
800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

DEAN ANDREW

1      Q.    Okay.  So is it the official position of

2   the City of Salina that Section 2-207 does not

3   require a Certificate of Compatibility for

4   painting anything other than a front facade?

5            MS. JOKERST:  Object to form.

6      A.    That has been the determination and

7   interpretation.

8      BY MR. SHAW:

9      Q.    If Mr. Howard had called up the Boom!

10  festival and said, hey, I would love a Boom! mural

11  to be painted on the side of my wall, would that

12  have required a Certificate of Compatibility?

13           MS. JOKERST:  Object to form and

14  foundation.

15     A.    It depends on what the end result was.

16     BY MR. SHAW:

17     Q.    Let's say it was just a mural similar to

18  the Mural at the Mill, children playing Ring

19  Around the Rosie?

20           MS. JOKERST:  Object to form.

21     A.    If it were identical to the mural that's

22  on the south wall of the building at the corner of

23  Ash and Santa Fe, which was a Boom! festival mural

24  and you picked that mural up and moved it to the

25  north wall of The Cozy Inn, we would treat that

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212       Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

DEAN ANDREW

```
1    exactly the same as we treated the mural that's on
2    the south wall of that building.
3        BY MR. SHAW:
4        Q.    Is that to say you would not require a
5    Certificate of Compatibility in that scenario?
6        A.    We would not.
7        Q.    Okay.  Do you know someone by the name of
8    Travis Young?
9        A.    I do.
10       Q.    Who is Travis Young?
11       A.    He works for Salina Vortex, and he is one
12   of the organizers, original instigators of the
13   Boom! festival.
14       Q.    So was he at that meeting you referenced
15   earlier to discuss the Boom! festival?
16       A.    I was at one meeting when the Boom!
17   festival was first getting started.  He was
18   present along with Eric Montoy.
19       Q.    Okay.  Have you had any other
20   conversations with Mr. Young?
21       A.    I had one e-mail correspondence with him
22   related to downtown.  I correspond with him
23   regularly in the course of the business that he
24   owns which is Salina Vortex.
25       Q.    So you correspond with him about that
```

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212       Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

## DEAN ANDREW

```
1    artificial rectangles around it.  We treated the
2    entire north wall as part of the display area.
3         BY MR. SHAW:
4         Q.   Okay.  After Mr. Howard submitted this
5    application on November 13th or whenever he
6    submitted it, what was done with this application
7    by your department?
8         A.   It was placed on file and on hold.
9         Q.   What does it mean for it to be on hold?
10        A.   It means that we could not approve it,
11   but we were going to try to continue to work with
12   Mr. Howard to find a code-compliant code-based
13   solution that might allow ultimately the sign to
14   be installed.
15        Q.   Does the city code discuss procedures for
16   placing a sign permit on hold?
17             MS. JOKERST:  Object to form.
18        A.   It does not.
19        BY MR. SHAW:
20        Q.   So is placing a sign permit on hold just
21   a unwritten practice?
22             MS. JOKERST:  Object to form.
23        A.   It's not an unwritten practice.  It's
24   usually done in consultation with the applicant.
25        BY MR. SHAW:
```

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

## DEAN ANDREW

1    BY MR. SHAW:

2        Q.   **And at any point after he submitted his**

3    **application, did Mr. Howard consent to it being**

4    **placed on hold?**

5            MS. JOKERST:  Object to form.

6        A.   No.  Because he already knew we couldn't

7    approve it.

8    BY MR. SHAW:

9        Q.   **Okay.  But is that consent?**

10           MS. JOKERST:  Object to form.

11       A.   You tell me the difference between non-

12   approval and denial and I'll answer your question.

13   BY MR. SHAW:

14       Q.   **Well, a denial under the code triggers**

15   **certain appeal rights.  Is that correct?**

16           MS. JOKERST:  Object to form.

17       A.   What would he appeal?

18   BY MR. SHAW:

19       Q.   **He could appeal to the Board of Zoning**

20   **Appeals.  Is that correct?**

21           MS. JOKERST:  Object to form.

22       A.   He could appeal to the Board of Zoning

23   Appeals at any time.

24   BY MR. SHAW:

25       Q.   **So your position is that he may appeal at**

**Appino & Biggs** Reporting Service, Inc.

TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

# DEAN ANDREW

1  due to the unique nature of the existing signs at

2  The Cozy Inn, our office will be placing your

3  Certificate of Compatibility application and your

4  sign permit application on hold until our review

5  of the sign regulations is complete.  Is that

6  sentence past tense or future tense?

7          MS. JOKERST:  Object to form.

8     A.   I'm not sure I follow the question.

9     BY MR. SHAW:

10    Q.   Do you see where it says our office will

11 be placing your Certificate of Compatibility

12 application and sign permit application on hold?

