# Exhibit DD Defendant's Amended Response to First Set of Interrogatories

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Cozy Inn, Incorporated, | ) |
| d/b/a The Cozy Inn; Stephen Howard, | ) |
| | ) |
| Plaintiffs, | ) CIVIL ACTION |
| | ) CASE NO. 6:24-cv-01027-TC-ADM |
| | ) |
| v. | ) |
| | ) |
| City of Salina, Kansas, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant City of Salina, Kansas ("the City"), by and through its attorneys Fairfield and Woods, P. C., hereby submits the following Amended Responses to Plaintiff's First Set of Interrogatories. The selected responses are set forth below:

### GENERAL OBJECTIONS

1.      Defendant objects to Plaintiffs' terms and definitions to the extent they attempt to impose obligations beyond the scope of the Federal Rules of Civil Procedure.

2.      Pursuant to the stipulation set forth in the Scheduling Order (Dkt. 29) at p. 6, Defendant objects to the production of any privilege log requiring Defendant to log documents or communications created on or after February 19, 2024 that are subject to the attorney-client, work product, and anticipation of litigation privileges.

3.      Defendant objects to each discovery request to the extent it seeks the disclosure of documents or information protected from discovery by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Any inadvertent disclosure

of any privileged communication or documents shall not constitute a waiver of the applicable privilege, and Defendant reserves the right to seek return of all copies of any privileged communication.

4.    Defendant objects to each discovery request to the extent that it seeks to require Defendant to disclose public documents that are equally available to all parties.

5.    Defendant objects to each discovery request to the extent it is vague, ambiguous, overly broad, unduly burdensome and oppressive, irrelevant to the claim or defense of any party, or otherwise not proportional to the needs of the case. F.R.C.P. 26(b)(1).

6.    Defendant objects to each discovery request to the extent it contains multiple, discrete subparts. *See* F.R.C.P. 33(a)(1).

7.    Defendant's responses are based on a reasonable and diligent search for information and are made to the best of its present knowledge, information, and belief. Because discovery in this matter is ongoing, Defendant reserves its right, consistent with Federal Rule of Civil Procedure 26(e), to supplement its Responses with additional or different information that further investigation or discovery may reveal.

8.    Defendant objects to each request to the extent it requires Defendant to provide a narrative account of its case or inquire beyond material facts supporting specific factual matters raised in the pleadings. *See*, *e.g.*, *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186–87 (D. Kan. 1997) and *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404 (D. Kan. 1998).

*9.*    Defendant objects to the extent the burden of deriving the answer from business records is substantially the same for Plaintiffs as it is for Defendant.  *See* F.R.C.P. 33(d); *see also*

*Linnebur v. United Telephone Ass'n, Inc.*, 2011 WL 3490022, *5 n.46 (D. Kan. Aug. 10, 2011).

      10.    The foregoing General Objections apply to and are incorporated into each and every specific Response below, whether or not expressly incorporated by reference. The repetition or omission of any General Objection in the Responses below should not be construed to mean that other applicable General Objections are not being asserted.

## FIRST SET OF INTERROGATORIES

7.  Please identify any murals that exceed the mural-sign code regime's size restrictions which the Defendant has determined are unregulated "art" within the last 5 years.

**OBJECTION AND RESPONSE: The City objects to this request to the extent it refers to the Sign Code or BID Code as the "mural-sign code regime." Subject to and without waiving this objection, the City does not apply the term mural as defined by Plaintiffs in their Terms and Definitions. The Sign Code regulates signs as defined by Salina Code § 42-764. If a display is not a sign it does not fall within the scope of the Sign Code and it is not regulated under § 42-764 and the accompanying size limitations. The City does not have the necessary information regarding the size or measurements of such displays or the size and measurements of the location of such displays to make a determination regarding whether the size of such a display would exceed the size limits of the Sign Code. Accordingly, it cannot "identify" as requested.**

8.  Please identify any murals that exceed the mural-sign code regime's size restrictions which the Defendant has determined are regulated "signs" within the last 5 years.

**OBJECTION AND RESPONSE: The City objects to this request to the extent it refers to the Sign Code or BID Code as the "mural-sign code regime." Subject to and without waiving this objection, the City does not use or apply the term "mural" as defined by Plaintiffs in their Terms and Definitions. The Sign Code regulates signs as defined by § 42-764, and if a display is a sign within the Sign Code it is subject to the size limits of the Sign Code.**

**The City has identified the following signs that it has determined exceed the applicable size limits of the Sign Code:**

- **The Cozy Sign**
- **Blacksmith Coffee Sign**
- **Original Grande Sign**
- **Library Bar Sign**
- **Temporary Sign at 1212 S Marymount Rd**
- **Temporary Sign at 684 Briarcliff Rd**
- **Temporary Sign at 1017 E. Magnolia Rd**

- **Temporary Sign at 2045 E. Crawford St.**
- **Temporary Sign at 1805 Lewis St.**
- **Banner Sign at 650 E. Crawford Ave**
- **Banner Sign at 1325 E. Cloud St.**
- **Wall Sign at 301 N. 9th St.**
- **Temporary sign at 701 Holly Ln**
- **Temporary sign at 662 S. 9th St.**
- **Temporary sign at 736 McAdams Rd**
- **Temporary sign at 708 W. Crawford Ave**
- **Temporary sign at 1212 S. Marymount Rd**
- **Temporary sign at 1008 E Elm St.**
- **Temporary sign at 2360 River Trail Rd**

Respectfully submitted this 23rd day of August, 2024.

s/ Aaron O. Martin

Aaron O. Martin
Bar Number 24170
Attorney for Defendant City
of Salina, Kansas
CLARK, MIZE &
LINVILLE, CHARTERED
P.O. Box 380
Salina, KS 67402-0380
Tel. (785) 823-6325
Fax: (785) 823-1868
Email:
aomartin@cml-law.com

s/ Todd G. Messenger

Todd G. Messenger,
CO Bar Number 38783
Pro Hac Vice Attorney for
Defendant City of Salina,
Kansas
Fairfield and Woods, P.C.
1801 California St.,
Ste. 2600
Denver, CO 80202
Tel. (303) 830-2400
Fax: (303) 830-1033
Email:
tmessenger@fwlaw.com

s/ Amanda C. Jokerst

Amanda C. Jokerst
CO Bar Number 47241
Pro Hac Vice Attorney for
Defendant City of Salina,
Kansas
Fairfield and Woods, P.C.
1801 California St.,
Ste. 2600
Denver, CO 80202
Tel. (303) 830-2400
Fax: (303) 830-1033
Email:
ajokerst@fwlaw.com

## VERIFICATION

I, Mike Schrage, as City Manager for the City of Salina, Kansas, declare that the foregoing responses to the interrogatories contained in the foregoing **DEFENDANT'S AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF DISCOVERY TO PLAINTIFFS** are true and correct as of this date based upon my present knowledge, information, and belief.

_____
Signature

Executed on August 23, 2024

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2024, I caused the foregoing **DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** to be served on the following parties by electronic mail as follows:

Jeffrey Shaw.
Samuel G. MacRoberts
Kansas Justice Institute
12980 Metcalf Avenue, Suite 130
Overland Park, KS 66213
Telephone: 913-213-5121; 913-213-5018
E-mail: jeff@kansasjusticeinstitute.org; sam.macroberts@kansasjusticeinstitute.org

*Attorneys for Plaintiffs*

*/s/ Amanda C. Jokerst*
Amanda C. Jokerst