# Exhibit FF
# White Deposition Excerpts

```
 1  .
 2              IN THE UNITED STATES DISTRICT COURT
 3                  FOR THE DISTRICT OF KANSAS
 4  .
 5  .
 6  COZY INN, INCORPORATED, d/b/a
 7  THE COZY INN; STEPHEN HOWARD,
 8            Plaintiffs,
 9  .
10       vs.      Civil Action No. 6:24-cv-01027-TC-ADM
11  .
12  CITY OF SALINA, KANSAS,
13            Defendant.
14  .
15  .
16                       DEPOSITION OF
17                       MARK WHITE,
18  taken on behalf of the Plaintiffs, pursuant to
19  Notice to Take Deposition, beginning at 9:07 a.m.
20  on the 31st day of October, 2024, at Kansas
21  Justice Institute, 12980 Metcalf Avenue, Suite
22  130, in the City of Overland Park, County of
23  Johnson, and State of Kansas, before Sandra S.
24  Biggs, Kansas CCR No. 0716.
25  .
```

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

1      BY MR. MACROBERTS:
2      Q.   If you -- so I have -- I've given you the
3 exhibits for today's deposition.  Exhibit 1 I'll
4 represent to you is the expert disclosure that was
5 filed.  It might help you just to be able to look
6 at that for a little bit.  I see in the
7 disclosure that Salina considers you an expert in
8 urban and regional planning.  Is that urban and
9 regional planning the same thing that you got your
10 master's in?
11     A.   Yes.
12     Q.   And Salina's considering you an expert in
13 zoning.  Do you see that?
14     A.   Yes.
15     Q.   What does that mean to be an expert in
16 zoning?
17     A.   Well, zoning involves the regulation of
18 land use and development of land use in a
19 community, and that's something that we engage in
20 and that I have engaged in for over three decades.
21     Q.   What is form-based zoning?  It's
22 mentioned here in Exhibit 1 if that's helpful.
23     A.   Yes.  Form-based zoning is a type of
24 zoning regulation that de-emphasizes the
25 regulation of uses and focuses more on regulating

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION
5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

MARK WHITE

1    Q.    What about legal cases?  Did you cite
2    legal cases that have the tendency to -- that
3    could have the tendency to undermine your
4    opinions?
5          MS. JOKERST:  Object to form.
6    A.    Not that I'm aware of, but there could be
7    statements in those cases that somebody could use
8    as an argument against things that are in the
9    report, I suppose.
10         BY MR. MACROBERTS:
11   Q.    Did you include any disputed facts or any
12   facts that could undermine your opinion?
13         MS. JOKERST:  Object --
14         BY MR. MACROBERTS:
15   Q.    -- in your report?
16         MS. JOKERST:  Object to form.
17   A.    Not that I recall.
18         MR. MACROBERTS:  Can we take a five-
19   minute break?
20         THE WITNESS:  Yes.  I was going to ask
21   the same thing.
22         MR. MACROBERTS:  Yeah.
23         (THEREUPON, a recess was taken.)
24         BY MR. MACROBERTS:
25   Q.    All right.  Mark, do you know whether the

```
 1   City of Salina commissioned or conducted any
 2   studies before drafting any version of their sign
 3   code?
 4          MS. JOKERST:  Object to form.
 5      A.  I am not aware of any.
 6          BY MR. MACROBERTS:
 7      Q.  Do you have any knowledge about why the
 8   sign code had been amended at any point?
 9          MS. JOKERST:  Object to form.
10      A.  No.
11          BY MR. MACROBERTS:
12      Q.  Are you aware of any peer reviewed
13   studies that have analyzed the efficacy of
14   Salina's sign code in promoting the goals,
15   objectives and policies of the comprehensive plan?
16          MS. JOKERST:  Object to form.
17      A.  I'm not aware of any peer reviewed
18   studies specifically to -- specific to Salina's
19   own sign code.
20          BY MR. MACROBERTS:
21      Q.  So then I was going go through each one.
22   I appreciate you saying that.  How about any
23   studies at all.  My previous question was peer
24   reviewed studies.  Are you aware of any studies
25   that have analyzed the efficacy of Salina's sign
```

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

1  **code?**

2          MS. JOKERST:  Object to form.

3     A.   I am not aware that there were or were

4  not studies specific to Salina's sign code.

