**Sec. 1-11. Severability.**

If for any reason any chapter, article, section, subsection, sentence, clause or phrase of this Code or the application thereof to any person or circumstances, is declared to be unconstitutional or invalid or unenforceable, such decision shall not affect the validity of the remaining portions of this Code.

(Code 1966, § 1-9)

(Supp. No. 14)

Created: 2024-08-20 11:44:19 [EST]

**EXHIBIT C**

## Sec. 42-500. Purpose.

This article promotes the public health, safety and welfare of the community through a comprehensive system of reasonable, effective, consistent, content-neutral and nondiscriminatory sign standards and requirements, narrowly drawn to:

(1) Ensure that all signs installed in the city are compatible with the character and visual environment of the community and promote the goals, objectives and policies of the comprehensive plan;

(2) Balance public and private objectives by allowing adequate avenues for both commercial and non-commercial messages;

(3) Improve pedestrian and traffic safety by promoting the free flow of traffic and the protection of pedestrians and motorists from injury and property damage caused by, or which may be fully or partially attributable to, unsecured, cluttered, distracting, and/or illegible signage;

(4) Protect the aesthetic appearance of the city's natural and built environment for its citizens and visitors;

(5) Prevent property damage, personal injury, and litter caused by signs that are improperly constructed or poorly maintained;

(6) Protect property values, the local economy, and quality of life by preserving and enhancing the appearance of the streetscape; and

(7) Provide for the placement of temporary signs in limited circumstances, without regard to the communicative content of the sign.

(8) Provide consistent design standards that enable the fair and consistent enforcement of these sign regulations.

(9) Enhance the city's ability to maintain its public rights-of-way.

(Ord. No. 17-10882, § 1, 7-10-17)

**Sec. 42-501. Permits.**

No sign, except for normal repair and for signs listed in sections 42-504 and 42-505, shall be painted, constructed, erected, remodeled, relocated or expanded until a zoning certificate (sign permit) for such sign has been obtained pursuant to the procedure set forth in this article.

(Code 1966, § 36-900)

**Sec. 42-502. Zoning certificate (sign permit) required.**

(a)  The zoning certificate (sign permit) must be obtained from the office of the zoning administrator.

(b)  A zoning certificate (sign permit) shall be either issued or refused by the zoning administrator within ten (10) days after the receipt of an application therefore or within such further period as may be agreed to by the applicant. No zoning certificate for any sign shall be issued unless the sign complies with the regulations of this article.

(c)  A zoning certificate (sign permit) shall become null and void four (4) months after the date on which it is issued unless within such four-month period, construction, building, moving, remodeling or reconstruction of a structure or sign is commenced or a use is commenced.

(Code 1966, § 36-901)

**Sec. 42-521. C-3 and C-4 commercial districts.**

The following sign regulations shall apply in the C-3 shopping center and C-4 central business districts:

(1) *Functional types permitted.* Any type listed in section 42-506, except that advertising signs for other than special public events sponsored by governmental, philanthropic and nonprofit organizations shall be prohibited in the C-4 district and district and advertising signs other than computerized electronic message displays shall be prohibited in the C-3 district.

(2) *Structural types permitted.* Any type listed in section 42-507, except that mobile signs and roof signs shall be prohibited in the C-4 district.

(3) *Number of signs permitted.* No maximum limitation in the C-3 district. In the C-4 district, four (4) signs per business with a maximum of ten (10) signs per zoning lot; provided, however, the following additional restrictions shall apply:

   a. No more than one (1) projecting sign or ground/pole sign shall be allowed per street frontage.

   b. Ground/pole signs shall be allowed only on zoning lots without buildings or those with buildings having a front yard setback of ten (10) feet or more.

   c. Ground/pole signs and projecting signs shall not be allowed in combination along the same street frontage.

(4) *Maximum gross surface area:*

   a. In the C-3 district, four (4) square feet of sign area for each lineal foot of building frontage; where no building frontage exists, one (1) square foot of sign area for each lineal foot of street frontage.

   b. In the C-4 district, three (3) square feet of sign area for each lineal foot of building frontage for allowable signage other than a ground/pole sign or a projecting sign; where no building frontage exists, one (1) square foot of sign area for each lineal foot of street frontage. Irrespective of building or street frontage, no property or zoning lot shall be restricted to less than thirty-six (36) square feet of sign area. No more than sixty-seven (67) percent of allowable sign area may be displayed on any building wall or street frontage. In regards to projecting signs and ground/ pole signs, the following maximum area limitations shall apply:

| Building Frontage | Projecting Signs* | Ground/Pole Signs |
| --- | --- | --- |
| 25 feet or less | 30 sq. ft. | 45 sq. ft. |
| 26—50 feet | 36 sq. ft. | 54 sq. ft. |
| 51 feet or more | 48 sq. ft. | 72 sq. ft. |

*The maximum area for a projecting sign on a building wall without street frontage shall be four (4) square feet.

(5) *Maximum height.* In the C-3 and C-4 districts, ground/pole signs may not exceed thirty (30) feet in height above grade. In the C-4 district, projecting or wall signs may not project above the lowest point of the roof of the structure to which it is attached.

(Ord. No. 90-9381, §§ 5, 9, 5-14-90; Ord. No. 07-10425, § 1, 12-03-07)

### Sec. 42-597. Board of zoning appeals.

(a) *Authorization.* The board of zoning appeals for the city is hereby established in accordance with K.S.A. 12-714.

(b) *Membership.* The board shall consist of seven (7) members who shall be appointed by the mayor with the approval of the board of city commissioners. All members shall be residents of the city. None of the members appointed shall hold any other elected or appointed office or position in the city government, except that one member shall be a member of the planning commission.

