9/30/2024                                                            1
                        **DEAN ANDREW**

 1    .

 2                   IN THE UNITED STATES DISTRICT COURT

 3                     FOR THE DISTRICT OF KANSAS

 4    .

 5    .

 6    COZY INN, INCORPORATED, d/b/a

 7    THE COZY INN; STEPHEN HOWARD

 8            Plaintiffs,

 9    .

10        vs.        Civil Action No. 6:24-cv-01027-TC-ADM

11    .

12    CITY OF SALINA, KANSAS,

13            Defendant.

14    .

15    .

16                              DEPOSITION OF

17                              DEAN ANDREW,

18    taken on behalf of the Plaintiffs, pursuant to

19    Notice to Take Deposition, beginning at 9:02 a.m.

20    on the 30th day of September, 2024, at Clark, Mize

21    & Linville, 129 S. 8th Street, in the City of

22    Salina, County of Saline, and State of Kansas,

23    before Sandra S. Biggs, Kansas CCR No. 0716.

24    .

25    .



5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

**EXHIBIT D**

# DEAN ANDREW

1    Q.    Okay.  Is there any reason you can't

2    testify here today?

3    A.    I can't think of any.

4    Q.    All right.

5    A.    Seasonal allergies have spiked, and I'll

6    muddle through the best I can.  If I lose my

7    voice, I'll just need to drink some water.

8    Q.    All right.  And if at any time you need

9    to take a break, that is fine.  Just let me know.

10    The only condition on that would be that if

11    there's a question pending that you answer that

12    question first and go to break.

13    A.    Okay.

14    Q.    What is your current job title?

15    A.    I'm the Planning and Zoning administrator

16    for the City of Salina.

17    Q.    And how long have you had that job?

18    A.    That specific job since 2009.  I've been

19    employed as a planner by the city for 37 years.

20    Q.    Okay.  So, since 2009, you've been the

21    zoning administrator.  Before that, you were just

22    a planner?

23    A.    I've had various titles.

24    Q.    Okay.

25    A.    But I've always worked in the Planning

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

## DEAN ANDREW

1   Department since I was hired.

2        Q.    All right.  And what was your educational

3   background before working for the City of Salina?

4        A.    I have a Bachelor's and Master's degree

5   from Kansas State University in urban geography

6   and planning.  And I have a Juris Doctorate degree

7   from the University of Iowa, and I've been

8   admitted to the Iowa and Kansas bars.

9        Q.    All right.  And in your role as zoning

10  administrator, who do you report to?

11       A.    Lauren Driscoll is the director of

12  Community and Development Services.

13       Q.    And does anyone report to you?

14       A.    I have three planners who report to me.

15       Q.    Other than those three planners, does

16  anyone else report to you?

17       A.    No, just those three planners.  That's

18  the Planning Division.

19       Q.    Who are the three planners?

20       A.    Dustin Herrs, Dustin Michelson and Gage

21  Roberts.

22       Q.    And when you make a determination as a

23  zoning administrator, does anyone in the city have

24  the authority to overrule you?

25       A.    The Board of Zoning Appeals can overrule



5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212       Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

DEAN ANDREW

1    correct?

2        A.    Yes.

3            MS. JOKERST:  Object to form.

4        BY MR. SHAW:

5        Q.    And after that, does it say or display

6    calculated to attract the attention of the public?

7        A.    Yes.

8        Q.    Is the meaning of this section saying

9    that any writing, pictorial representation,

10   emblem, flag, banner, streamer, pendant, string of

11   lights or display that is calculated to attract

12   the attention of the public meets the definition

13   of a sign?

14           MS. JOKERST:  Object to form.

15       A.    That can't be read without reference to

16   subsections 1, 2 and 3.

17       BY MR. SHAW:

18       Q.    Well, is there also an or after

19   calculated to attract the attention of the public?

20       A.    Are you asking me if there's an or in

21   front of it or after it.

22       Q.    Is there an or after calculated to

23   attract the attention of the public?

24       A.    Yes.

25       Q.    So does that second or separate the any

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

### DEAN ANDREW

1    flag?

2        A.    Flag, banner, streamer, pennant or string

3    of lights.

4        BY MR. SHAW:

5        Q.    Okay.  And such a display if it's

6    calculated to attract the attention of the public

7    would be a sign?

8            MS. JOKERST:  Object to form.

9        A.    No, because, again, I can't make a

10   determination without using subsections 1, 2 and

11   3.

