**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **Cozy Inn, Incorporated,** | ) | |
| **d/b/a The Cozy Inn; Stephen Howard,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| | ) | **CASE NO. 6:24-cv-01027-TC-ADM** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **City of Salina, Kansas,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION**

Defendant City of Salina, Kansas ("the City"), by and through its attorneys Fairfield and Woods, P. C., hereby submits the following Responses Plaintiff's Requests for Admission:

**GENERAL OBJECTIONS**

1. Defendant objects to Plaintiffs' terms and definitions to the extent they attempt to impose obligations beyond the scope of the Federal Rules of Civil Procedure.

2. Defendant objects to each discovery request to the extent it seeks the disclosure of documents or information protected from discovery by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Any inadvertent disclosure of any privileged communication or documents shall not constitute a waiver of the applicable privilege, and Defendant reserves the right to seek return of all copies of any privileged communication.



**EXHIBIT 19**

13. Admit that the mural depicted in Plaintiffs' Initial Disclosures, bates number 0093 announces, directs attention to, or advertises.

**OBJECTION AND RESPONSE: The City objects to this request to the extent it refers to a mural as defined by Plaintiffs in their Terms and Definitions, a definition that is not in the Salina Code.**

**Subject to and without waiving this objection, ADMIT. The display qualifies as a pre-existing non-conforming sign under Salina Code § 42-581, which allows the sign to be maintained at its current size. *See* Salina Code § 42-581(b).**

14. Admit that the mural depicted in Plaintiffs' Initial Disclosures, bates number 0093 exceeds the size limits for signs in the mural-sign code regime.

**OBJECTION AND RESPONSE: The City objects to this request to the extent it refers to a mural as defined by Plaintiffs in their Terms and Definitions, a definition that is not in the Salina Code.**

**Subject to and without waiving this objection, ADMIT. The display qualifies as a pre-existing non-conforming sign under Salina Code § 42-581, which allows the sign to be maintained at its current size. *See* Salina Code § 42-581(b).**

15. Admit that the mural depicted in Plaintiffs' Initial Disclosures, bates number 0093 was completed without a sign permit.

**OBJECTION AND RESPONSE: The City objects to this request to the extent it refers to a mural as defined by Plaintiffs in their Terms and Definitions, a definition that is not in the Salina Code.**

**Subject to and without waiving this objection, ADMIT, the display qualifies as a pre-existing non-conforming sign under Salina Code § 42-581, which allows the sign to be maintained at its current size. *See* Salina Code § 42-581(b).**

16. Admit that the mural depicted in Plaintiffs' Initial Disclosures, bates number 0093 was completed without a certificate of compatibility.

**OBJECTION AND RESPONSE: The City objects to this request to the extent it refers to a mural as defined by Plaintiffs in their Terms and Definitions, a definition that is not in the Salina Code.**

**about either; and (B) the genuineness of any described documents. This request does not comply with Rule 36. Admissibility is an issue to be addressed by the Court at trial. Further, evaluating admissibility requires more context as documents are admissible or not admissible for a host of reasons.**

204. Admit that the document depicted in Bates number 211-216 of the Plaintiffs' Supplemental Disclosures is an authentic copy of the Meeting Minutes for the meeting of the Salina Design Review Board meeting on January 14, 2021.

**RESPONSE: ADMIT.**

205. Admit that the document depicted in Bates number 211-216 of the Plaintiffs' Supplemental Disclosures is an admissible copy of the Meeting Minutes for the meeting of the Salina Design Review Board meeting on January 14, 2021.

**OBJECTION: The City objects to this request as improper. F.R.C.P. 36 provides that a party may serve on any other party a written request to admit the truth of any matters within the scope of Rule 26(b)(1) relating to (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents. This request does not comply with Rule 36. Admissibility is an issue to be addressed by the Court at trial. Further, evaluating admissibility requires more context as documents are admissible or not admissible for a host of reasons.**

Respectfully submitted this 12th day of July, 2024.

s/ Aaron O. Martin
Aaron O. Martin
Bar Number 24170
Attorney for Defendant City of Salina, Kansas
CLARK, MIZE & LINVILLE, CHARTERED
P.O. Box 380
Salina, KS 67402-0380
Tel. (785) 823-6325
Fax: (785) 823-1868
Email: aomartin@cml-law.com

s/ Todd G. Messenger
Todd G. Messenger,
CO Bar Number 38783
Pro Hac Vice Attorney for Defendant City of Salina, Kansas
Fairfield and Woods, P.C.
1801 California St., Ste. 2600
Denver, CO 80202
Tel. (303) 830-2400
Fax: (303) 830-1033
Email: tmessenger@fwlaw.com

s/ Amanda C. Jokerst
Amanda C. Jokerst
CO Bar Number 47241
Pro Hac Vice Attorney for Defendant City of Salina, Kansas
Fairfield and Woods, P.C.
1801 California St., Ste. 2600
Denver, CO 80202
Tel. (303) 830-2400
Fax: (303) 830-1033
Email: ajokerst@fwlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this12th day of July, 2024, I caused the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION** to be served on the following parties by electronic mail as follows:

Jeffrey Shaw.
Samuel G. MacRoberts
Kansas Justice Institute
12980 Metcalf Avenue, Suite 130
Overland Park, KS 66213
Telephone: 913-213-5121; 913-213-5018
E-mail: jeff@kansasjusticeinstitute.org; sam.macroberts@kansasjusticeinstitute.org

*Attorneys for Plaintiffs*

*/s/ Amanda C. Jokerst*
Amanda C. Jokerst