10/30/2024                                                                                      1

# DEAN ANDREW, AS CORP REP

```
 1   .
 2                IN THE UNITED STATES DISTRICT COURT
 3                     FOR THE DISTRICT OF KANSAS
 4   .
 5   .
 6   COZY INN, INCORPORATED, d/b/a
 7   THE COZY INN; STEPHEN HOWARD,
 8          Plaintiffs,
 9   .
10        vs.      Civil Action No.    6:24-cv-01027-TC-ADM
11   .
12   CITY OF SALINA, KANSAS,
13          Defendant.
14   .
15   .
16                          DEPOSITION OF
17                     CORPORATE REPRESENTATIVE
18                          DEAN ANDREW,
19   taken on behalf of the Plaintiffs, pursuant to
20   Notice to Take Deposition, beginning at 2:10 p.m.
21   on the 30th day of October, 2024, at Clark, Mize &
22   Linville, 129 S. 8th Street, in the City of
23   Salina, County of Saline, and State of Kansas,
24   before Sandra S. Biggs, Kansas CCR No. 0716.
25   .
```



Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street  
Topeka, KS 66604  
785-273-3063  
www.appinobiggs.com

6420 W. 95th Street  
Suite 101  
Overland Park, KS 66212  
913-383-1131

800 E. 1st Street  
Suite 305  
Wichita, KS 67202  
316-201-1612

**EXHIBIT 13**

1  maybe rather than have him go through each one, is
2  there anything in there that hasn't been disclosed
3  by either party?
4           MS. JOKERST:  No, I don't believe so.
5           MR. SHAW:  Okay.
6           MS. JOKERST:  Dean, you have what I sent
7  you?
8       A.   It is what you sent me.  It includes the
9  set of Interrogatories, the responses to those,
10 the Requests For Admissions, the things that I was
11 supposed to be questioned about under the topics
12 list.
13      BY MR. SHAW:
14      **Q.   All right.  So we will start off kind of**
15 **just discussing how the city defines a sign under**
16 **the sign code.  So if you can open the binder in**
17 **Exhibit 1 there, we have excerpts of the code.  Go**
18 **to Section 42-764.**
19      A.   The methodology in using something is a
20 sign is determined whether it's a structure or
21 part of a structure or portable display, whether
22 it's either attached to the ground or painted onto
23 a building or structure on the ground.  And then
24 we determined whether it announces, directs
25 attention to or advertises.  And then we confirm



5111 SW 21st Street          6420 W. 95th Street         800 E. 1st Street
Topeka, KS 66604             Suite 101                   Suite 305
785-273-3063                 Overland Park, KS 66212     Wichita, KS 67202
www.appinobiggs.com          913-383-1131                316-201-1612

TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

1   whether it is inside or outside of a building.

2          Q.   Give me one second here.  So when you,
3   and when I say you, I mean the city, determine if
4   a display is used to announce, what methodology
5   does the city use to make that determination?

6          A.   We look to see whether it declares some
7   fact or occurrence or event or some entity.

8          Q.   And does that announcement have to be of
9   a commercial nature, or can it be any
10  announcement?

11         A.   It could be any type of announcement.

12         Q.   Okay.  And does the city need to review
13  the proposed display in order to determine if it
14  announces or not?

15         A.   Yes.

16         Q.   Okay.  And when the city determines if a
17  display directs attention to something, what
18  methodology does the city use to make that
19  determination?

20         A.   We look to see if there is something in
21  the visual display that points to or directs
22  attention to a particular location or position or
23  something that's occurring in their building if
24  there is one.