13    A.   If I was writing it, it would say has

14 been placed.

15    Q.   I see.  Do you know why it was not

16 written in that manner?

17          MS. JOKERST:  Object to form.

18    A.   I do not have firsthand knowledge of

19 that.

20    BY MR. SHAW:

21    Q.   When was the application placed on hold?

22    A.   When it was received.

23    Q.   So would that be November 13th, 2023?

24    A.   That would be the date it was received if

25 that was in fact the date it was received.



5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

DEAN ANDREW

1        BY MR. SHAW:

2        Q.    Who wrote this letter?

3        A.    Dustin Michelson.

4        Q.    Did you instruct Mr. Michelson to write

5   this letter?

6        A.    Miss Driscoll and I -- Miss Driscoll

7   instructed it, and I was asked to work with Dustin

8   to get it out.

9        Q.    So did you review this before it was sent

10   out?

11        A.    I did.

12        Q.    Is there a reason you did not change the

13   wording so that it stated that it had been placed

14   on hold?

15        A.    No, other than I probably didn't pay

16   attention to that portion as much as I could have.

17   I was mostly focused on the wording of the third

18   paragraph.

19        Q.    The third paragraph saying as a part of

20   the city's review of the sign regulations, are you

21   referring to that paragraph?

22        A.    Yes.

23        Q.    Okay.  Why was Mr. Michelson instructed

24   to write this letter?

25        A.    One, he was just starting to get involved

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604           Suite 101                 Suite 305
785-273-3063               Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com        913-383-1131              316-201-1612

**DEAN ANDREW**

1    department is involved with, including The Cozy

2    Inn.

3        **Q.   So just so I've got this straight, it's**

4    **your position that The Cozy Inn's application was**

5    **placed on hold on November 6th, 2023.  Is that**

6    **correct?**

7            MS. JOKERST:  Object to form.

8        A.   Yes.  And we told Mr. Howard that we were

9    going to work to try to come up with a code

10   compliant solution that might ultimately end up

11   with his permit being issued for his display and

12   that that was going to take some amendments to our

13   current sign code.  And so we were trying to

14   convey the message that we were going to continue

15   to work with him as well as others in the

16   community who had sign issues of their own.

17           BY MR. SHAW:

18       **Q.   Does this letter make any reference to a**

19   **determination made on November 6th?**

20       A.   It does not.

21           MS. JOKERST:  Object to form.

22           BY MR. SHAW:

23       **Q.   Were you instructed to send this letter**

24   **by Miss Driscoll?**

25           MS. JOKERST:  Object to form.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

DEAN ANDREW

1   question pending.

2       BY MR. SHAW:

3       Q.    What is the difference between her asking

4   and her instructing you?

5           MS. JOKERST:  Object to form.

6       A.    Her mode of operation, her mode of

7   dealing with her subordinate staff.  Her mode of

8   operation is to ask.  And as my direct supervisor

9   and head of the department, ask, instruct, direct,

10  they're all the same.

11      BY MR. SHAW:

12      Q.    Okay.  So I was imagining emphasis --

13      A.    Ask is not a courtesy.

14      Q.    Okay.  Could you please turn to Exhibit

15  13, -- I'm sorry, Exhibit 12.

16      A.    Okay.

17      Q.    Do you recognize this document?

18      A.    That is a planning -- or that is a

19  Downtown Design Review Board then known as the Lee

20  District agenda that was sent out for that meeting

21  by Mr. Burger who's no longer with us.

22      Q.    Okay.  And I think you just answered

23  might have next question.  Is the Lee District the

24  same thing as the Downtown Salina Design Review

25  District?

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212       Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

**DEAN ANDREW**

1    installations?

2           MS. JOKERST:  Object to form.

3       A.   City code does not have a definition for

4    a mural.

5       BY MR. SHAW:

6       **Q.   Well, I understand that.  Does it have a**

7    **definition for art installation?**

8       A.   It does not.

9       **Q.   Okay.  If a business came to you and said**

10   **we would like to paint a mural, do we need a**

11   **Certificate of Compatibility, what would you tell**

12   **them?**

13          MS. JOKERST:  Object to form.

14      A.   I'd tell them I would like to see a

15   rendering of what they would like to do so I could

16   determine whether it's a regulated sign or not.

17      BY MR. SHAW:

18      **Q.   And if you determined that it is not a**

19   **regulated sign, what would you do then?**

20      A.   If it was not on the front facade of the

21   building, I would tell them that no regulatory

22   approvals are required.