5          BY MR. MACROBERTS:

6     **Q.   So one way or the another, you're not**

7  **aware?**

8     A.   Correct.

9          MS. JOKERST:  Object to form.

10         THE WITNESS:  Sorry, Amanda.  Go ahead.

11 Amanda objected.

12         MR. MACROBERTS:  It is noted.  I am

13 certain of that.

14         BY MR. MACROBERTS:

15    **Q.   All right.  So for purposes of your**

16 **report, you used the word mural to mean, quote, an**

17 **outdoor exhibit painted on a wall that does not**

18 **fall with the sign code's parameters and that may**

19 **include art but does not announce, direct**

20 **attention to or advertise.  You meant within.  Is**

21 **that right?  Does not fall within the sign code's**

22 **parameters?**

23         MS. JOKERST:  Object to form.

24         BY MR. MACROBERTS:

25    **Q.   And for reference --**

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

1   **clutter contributes to decline and traffic safety**
2   **and in the same paragraph write public art does**
3   **not create this type of distraction.  Do you see**
4   **that?**
5        A.   Yes.
6        **Q.   You don't define what public art is in**
7   **that, correct?**
8             MS. JOKERST:  Object to form.
9        A.   I do not have a footnote on that page
10  that defines what public art is.
11       BY MR. MACROBERTS:
12       **Q.   There's no citation in your report for**
13  **the proposition that public art can't create**
14  **clutter?**
15            MS. JOKERST:  Object to form.
16       A.   I don't think that there's any documents
17  cited in the report that says that public art
18  could never create clutter.
19       BY MR. MACROBERTS:
20       **Q.   Are you aware of any evidence that**
21  **establishes that private art is more dangerous**
22  **than public art?**
23            MS. JOKERST:  Object to form.
24       A.   Well, I don't have a definition of those
25  two, but that said, I'm not aware of a report that

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION
5111 SW 21st Street   6420 W. 95th Street    800 E. 1st Street
Topeka, KS 66604      Suite 101              Suite 305
785-273-3063          Overland Park, KS 66212  Wichita, KS 67202
www.appinobiggs.com   913-383-1131           316-201-1612

1   gets into the distinctions between those two and
2   their impacts.
3           BY MR. MACROBERTS:
4       Q.  Are you aware of any studies that
5   establish private art is more dangerous than
6   public art?
7           MS. JOKERST:  Object to form.
8       A.  Not off the top of my head, no.
9           BY MR. MACROBERTS:
10      Q.  Are there any cases that establish
11  private art is more dangerous than public art?
12          MS. JOKERST:  Object to form.
13          BY MR. MACROBERTS:
14      Q.  That you're aware of?
15      A.  Not that I'm aware of.
16          MR. MACROBERTS:  It's 12:10, do you want
17  to take a break.
18          THE WITNESS:  Certainly.
19          MR. MACROBERTS:  All right.
20          (THEREUPON, a recess was taken.)
21          BY MR. MACROBERTS:
22      Q.  All right.  Mark, are you -- are you
23  aware of any evidence that establishes that
24  commercial content painted on a wall is more
25  dangerous than non-commercial content painted on a

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION
5111 SW 21st Street       6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604          Suite 101                 Suite 305
785-273-3063              Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com       913-383-1131              316-201-1612

1   wall?
2           MS. JOKERST:  Object to form.
3       A.  I'm not aware of anything that specific.
4       BY MR. MACROBERTS:
5       Q.  Are you aware of any study or case law
6   that establishes that commercial content painted
7   on a wall is more dangerous than non-commercial
8   content painted on a wall?
9           MS. JOKERST:  Object to form.
10      A.  Again, I can't think of anything that
11  specific.
12      BY MR. MACROBERTS:
13      Q.  Okay.  Are you aware of any evidence that
14  would establish that a burger-esque UFO mural is
15  more dangerous than a pizza-esque UFO mural?
16          MS. JOKERST:  Object to form.
17      A.  Again, I can't think of anything that
18  specific.
19      BY MR. MACROBERTS:
20      Q.  Same with studies and case law.  There
21  are no studies in cases that would say that?
22      A.  I --
23          MS. JOKERST:  Object to form.
24      A.  Oh, go ahead.
25          MS. JOKERST:  Just object to form.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION
5111 SW 21st Street    6420 W. 95th Street    800 E. 1st Street
Topeka, KS 66604       Suite 101              Suite 305
785-273-3063           Overland Park, KS 66212  Wichita, KS 67202
www.appinobiggs.com    913-383-1131           316-201-1612

```
 1      BY MR. MACROBERTS:
 2           Q.    I want to go back to Deposition Exhibit
 3      5, the photograph of the Mural at the Mill.  Do
 4      you agree that the Mural at the Mill is not
 5      dangerous?
 6                 MS. JOKERST:  Object to form.
 7           A.    I don't have any data about the Mural in
 8      the Mill and its impacts on traffic safety.
 9      BY MR. MACROBERTS:
10           Q.    Do you have any reason to believe that
11      the Mural at the Mill display is dangerous?
12           A.    No.
13           Q.    Would the exact same mural become
14      dangerous if a daycare business had it painted on
15      their wall?
16                 MS. JOKERST:  Object to form.
17           A.    Not that I know of.
18      BY MR. MACROBERTS:
19           Q.    What about if a daycare business started
20      operating inside the mill?  Would the mural become
21      dangerous once a daycare started operating inside?
22                 MS. JOKERST:  Object to form.
23           A.    I would have to know more about the
24      business itself to assess its own land use
25      impacts.
```



Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

1      BY MR. MACROBERTS:

2      **Q.   Not talking about land use impacts.**

3      A.   It's a very generic term, daycare
4  business.

5      **Q.   Sure.  Let's say that this mural is still**
6  **at the mill and let's say a daycare business**
7  **started operating inside the mill, compliant with**
8  **the code, the kids are inside, they're not running**
9  **out in the streets, things like that.  Okay.  Does**
10 **the mural become dangerous simply because a**
11 **business was operating inside of that that**
12 **pertained to the mural?**

13          MS. JOKERST:  Object to form.

14     A.   Not that I know of.

15          MS. JOKERST:  Sorry.  Did I miss a
16 question?  I heard like a cough and then what
17 sounded like maybe someone said why.

18          MR. MACROBERTS:  No.  There was no
19 question.

20          MS. JOKERST:  Oh, okay.

21     BY MR. MACROBERTS:

22     **Q.   You testified in your report that**
23 **aesthetics is a substantial and compelling**
24 **interest, correct?**

25     A.   Yes.  I testified that it's either one.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street         800 E. 1st Street
Topeka, KS 66604             Suite 101                   Suite 305
785-273-3063                 Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com          913-383-1131                316-201-1612

1  were at issue in those cases.
2       Q.   Are you aware of any complaints made
3  about the display at The Cozy other than from city
4  workers?
5       A.   No, I'm not aware of any -- any
6  complaints that were filed.
7       Q.   Are you aware of any academic research
8  that either does or does not support the notion
9  that the public likes painted signs less than
10 other types of painted displays?
11           MS. JOKERST:  Object to form.
12      A.   I'm not aware of any studies that
13 distinguish painting on a wall versus painting
14 somewhere else.
15           BY MR. MACROBERTS:
16      Q.   What about the different types of
17 paintings on a wall?  Are you aware of any
18 research that says one type of painting on a wall
19 is more aesthetically pleasing than another type
20 of painting on a wall?
21           MS. JOKERST:  Object to form.
22      A.   Not that I can recall.
23           BY MR. MACROBERTS:
24      Q.   Are you aware of any evidence that would
25 establish that a burger-esque UFO is less

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street       6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604          Suite 101                  Suite 305
785-273-3063              Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com       913-383-1131               316-201-1612

1   aesthetically pleasing than a pizza-esque UFO
2   mural?
3              MS. JOKERST:  Object to form.
4       A.   Not that I can recall.
5       BY MR. MACROBERTS:
6       Q.   Are you aware of any study that would
7   establish that a burger-esque UFO mural is less
8   aesthetically pleasing than a pizza-esque UFO
9   mural?
10             MS. JOKERST:  Object to form.
11      A.   I can't recall anything that specific.
12      BY MR. MACROBERTS:
13      Q.   Are you aware of any evidence, study or
14  case that establishes that commercial content
15  painted on a wall is less aesthetically pleasing
16  than non-commercial content painted on a wall?
17             MS. JOKERST:  Object to form.
18      A.   In terms of painting on a wall
19  specifically, not specifically, but there are tons
20  of studies on the traffic distraction factor
21  associated with commercial signs.
22      BY MR. MACROBERTS:
23      Q.   Well --
24      A.   So --
25      Q.   -- I appreciate that.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION
5111 SW 21st Street    6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604       Suite 101                 Suite 305
785-273-3063           Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com    913-383-1131              316-201-1612