(c) *Power and duties.* The board shall have the power to:

(1) Hear and decide appeals where it is alleged there is an error in any order, requirement, decision or determination made by the zoning administrator in the enforcement of the zoning regulations. The board may reverse or may modify the order, requirement, decision or determination and to that end shall have all the powers of the administrative official from whom the appeal is taken.

(2) Authorize in specific cases a variance from the specific terms of these zoning regulations which shall not be contrary to the public interest where, due to special conditions, a literal enforcement of the provisions of the regulations will result in unnecessary hardship for the applicant. The board shall be limited to granting variances on matters including, but not limited to, building height, setbacks, lot size and lot coverage, as provided by the zoning regulations. A request for a variance may be granted after a public hearing upon a finding by the board that all of the following conditions have been met:

   a. The variance requested arises from such condition which is unique to the property in question and which is not ordinarily found in the same zone or district, and is not created by an action or actions of the property owner or applicant.

   b. The granting of the permit for variance will not adversely affect the rights of adjacent property owners or residents.

   c. The strict application of the provisions of the zoning regulations from which the variance is requested will constitute an unnecessary hardship upon the property owner represented in the application.

   d. The variance requested will not adversely affect the public health, safety, morals, order, convenience, prosperity, or general welfare.

   e. Granting the variance desired will not be opposed to the general spirit and intent of the zoning regulations.

(3) In permitting a variance, the board may impose appropriate conditions and safeguards including, but not limited to, planting screens, fencing, construction commencement and completion dates, lighting, road access restrictions, parking requirements or any other requirement which the board deems appropriate under the circumstances, upon a finding that they are necessary to fulfill the purpose and intent of the zoning regulations.

(4) The board is not authorized to issue the following types of variances:

   a. A variance which would allow a use not otherwise permitted in the zoning district.

   b. A variance to a zoning ordinance definition.

   c. A variance to expand or enlarge a nonconforming use.

   d. A variance that would increase residential density above the maximum allowed in a zoning district.

- e. A variance that would create a zero lot line setback.
- f. A variance to the owner of a substandard lot where such lot was created in violation of the zoning regulations.
- g. A variance that would increase the number of permitted signs on a zoning lot.

(d) *Commencement of proceeding before the board.*

   (1) *Appeals.*

   a. By whom: appeals to the board may be taken by any person aggrieved, or by any officer, department, or board of the city, or any governmental agency or body affected by any decision or interpretation of the zoning administrator. Such appeal shall be filed with the secretary of the board within thirty (30) days from the date of the decision by the zoning administrator, and such appeal shall specify, in writing, the grounds for appeal of the administrator's decision. The zoning administrator, when notified by the board of zoning appeals, shall transmit to the board all the papers constituting the record upon which the action appealed from was taken, within the time period established by the rules of the board.

   b. Effect of appeal: an appeal stays all proceedings in furtherance of the action appealed from, including a permittee's right to proceed with development or other activities under a building permit, the issuance of which is a subject of the appeal.

   (2) *Variances.* Any person may apply to the board for a variance by filing an application with the secretary of the board. The application shall include the following:

   a. The name, address, telephone number and signature of the property owner and applicant.

   b. The name and address of the architect, professional engineer or contractor, if any.

   c. A site plan of the property showing the following:

      1. Property lines of the subject property.
      2. Size and location of existing structures and the distance between all existing and proposed structures on the property.
      3. Setbacks for all existing and proposed structures on the property.
      4. Any other dimension and/or information that may be relevant to the request.

   d. A survey or verification that property and structure dimensions on the site plan are correct.

   e. The names and addresses of the record owners of all property adjoining the property in question.

   f. A narrative statement of how the statutory requirements in K.S.A. 12-715 are met.

   (3) *Representation.* An applicant must appear in person at the public hearing, or be represented by an agent or attorney, in order for the board to act on the application.

(e) *Written decisions.* The board shall render its decision and findings in writing within thirty (30) days of the conclusion of the hearing. Decisions shall be filed in a public office designated by the board of commissioners and shall be a public record.

(f) *Dissatisfaction with the determination of the board.* Any person, official or governmental body dissatisfied with any order or determination of the board of zoning appeals may bring an action in district court to determine the reasonableness of any such order or determination.

(Code 1966, § 36-1201; Ord. No. 88-9244, § 1, 4-11-88)

Cross reference(s)—Administration, ch. 2; boards and commissions generally, § 2-136 et seq.

## Sec. 42-637. Building.

*Building* is any covered structure built for the support, shelter or enclosure of persons, animals, chattels or moveable property of any kind, and which is permanently affixed to the land.

(Code 1966, § 36-1301(21))

**Sec. 42-764. Sign.**

*Sign* is any writing (including letters, words or numerals), pictorial representation (including illustrations or decorations), emblem (including devices, symbols, or trademarks), flag, banner, streamer, pennant, string of lights, or display calculated to attract the attention of the public, or any other figure of similar character which:

(1)  Is a structure or any part thereof, or a portable display, or is attached to, painted on, or in any other manner represented on a building or other structure or on the ground;

(2)  Is used to announce, direct attention to, or advertise; and

(3)  Is not located inside a building.

(Code 1966, § 36-1301(145))

**Sec. 42-781. Sign, wall.**

*Wall sign* is a sign fastened to or painted on a wall of a building or structure in such a manner that the wall becomes merely the supporting structure or forms the background surface, and which does not project more than twelve (12) inches from such building.

(Code 1966, § 36-1301(162))