12       BY MR. SHAW:

13       Q.    Why is the second or there, I guess?

14           MS. JOKERST:  Object to form.

15       A.    You're speaking again to this or after

16   the word public?

17       BY MR. SHAW:

18       Q.    Yes, that's correct?

19       A.    Well, if the code drafter was here, I

20   would ask them, but my interpretation would be

21   that it's somewhat redundant because display or

22   any other figure seems to be somewhat repetitive.

23       Q.    Okay.  So the display calculated to

24   attract the attention of the public has to also be

25   married with the three subsections?

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604             Suite 101                  Suite 305
785-273-3063                 Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com          913-383-1131               316-201-1612

**DEAN ANDREW**

1    A.    Yes.

2    Q.    So then a display would have to both

3    attract the attention of the public and direct the

4    attention of the public.  Is that correct?

5    A.    No.

6    Q.    So a display that was only calculated to

7    attract the attention of the public would be a

8    sign?

9    A.    A display calculated to attract the

10   attention of the public that was used to announce,

11   direct attention to or advertise would be a sign.

12   Q.    Okay.  So it would have to both attract

13   the attention of the public and direct attention?

14   A.    That would be my interpretation.

15   Q.    Okay.  And as I recall from what you said

16   earlier, attract attention is a shorter duration

17   than direct attention.  Is that correct?

18         MS. JOKERST:  Object to form.

19   A.    Yes.

20   BY MR. SHAW:

21   Q.    Okay.  And the term advertise here as

22   used in subsection 2, can you define an

23   advertisement as used here?

24   A.    I think I answered that question

25   previously, but it is to promote what is going on



Appino & Biggs Reporting Service, Inc.

TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

55

# DEAN ANDREW

1    would put up a structure, whether it was a banner

2    or whether it's permanent sign, that would be

3    something that is announcing, directing attention

4    or advertising.

5        **Q.    What would they be advertising?**

6            MS. JOKERST:  Object to form.

7        A.    They would be advertising their desire

8    for the public to turn to Jesus.

9        BY MR. SHAW:

10       **Q.    Okay.  In subsection 3 where it says is**

11   **not located inside of a building, what is**

12   **considered a building under this section?**

13       A.    A structure that meets the definition of

14   building in the zoning ordinance.

15       **Q.    Okay.  Would you please turn to the**

16   **section defining building?**

17       A.    Appears to be 42-637.

18       **Q.    All right.  And does that define a**

19   **building as any covered structure built for the**

20   **support, shelter or enclosure of persons, animals,**

21   **chattels or movable property of any kind and which**

22   **is permanently affixed to the land?**

23       A.    That is the definition that's in the

24   zoning ordinance.

25       **Q.    All right.  What is the support, shelter**

Appino & Biggs Reporting Service, Inc.

TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

### DEAN ANDREW

1   of sign as a structure.

2       BY MR. SHAW:

3       **Q.    Okay.**

4       A.    We're in the business of regulating

5   structures, so a flag would be a structure.

6       **Q.    Okay.    Would an American flag be used to**

7   **announce, direct attention to or advertise?**

8            MS. JOKERST:  Object to form.

9       A.    It is certainly announcing.

10      BY MR. SHAW:

11      **Q.    Okay.    Would it be announcing the United**

12  **States?**

13           MS. JOKERST:  Object to form.

14      A.    Yes.

15      BY MR. SHAW:

16      **Q.    Okay.    Has the City of Salina's**

17  **definition of a sign changed any as a result of**

18  **this lawsuit?**

19           MS. JOKERST:  Object to form and

20  foundation and -- yeah, those are my two

21  objections.

22      A.    To the best of my knowledge, the city's

23  definition of sign has been this way since 1966

24  and is unchanged.

25      BY MR. SHAW:



5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212       Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

### DEAN ANDREW

1      Q.   Has the city's definition of a sign

2   changed any since 2015?

3           MS. JOKERST:  Object to form.

4      A.   I don't understand the date reference.

5   BY MR. SHAW:

6      Q.   The Supreme Court decided a case named

7   Reed v. Town of Gilbert in 2015.  That is the

8   reference.  Has the city's definition of sign --

9   or, excuse me, has the city's interpretation of

10  the definition of sign changed any since the Reed

11  v. Town of Gilbert decision in 2015?

12          MS. JOKERST:  Object to form.

13     A.   Not the definition of sign, no.

14  BY MR. SHAW:

15     Q.   Okay.  Have other parts of the code

16  changed since then?