25         Q.   And does it have to direct attention to a

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

1    commercial location or can it be directing
2    attention to a non-commercial location as well?
3         A.   It can direct attention to any particular
4    location.
5         Q.   All right.  And when the city determines
6    if a display advertises, what methodology does the
7    city use to make that determination?
8         A.   We look to see whether the visual display
9    promotes or encourages some sort of product or
10   service or invitation to enter into some form of
11   commercial transaction or whether the visual
12   display promotes a particular brand or a
13   particular product.
14        Q.   Does the advertising have to be
15   commercial in nature or can it be non-commercial?
16        A.   It does not have to be commercial.
17        Q.   When determining if a display is a sign,
18   does the city determine if the display is
19   calculated to attract the attention of the public?
20        A.   No.
21        Q.   Why doesn't the city determine that?
22        A.   Because in interpreting and applying
23   Section 42-764, the city has interpreted that to
24   be a catchall provision and to catch any type of
25   display mechanism that's not mentioned in the



5111 SW 21st Street         6420 W. 95th Street         800 E. 1st Street
Topeka, KS 66604              Suite 101                 Suite 305
785-273-3063            Overland Park, KS 66212         Wichita, KS 67202
www.appinobiggs.com         913-383-1131                316-201-1612

1    we present to the Downtown Design Review Board.
2    So they are aware of the building's history and
3    what distinguishing original qualities or
4    historical material or distinctive architectural
5    features that individual building possesses.
6         Q.   Are you familiar with the Kansas Business
7    Improvement District Act?
8         A.   I am not.
9         Q.   Okay.  If a property owner wants to
10   install a sign, what is the process for obtaining
11   a sign permit from the city?
12        A.   The business or property owner would
13   generally go to a licensed sign contractor or sign
14   installer and ask them to submit a Sign Permit
15   Application for the sign installation on their
16   behalf.  A property or business owner can also
17   apply on their own.
18        Q.   What is required to be submitted with a
19   Sign Permit Application?
20        A.   A completed Sign Permit Application and
21   identification of the signs that are proposed to
22   be installed, what type of sign, whether it's
23   pole, ground or wall and attach an elevation
24   drawing showing the type of sign that it is and
25   its dimensions and also, as part of that



1   application, an inventory of any existing signs
2   that are already on the property.
3        Q.   Will that maybe be called an elevation
4   drawing, is that basically like a drawing of where
5   the proposed sign would be on the property?
6        A.   No.
7        Q.   All right.  What is the elevation drawing
8   then?
9        A.   Elevation drawing is an -- a drawing
10  prepared usually by a sign manufacturer that says
11  this is the proposed sign, here's the materials
12  it's made out of, this is its height and width and
13  here is the information on whether it's designed
14  to be illuminated or static.  And it's a draw that
15  depicts the appearance and the physical
16  characteristics of that sign.
17       Q.   Would the elevation typically include the
18  copy that will be placed on that sign if it is
19  installed?
20       A.   Yes.
21       Q.   Okay.  Is the copy required to be in the
22  application?
23       A.   It is if you want us to measure the
24  letters.
25       Q.   Is the city -- strike that.  Does the

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION
5111 SW 21st Street       6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604          Suite 101                  Suite 305
785-273-3063              Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com       913-383-1131               316-201-1612

```
 1       BY MR. SHAW:
 2       Q.    So as long as a building is not vacant, a
 3  sign can't be abandoned?
 4             MS. JOKERST:  Object to form.
 5       A.    The abandoned sign ordinance establishes
 6  time frames for certain parts, portions of signs
 7  or sign support structures to be removed.  And the
 8  triggering for that is the date upon which the
 9  premises became vacant.  If the premises is not
10  vacant, there's no date to trigger that on.
11       BY MR. SHAW:
12       Q.    So even if the sign no longer advertises
13  a bona fide business conducted, products sold or
14  service provided, it isn't abandoned until the
15  property has been vacated?
16             MS. JOKERST:  Object to form.
17       A.    The time period the clock for removal
18  starts when the premises is vacant.
19       BY MR. SHAW:
20       Q.    All right.  We can move on to Exhibit 18.
21  Are you familiar with Exhibit 18?
22       A.    It appears to be a photograph of Fire
23  Station No. 2 on South Santa Fe.
24       Q.    Has the city made a determination about
25  whether the mural at Fire Station No. 2 is
```



5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604           Suite 101                  Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com        913-383-1131               316-201-1612

1   considered a sign?

2       A.  Yes.

3       Q.  What determination was made?

4       A.  The determination that it does not
5   constitute a sign that announces, directs
6   attention to or advertises.