23      **Q.   Is the mural at Salina Arts Center on the**

24   **front facade of that building?**

25      A.   It is.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

# DEAN ANDREW

1    sign or a historical sign.

2        Q.    Is it an abandoned sign?

3            MS. JOKERST:   Object to form -- no, I'm

4    not going to object to that.

5        A.    It is not an abandoned sign.

6    BY MR. SHAW:

7        Q.    What is it not an abandoned sign?

8        A.    Because it's a preexisting sign that was

9    exposed when a building was demolished in 1986.

10        Q.    Earlier when we were discussing

11   abandonment and non-conforming signs, you had

12   stated that the only non-conforming sign that

13   wasn't subject to abandonment was the theater

14   marquee signs.  Do you remember that?

15            MS. JOKERST:   Object to form.

16        A.    I don't recall it exactly that way.   I

17   recall reviewing that code section.

18   BY MR. SHAW:

19        Q.    So why is this sign not subject to

20   abandonment under 42-510?

21        A.    Because it was originally an internal

22   sign on the wall of a enclosed building that it

23   was exposed to daylight in 1986 when the building

24   that occupied that site was torn down turning the

25   interior wall into an exterior wall.



5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604               Suite 101               Suite 305
785-273-3063           Overland Park, KS 66212       Wichita, KS 67202
www.appinobiggs.com           913-383-1131            316-201-1612

DEAN ANDREW

1        BY MR. SHAW:

2            Q.    Do you see the mural next to this Bull

3    Durham mural?

4            A.    Not really.

5            Q.    Based on what you can see, has that been

6    maintained?

7                  MS. JOKERST:  Object to form.

8            A.    I can't speak to it because I don't know

9    what it is.

10           BY MR. SHAW:

11           Q.    Do you know who owns this building?

12           A.    I do know who owns that building.  It's

13   the home of Land Title Services.

14           Q.    Who runs Land Title Services?

15           A.    I believe the owner of Land Title

16   Services is Mike Hoppock.

17           Q.    Does Mr. Hoppock have any role in the

18   City of Salina?

19           A.    Mr. Hoppock is currently an elected city

20   commissioner.

21           Q.    Okay.  Please turn the page to Exhibit

22   16.  Are you familiar with this letter?

23           A.    I am familiar with this letter.

24           Q.    Do you see in the paragraph where it says

25   because the Treasure Chest facility discontinued

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

DEAN ANDREW

1       A.    It was.

2       Q.    Is that Schlotzsky's located inside of a

3   large shopping center?

4       A.    It's an outlot that's located in the Mid

5   State Plaza addition.

6       Q.    Do you know how the frontage for that

7   building was calculated?

8       A.    I do.

9       Q.    How was it calculated?

10      A.    It was calculated based off their 9th

11  Street frontage and the mall ring road on the

12  south.

13      Q.    I see.  So it wasn't just the street

14  frontage.  It was the parking lot of the large

15  shopping center which had a path for cars to

16  drive.  That was considered street frontage?

17      A.    No, that --

18            MS. JOKERST:  Object to form.

19      A.    That was considered to be a private

20  street that provided access to Schlotzsky's.

21  BY MR. SHAW:

22      Q.    Even though there's parking in between

23  Schlotzsky's and that private road?

24      A.    Yes.

25      Q.    Okay.  Go quickly to Exhibit 39, please.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

<strong>DEAN ANDREW</strong>

1        Q.    Would you please go to Exhibit 34.  So
2    that first page there of Exhibit 34, are you
3    familiar with that mural?

4        A.    I am.

5        Q.    When did you first learn about that
6    mural?

7        A.    When I saw it.

8        Q.    When was that?

9        A.    Don't recall, maybe 2022, maybe when I
10   was there doing an inspection.  Don't recall.

11       Q.    Okay.  And is that mural outside?

12       A.    I consider that mural and we have
13   considered that mural to be inside the practice
14   facility.

15       Q.    On the third page of that exhibit, Bates
16   No. 301, is that another angle depicting that
17   mural?

18       A.    Yes.

19       Q.    And is that mural covered by anything in
20   the facility?

21       A.    No.  But it is enclosed, and that wall
22   forms the north wall of the practice facility.

23       Q.    When was that determination made?

24       A.    Probably when we determined that it was
25   there.



5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

**DEAN ANDREW**

1    front of The Yard, is that 4th Street?

2          A.    That is 4th Street.

3          Q.    Is that a public street?

4          A.    It is a public street.  It's a public

5    right-of-way.

6          Q.    Okay.  And is the mural visible from 4th

7    Street?

8                MS. JOKERST:  Object to form.

9          A.    I think from this angle I can see a

10   corner of it.