1      A.    Okay.

2      Q.    **Do you believe that the Mural at the Mill**
3  **on Exhibit 5 is aesthetically pleasing?**

4            MS. JOKERST:  Object to form.

5      A.    To me personally, it is.

6      BY MR. MACROBERTS:

7      Q.    **Does that mural become less aesthetically**
8  **pleasing if a daycare business were being operated**
9  **inside the mill?**

10           MS. JOKERST:  Object to form.

11     A.    I don't have a basis for saying that it
12 would.

13     BY MR. MACROBERTS:

14     Q.    **On page 8 of your report, you wrote**
15 **neuroscience studies have demonstrated positive**
16 **amplitude from persons viewing artwork as opposed**
17 **to negative responses from viewing commercial**
18 **symbols.  Do you see that?**

19     A.    Yes.

20     Q.    **Did you read the Cheng, 2023 study?**

21     A.    Yes.

22     Q.    **Is it your opinion that that is what the**
23 **Cheng, 2023 study, in fact, said?**

24     A.    There is a statement in the study to that
25 effect that I believe cites another study.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION
5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

1    about the limitations.  So my question to you is
2    do you agree that there weren't control groups for
3    this?
4            MS. JOKERST:  I'll object to form again.
5    It's not a complete copy.
6        A.   Yes.  And I don't know because I don't
7    know what the context of control groups is.  They
8    may have discussed that earlier.  There may be
9    different kinds of control groups.  I just don't
10   know.
11           BY MR. MACROBERTS:
12       Q.   So as you're sitting --
13       A.   Without reading the whole report, I would
14   not know.
15       Q.   Got it.  As you're sitting here right
16   now, though, do you know whether that asphalt art
17   report had control groups or not?
18       A.   Not off the top of my head.
19       Q.   We're going to go back to the report, and
20   I think this is going to be fast.  We're going to
21   go back to your publication, not report,
22   publication, Exhibit No. 3.
23       A.   Okay.
24       Q.   You agree that your publication is a
25   reliable authority?



| | |
|---|---|
| 1 | MS. JOKERST:  Object to form. |
| 2 | A.   Yes. |
| 3 | BY MR. MACROBERTS: |
| 4 | Q.   All right.  On page 14, you wrote while |
| 5 | this does not require a compelling interest, the |
| 6 | local government has the burden of proof, and bans |
| 7 | on speech that target truthful, non-misleading |
| 8 | commercial messages are unlikely to survive |
| 9 | immediate scrutiny.  Do you see that? |
| 10 | A.   Yes. |
| 11 | Q.   Did I read that correctly? |
| 12 | A.   Yes. |
| 13 | MR. MACROBERTS:  I have no other |
| 14 | questions. |
| 15 | MS. JOKERST:  I have some follow-up. |
| 16 | CROSS-EXAMINATION |
| 17 | BY MS. JOKERST: |
| 18 | Q.   All right.  We'll actually just stay |
| 19 | here, Mr. White, on Exhibit 3. |
| 20 | A.   Um-hum. |
| 21 | Q.   And you were asked a little bit about -- |
| 22 | I'm looking here, the pointers.  There was some |
| 23 | pointers on this.  I'm trying to find the page |
| 24 | here.  So page 15. |
| 25 | A.   Um-hum. |



Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION
5111 SW 21st Street   6420 W. 95th Street   800 E. 1st Street
Topeka, KS 66604      Suite 101              Suite 305
785-273-3063          Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com   913-383-1131           316-201-1612

204

**CERTIFICATE**

**STATE OF KANSAS**

**COUNTY OF SHAWNEE**

I, Sandra S. Biggs, a Certified Court Reporter, Commissioned as such by the Supreme Court of the State of Kansas, and authorized to take depositions and administer oaths within said State pursuant to K.S.A 60-228, certify that the foregoing was reported by stenographic means, which matter was held on the date, and the time and place set out on the title page hereof and that the foregoing constitutes a true and accurate transcript of the same.

I further certify that I am not related to any of the parties, nor am I an employee of or related to any of the attorneys representing the parties, and I have no financial interest in the outcome of this matter.

Given under my hand and seal this 4th day of November, 2024.

_____Sandra S. Biggs_____
     Sandra S. Biggs, C.C.R No. 0716