17     A.   Absolutely.

18     Q.   Okay.  If you can go to Section 42-781.

19  Does this provide the definition of a wall sign?

20     A.   Yes.

21     Q.   Under this definition, are murals

22  considered wall signs?

23          MS. JOKERST:  Object to form.

24     A.   My answer would be no.

25  BY MR. SHAW:



Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

### DEAN ANDREW

1      Q.    Why is that?

2      A.    Because the definition says a wall sign

3  is a sign, and a mural is not a sign.

4      Q.    What is a mural?

5           MS. JOKERST:  Object to form.

6      A.    City of Salina does not have a definition

7  for the term mural.

8      BY MR. SHAW:

9      Q.    Then how do you know it is not a sign?

10          MS. JOKERST:  Object to form.

11     A.    A mural would not announce, direct

12  attention to or advertise.

13     BY MR. SHAW:

14     Q.    Is a mural calculated to attract the

15  attention of the public?

16          MS. JOKERST:  Object to form and

17  foundation.

18     A.    I think the word calculated goes to

19  intent, and it's not my job to interpret

20  somebody's intent.

21     BY MR. SHAW:

22     Q.    Is that not how the code uses the word

23  calculated, though?

24          MS. JOKERST:  Object to form.

25     BY MR. SHAW:

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

### DEAN ANDREW

1    Gilbert is that we are regulating the size, the

2    time, place and manner of signs.  And if the sign

3    is otherwise compliant with time, place and manner

4    and somebody wishes to substitute a non-commercial

5    message for their commercial message, then that is

6    permitted.

7         BY MR. SHAW:

8         Q.   **Why the distinction between commercial**

9    **and non-commercial messages?**

10             MS. JOKERST:  Object to form and

11   foundation.

12        A.   Section 42-511 says the purpose of this

13   provision is to prevent any inadvertent favoring

14   of any particular commercial or non-commercial

15   message over any other non-commercial message.

16        BY MR. SHAW:

17        Q.   **Does this provision allow the favoring of**

18   **non-commercial messages over commercial messages?**

19             MS. JOKERST:  Object to form.

20        A.   It doesn't allow for any favoring of

21   messages.

22        BY MR. SHAW:

23        Q.   **So if a -- if the sign code allows a non-**

24   **commercial message on a sign, can a commercial**

25   **message be substituted in its place?**

**Appino & Biggs** Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                     Suite 305
785-273-3063                 Overland Park, KS 66212        Wichita, KS 67202
www.appinobiggs.com          913-383-1131                  316-201-1612

## DEAN ANDREW

1      Q.    Okay.

2      A.    So if I'm Wendy's restaurant and I want

3  to cover up my Wendy's restaurant sign with a sign

4  that promotes a particular candidate or ballot

5  initiative, I may do so.

6      Q.    How does this provision interact with the

7  different functional definitions of signs?

8          MS. JOKERST:  Object to form.

9      A.    I'm not aware that it does.

10  BY MR. SHAW:

11     Q.    Okay.  Let's move on to Section 42-521.

12  Is this section the section regulating signage in

13  the C-3 and C-4 commercial districts?

14     A.    These are the sign district regulations

15  that apply in the C-3 and C-4 commercial

16  districts.

17     Q.    All right.  So for all these questions

18  I'm about to ask, I'm only asking about the C-4

19  district.  I'm not interested in the C-3.

20     What are the maximum number of signs allowed

21  in the C-4 district?

22     A.    An individual building may have a maximum

23  of ten signs on that zoning lot with a limit of

24  four signs per business.

25     Q.    Okay.  And does that include those signs

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

## DEAN ANDREW

1      Q.    Had anyone determined on that day that

2   the painting at The Cozy Inn was a sign?

3            MS. JOKERST:   Object to form.

4      A.    All the actions that were taken from that

5   staff meeting on were based on the possibility

6   that it would be determined to be a sign.

7   BY MR. SHAW:

8      Q.    Was it, in fact, determined to be a sign?

9      A.    It was.

10     Q.    When was that decision made?

11           MS. JOKERST:   Object to form.

12     A.    Sometime during that week.

13   BY MR. SHAW:

14     Q.    Who made that determination?

15     A.    Mr. Herrs made the initial determination,

16   and then I concurred.

17     Q.    Why did you concur?

18     A.    Because I agreed with his determination.

19     Q.    Why did you agree with his determination?

20     A.    Because I determined that the graphic

21   display announced, directed attention to and

22   advertised the business which was The Cozy Inn.

23     Q.    And you determined that within the first

24   week?