7       Q.  What methodology did the city use to make
8   that determination?

9       A.  It used the methodology found in Section
10  42-764 to determine whether the visual display on
11  the front of the building announced or directed
12  attention to or advertised.  It does not announce
13  or proclaim any fact, event, occurrence or entity,
14  it does not direct attention to any specific
15  location or opening or doorway or any physical
16  location, and it does not advertise.

17      Q.  Does this mural depicted in the exhibit
18  identify the building as a fire station?

19      A.  The city's position is that it does not.
20  It could just as easily appear on a museum or
21  library or anywhere else.

22      Q.  Does this mural pertain to the activities
23  conducted at the fire station?

24          MS. JOKERST:  Object to form.

25      A.  Not this fire station.



```
 1        Q.   Okay.  Has the city made a determination
 2   about whether this mural constitutes a sign under
 3   the sign code?
 4             MS. JOKERST:  Object to form.
 5        A.   We have made a determination that the
 6   sign portion of this wall constitutes a sign under
 7   the sign code.
 8        BY MR. SHAW:
 9        Q.   When you say the sign portion, what are
10   you referring to?
11        A.   The portion of the sign that we issued a
12   sign permit for.
13        Q.   Can you describe the portion of this that
14   was issued a sign permit in reference to the
15   image?
16        A.   The portion that says KU, the portion
17   that says School of Medicine, the portion that
18   says School of Nursing, the portion that says
19   Salina and the portion that says the University of
20   Kansas which was installed on a blank wall.
21        Q.   Okay.  And when -- when was the paint of
22   this mural added to that wall?
23        A.   I don't know.
24        Q.   Okay.  Was any determination ever made
25   about whether or not the paint of that mural was a
```



| 5111 SW 21st Street | 6420 W. 95th Street | 800 E. 1st Street |
| Topeka, KS 66604 | Suite 101 | Suite 305 |
| 785-273-3063 | Overland Park, KS 66212 | Wichita, KS 67202 |
| www.appinobiggs.com | 913-383-1131 | 316-201-1612 |

1    **part of that sign?**

2        A.   It could not have been a part of the sign

3    because it wasn't a single composition.

4        **Q.   Is it possible to expand upon a sign**

5    **after it has already been built by adding more**

6    **elements to it?**

7             MS. JOKERST:  Object to form and scope.

8        A.   I believe it's theoretically possible

9    that any original design for a sign can be

10   modified or expanded on.

11       BY MR. SHAW:

12       **Q.   Okay.  Has the city ever determined**

13   **whether the mural in this exhibit was an expansion**

14   **or modification of the KU sign?**

15       A.   The city has determined that only the

16   portion for which a sign permit was issued is a

17   regulated sign, and the remaining balance of the

18   north wall of that building is not a regulated

19   sign.

20       Q.   When was that determination made?

21            MS. JOKERST:  Object to scope.

22       A.   I don't understand the question.  I don't

23   have any reason -- no one has any reason but the

24   city to make that determination.

25       BY MR. SHAW:



**DEAN ANDREW, AS CORP REP**

1    Q.   Where is that mural located?
2    A.   It's on the south wall of the
3    Schlotzsky's sandwich shop.
4    Q.   And has the city determined that the
5    mural depicted here is a sign?
6    A.   Yes.
7    Q.   When did the city make that
8    determination?
9         MS. JOKERST:  Object to scope.
10   A.   I can't tell you the exact time.  I can
11   tell you it was determined when the city became
12   aware of it and went out and reviewed it.  It
13   determined it to be a regulated sign and contacted
14   the owner of the business and the owner of the
15   property to say that they needed to obtain a sign
16   permit for that sign.
17        BY MR. SHAW:
18   Q.   What portions of this mural did the city
19   consider to be triggering the sign code?
20        MS. JOKERST:  I'll object to form.
21   A.   The city determined it to be a single
22   composition and determined that the entire visual
23   display was a sign.
24        BY MR. SHAW:
25   Q.   How did the city come to that



Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street    6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604       Suite 101                  Suite 305
785-273-3063           Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com    913-383-1131               316-201-1612

```
 1      BY MR. SHAW:
 2      Q.    Is the website Visit Salina.org owned by
 3   the Salina Chamber of Commerce?
 4            MS. JOKERST:   Object to form and scope.
 5      A.    It's operated by the Convention and
 6   Visitors Bureau.
 7      BY MR. SHAW:
 8      Q.    And who runs the Convention and Visitors
 9   Bureau?
10            MS. JOKERST:   Object to form and scope.
11      A.    Chamber of Commerce does that under
12   contract with the city.
13      BY MR. SHAW:
14      Q.    So the city has contracted with the
15   Chamber of Commerce to run -- I'm sorry, was it
16   the Visitors and Convention Bureau?
17      A.    Convention and Visitors Bureau.
18      Q.    Okay.  And Visit Salina.org is run by the
19   Chamber of Commerce.  Is that correct?
20      A.    Yes.
21            MS. JOKERST:   Object to scope and form.
22      BY MR. SHAW:
23      Q.    All right.  Does the Chamber of Commerce
24   website protect public health?
25            MS. JOKERST:   Object to scope and form.
```



5111 SW 21st Street  	6420 W. 95th Street  	800 E. 1st Street
Topeka, KS 66604     	Suite 101            	Suite 305
785-273-3063         	Overland Park, KS 66212	Wichita, KS 67202
www.appinobiggs.com  	913-383-1131         	316-201-1612

```
1        A.   The City of Salina, city commission,
2   believes that putting that information on the
3   water tower protects the public health, safety and
4   welfare.  It also provides wayfinding by letting
5   visitors know, one, that they're in Salina and,
6   two, where they can find information about Salina.
7        BY MR. SHAW:
8        Q.   What facts does the city have that show
9   that the Chamber of Commerce website promotes the
10  public health, safety or welfare?
11            MS. JOKERST:  Object to form and scope.
12       A.   Because attracting visitors and tourists
13  to the city is their mission, and attracting
14  visitors to the City of Salina protects the public
15  health, safety and general welfare of the public.
16       BY MR. SHAW:
17       Q.   Are traffic and wayfinding signs -- let
18  me rephrase that.  Can any sign that might be used
19  by a driver as a landmark be considered an exempt
20  sign under this section?
21            MS. JOKERST:  Object to form and scope.
22       A.   This exemption refers to signs that are
23  placed or authorized by the city.  This sign was
24  both placed and authorized by the city by which I
25  mean the governing body of the city.
```



| 5111 SW 21st Street | 6420 W. 95th Street | 800 E. 1st Street |
| Topeka, KS 66604 | Suite 101 | Suite 305 |
| 785-273-3063 | Overland Park, KS 66212 | Wichita, KS 67202 |
| www.appinobiggs.com | 913-383-1131 | 316-201-1612 |

TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

1    doesn't even make any sense.
2         BY MR. SHAW:
3         **Q.    Well, does this say rectangle or**
4    **rectangles?**
5              MS. JOKERST:  Object to form.
6         A.    It says all the letters, numbers or
7    symbols.
8         BY MR. SHAW:
9         **Q.    I'm asking does it read the area of the**
10   **smallest rectangular figure or the area of the**
11   **smallest rectangles?**
12        A.    The city for The Yard measured the
13   smallest rectangular figure that encompassed home
14   plate and The Yard, period, end stop.
15        **Q.    Well, you testified there were six**
16   **rectangular figures that the city measured to**
17   **calculate The Yard's area.  Is that correct?**
18             MS. JOKERST:  I'll object -- I'll object
19   to scope as it relates to the calculation at The
20   Yard.
21        A.    I still don't understand the question.
22   You end up with a total square footage.  We used
23   six independent areas to come up with a total
24   square footage and a single rectangular area that
25   encompassed all the letters, numbers and symbols.

Appino & Biggs Reporting Service, Inc.
TECHNOLOGY SPECIALISTS IN TODAY'S LITIGATION

5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612