11   BY MR. SHAW:

12         Q.    Okay.

13         A.    The part that's -- I don't know if that

14   fence has mesh in it or not, if that's what

15   obscuring it, but I can see the very corner.

16         Q.    Okay.  On the previous page with the

17   Bates No. 301, is that taken from the public

18   sidewalks?

19                MS. JOKERST:  Object to form.

20         A.    It looks like it's taken from the public

21   sidewalk.

22   BY MR. SHAW:

23         Q.    Okay.  And is the mural visible there?

24         A.    It is.

25         Q.    Okay.  Is there anywhere in the Salina

Appino & Biggs Reporting Service, Inc.

TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604             Suite 101                  Suite 305
785-273-3063                 Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com          913-383-1131              316-201-1612

**DEAN ANDREW**

1  **City Code where it discusses the orientation of a**

2  **sign?**

3       A.   It does not.  I searched in vain for it

4  and insisted that it did, but it does not.

5       Q.   **Okay.  And apart from your attorneys, I**

6  **don't want to know about anything you may have**

7  **spoken to with them, did you speak to anyone else**

8  **in preparation for today's deposition?**

9       A.   No.

10       MR. SHAW:  Okay.  I have no further

11  questions for you.

12       MS. JOKERST:  I'm going to have some

13  follow-up, but I want to take like a 10-minute

14  break to review my notes.  It should be pretty

15  quick.

16       MR. SHAW:  All right.  So back at 5:50?

17       MS. JOKERST:  4?

18       MR. SHAW:  Yeah, sorry, 4:50.

19       MS. JOKERST:  3:51 my time, 4:51 your

20  time, yes.

21       (THEREUPON, a recess was taken.)

22  CROSS-EXAMINATION

23  BY MS. JOKERST:

24       Q.   **Mr. Andrew, I'm going direct your**

25  **attention to Exhibit No. 7.  Can you pull that up?**

## DEAN ANDREW

1    that Steve Howard is lying in his application?

2              MS. JOKERST:  Object to form and

3    foundation.

4         A.   I don't even know what that means.

5         BY MR. SHAW:

6         Q.   Is it the position of the City of Salina

7    that Steve Howard has altered the rendition he

8    submitted to be different than what he originally

9    planned?

10             MS. JOKERST:  Object to form.

11        A.   I have no firsthand knowledge of that.

12        BY MR. SHAW:

13        Q.   Okay.  Do you have any reason to believe

14   that the imagery he submitted with his application

15   is not the imagery he intended to have painted on

16   his wall?

17             MS. JOKERST:  Object to form.

18        A.   I don't know who prepared and submitted

19   that.

20        BY MR. SHAW:

21        Q.   Okay.  But do you have any reason to

22   believe that Mr. Howard did not intend to have

23   that imagery placed on his wall?

24        A.   There is no basis --

25             MS. JOKERST:  Object to form.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

**DEAN ANDREW**

1      A.    -- to doubt what his ultimate intentions

2   were.

3      BY MR. SHAW:

4      Q.    Okay.  Does your department have a tape

5   measure?

6      A.    It does.

7      Q.    Is a tape measure an acceptable way to

8   measure a wall?

9      A.    Not a wall that's too tall to measure for

10  the tape measure.

11     Q.    Do you know how tall The Cozy Inn is?

12     A.    It's been determined to be -- those walls

13  are determined to be about 12 feet tall.

14     Q.    How long is your tape measure that the

15  department has?

16     A.    Nine feet.

17     Q.    Okay.  Does the department never need to

18  measure anything more than 9 feet?

19     A.    We have other tools for measuring things

20  that are tall.  But Pictometry is an acceptable

21  way to measure side wall heights, measure the

22  heights of houses and other things.

23     Q.    Okay.  Regarding the Certificate of

24  Compatibility for Eccentricity, do you know if Mr.

25  or Mrs. Mattison filed that certificate?

**Appino & Biggs** Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

364

# C E R T I F I C A T E

**STATE OF KANSAS**

**COUNTY OF SHAWNEE**

I, Sandra S. Biggs, a Certified Court Reporter, Commissioned as such by the Supreme Court of the State of Kansas, and authorized to take depositions and administer oaths within said State pursuant to K.S.A 60-228, certify that the foregoing was reported by stenographic means, which matter was held on the date, and the time and place set out on the title page hereof and that the foregoing constitutes a true and accurate transcript of the same.

I further certify that I am not related to any of the parties, nor am I an employee of or related to any of the attorneys representing the parties, and I have no financial interest in the outcome of this matter.

Given under my hand and seal the 14th day of October, 2024.

_____

Sandra S. Biggs, C.C.R No. 0716



Appino & Biggs Reporting Service, Inc.

TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612