25     A.    Yes.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604           Suite 101                 Suite 305
785-273-3063               Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com        913-383-1131              316-201-1612

DEAN ANDREW

1      Q.   What specifically did you determine

2   announced, direct attention to or advertised?

3      A.   I determined that the graphic displays of

4   the burgers that were available for sale in the

5   building, the ketchup, mustard packets and

6   particularly the words associated with Don't Fear

7   the Smell and The Fun is inside with an arrow

8   pointing directly to the north pickup window

9   constituted a display that announced, directed

10  attention to and advertised The Cozy Inn business.

11     Q.   Did it -- did you determine it did all

12  three of those, announced, direct attention to and

13  advertised?

14     A.   I believe it does, yes.

15     Q.   Okay.  What part of the painting

16  announces The Cozy Inn?

17     A.   The burgers that are on display.

18     Q.   How do they announce The Cozy Inn?

19     A.   Because they depict the product that's

20  available inside that building.

21     Q.   How do the painting on the side of The

22  Cozy Inn direct attention?

23     A.   The words Don't Fear the Smell is

24  associated with the unique odor that emanates from

25  that building and from their product the onion

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604              Suite 101                 Suite 305
785-273-3063            Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131             316-201-1612

**DEAN ANDREW**

1  artificial rectangles around it.  We treated the
2  entire north wall as part of the display area.
3      BY MR. SHAW:
4      **Q.  Okay.  After Mr. Howard submitted this**
5  **application on November 13th or whenever he**
6  **submitted it, what was done with this application**
7  **by your department?**
8      A.  It was placed on file and on hold.
9      **Q.  What does it mean for it to be on hold?**
10     A.  It means that we could not approve it,
11  but we were going to try to continue to work with
12  Mr. Howard to find a code-compliant code-based
13  solution that might allow ultimately the sign to
14  be installed.
15     **Q.  Does the city code discuss procedures for**
16  **placing a sign permit on hold?**
17         MS. JOKERST:  Object to form.
18     A.  It does not.
19     BY MR. SHAW:
20     **Q.  So is placing a sign permit on hold just**
21  **a unwritten practice?**
22         MS. JOKERST:  Object to form.
23     A.  It's not an unwritten practice.  It's
24  usually done in consultation with the applicant.
25     BY MR. SHAW:

**Appino & Biggs** Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                   Suite 305
785-273-3063               Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com        913-383-1131                316-201-1612

```
 1        Q.    Was this done in consultation with Mr.
 2   Howard?
 3        A.    Absolutely.
 4        Q.    Did Mr. Howard agree to having his permit
 5   being placed on hold?
 6        A.    Yes.
 7        Q.    When did he make that agreement?
 8        A.    When he talked to Mr. Herrs.
 9        Q.    Mr. Herrs told you that Steve Howard
10   agreed to his application being played on hold?
11             MS. JOKERST:  Object to form.
12        A.    Mr. Howard was informed on Monday the 6th
13   that we were unable to issue a sign permit, and he
14   was informed that we were going to continue to
15   work with him on coming up with a code-compliant
16   solution that might allow the sign to ultimately
17   be installed.
18        BY MR. SHAW:
19        Q.    But he submitted this application after
20   that date.  Is that correct?
21        A.    That is correct.
22        Q.    And at any point after that, did Mr.
23   Howard consent to his application being place on
24   hold?
25             MS. JOKERST:  Object to form.
```



5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

**DEAN ANDREW**

1      A.    Mr. Howard had knowledge that we were not

2   able to approve his sign permit application.

3      BY MR. SHAW:

4      **Q.    I asked if he consented to his**

5   **application being placed on hold?**

6      A.    What's your definition of consent?

7          MS. JOKERST:  Object to form.

8      BY MR. SHAW:

9      **Q.    Agreeing he would let you place his**

10  **application on hold?**

11     A.    That's not a definition.  What is your

12  definition of consent?  Mr. Herrs talked to Mr.

13  Howard face-to-face, handed him information face-

14  to-face and told him face-to-face that we are

15  unable to issue a sign permit for the sign as

16  currently proposed under the current sign code.

17  How is that not communication.

18     **Q.    I'm asking if Mr. Howard consented to his**

19  **application being placed on hold?**

20     A.    What form would that consent take?

21     **Q.    Saying I agree that you can take my**

22  **application and place it on hold.  Did he ever say**

23  **anything along those lines to you or Mr. Herrs?**

24          MS. JOKERST:  Object to form and

25  foundation.



5111 SW 21st Street       6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604              Suite 101                  Suite 305
785-273-3063          Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131             316-201-1612

# DEAN ANDREW

1       A.    I guess I'll refer back to Mr. Herrs'

2   e-mail of his conversation with him.

3       BY MR. SHAW:

4       Q.    **Are you referring to Exhibit 3?**

5       A.    Exhibit 3.

6       Q.    **So what in this e-mail do you believe**

7   **expresses Mr. Howard's consent that an application**

8   **he had not yet submitted be placed on hold?**

9             MS. JOKERST:  Object to form.

10      A.    Mr. Herrs said that in his conversation

11  with Mr. Howard he had asked the artist to stop

12  work on the sign until staff had had a chance to

13  talk more about if there are any possible text

14  amendments that might be appropriate.  And we kept

15  Mr. Howard informed of that, that we couldn't

16  approve it in its present form but that we would

17  continue to explore options and work towards

18  seeing if there was a code-based solution that

19  would allow the sign to ultimately be installed.

20      BY MR. SHAW:

21      Q.    **And a week passed between when Mr. Herrs**

22  **spoke with Mr. Howard and when Mr. Howard**

23  **submitted his application.  Is that correct?**

24      A.    Yes.

25            MS. JOKERST:  Object to form.



5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

1    any time even while an application is pending?

2         A.    Absolutely.  It happens all the time.

3         Q.    I see.  And does the code not set out

4    that it is only by a final determination of the

5    zoning administrator that the Board of Zoning

6    Appeals gains jurisdiction?

7              MS. JOKERST:  Object to form.

8         A.    What is your definition of a final

9    determination?

10         BY MR. SHAW:

11         Q.    What is your definition of a final

12    determination?

13         A.    My determination was on Monday November

14    6th, I had determined this to be a sign that

15    required a sign permit.  That was my

16    determination.  It didn't change.  It didn't

17    change under any of the additional information

18    that we had.  Mr. Howard, if he disagreed with my

19    determination that it was a sign could have

20    appealed my determination as being incorrect to

21    the Board of Zoning Appeals.

22         Q.    I believe earlier you had said when a

23    sign permit was denied, a letter is sent out to

24    the applicant.  Is that correct?

25         A.    I did not say that.  I said when a sign

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604              Suite 101                  Suite 305
785-273-3063            Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131            316-201-1612

## DEAN ANDREW

1    may not be issued unless the zoning administrator

2    determines a permit could also be issued?

3              MS. JOKERST:  Object to form.

4         A.   It says a permit cannot be issued without

5    a Certificate of Compatibility.

6         BY MR. SHAW:

7         Q.   All right.  So the permits are

8    conditional on the Certificate of Compatibility.

9    Is that correct?

10        A.   You cannot --

11             MS. JOKERST:  Object to form.

12        A.   You cannot obtain a sign permit.

13        BY MR. SHAW:

14        Q.   Is it the other way around, though?  Are

15   Certificate of Compatibilities conditional on the

16   permit?

17             MS. JOKERST:  Object to form.

18        A.   The zoning ordinance and the Kansas

19   Planning and Zoning Enabling Act give the

20   authority to grant variances to the Salina Board

21   of Zoning Appeals, not the Downtown Design Review

22   Board.  The Downtown Design Review Board does not

23   have the legal authority to approve a sign that

24   exceeds the limits under the C-4 zoning district.

25        BY MR. SHAW:

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

## DEAN ANDREW

1   complete unless we had elevation drawings and

2   dimensions of the proposed sign.  So at least to

3   that point and the early points, no one had any

4   knowledge of what the final intended product was.

5   And so by submitting a sign permit application

6   with a rendering of the proposed installation,

7   that would at least inform us of what the full

8   scope of the installation was.  So there was a

9   benefit from that standpoint.

10      **Q.   And after reviewing the rendering of what**

11   **Mr. Howard was proposing in its alleged final**

12   **format, did you confirm your determination that**

13   **that was, in fact, a sign under the sign code?**

14      A.   I was furnished a copy of that rendering,

15   and it did not change my determination that what

16   was being proposed was a painted wall sign.

17      **Q.   And you are aware that other city staff**

18   **members, specifically Lauren Driscoll and Dustin**

19   **Herrs, had conversations with Mr. Howard about the**

20   **sign, correct?**

21      A.   I'm aware that conversations took place,

22   but I wasn't present at any of those meetings.  I

23   don't know how many total meetings there were or

24   the whereabouts.  I heard secondhand that there

25   was a meeting at the Smoky Hill Museum.

**Appino & Biggs** Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612