**In the United States District Court
for the District of Kansas**

———————

Case No. 6:24-cv-01027-TC

———————

COZY INN, INCORPORATED, ET AL.,

*Plaintiffs*

v.

CITY OF SALINA, KANSAS,

*Defendant*

———————

**TRIAL ORDER**

Summary judgment is currently pending. Docs. 104 & 106. A ruling is anticipated on or about August 8, 2025. If one or more claims survives, a bench trial beginning **October 7, 2025, at 9:00 a.m.** in **Wichita, Kansas**, will occur. Doc. 101. Estimated time of trial is **2 days**. In addition, the Court sets the following deadlines.

## I.     WITNESSES AND EXHIBITS.

**A.     Final Witness and Exhibit Disclosures Under Rule 26(a)(3).** No later than **August 12, 2025**, the parties shall file final witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A). The parties' final witness lists shall specify which witnesses will be called live, and which will be called via written or video deposition. With regard to each witness disclosed under Fed. R. Civ. P. 26(a)(3)(A)(i), the disclosures also shall set forth the subject matter of the expected testimony and a brief synopsis of the substance of the facts to which the witness is expected to testify. Witnesses expected to testify as experts shall be so designated. Witnesses and exhibits disclosed by one party may be called or offered by any other party. Witnesses and exhibits not so disclosed and exchanged as required

by the Court's order shall not be permitted to testify or be re-
ceived in evidence, respectively, except by agreement of coun-
sel or upon order of the Court.

**B.**     **Objections.** No later than **August 19, 2025**, the par-
ties shall file any objections under Fed. R. Civ. P. 26(a)(3)(B).
The Court shall deem waived any objection not timely asserted,
unless excused by the Court for good cause shown.

**C.**     **Exhibits.** No later than **September 30, 2025,** the par-
ties shall mark all exhibits. The parties shall exchange copies of
exhibits at or before the time they are marked. The parties shall
also prepare lists of their expected exhibits for use by the court-
room deputy clerk and the court reporter. In marking exhibits,
the parties shall use preassigned ranges of numbered exhibits.
Plaintiff(s) shall use Exhibit Nos. 1-800; Defendant(s) shall use
Exhibit Nos. 801 and higher.

**D.**     Parties are expected to use presentation technology
available in the courtroom to display evidence to the jury.
Training on the equipment should be arranged well in advance
of trial with the courtroom deputy. See "Jury Evidence Record-
ing System" which may be accessed on the district website at
https://www.ksd.uscourts.gov/content/district-judge-toby-
crouse *(located under the "Guidelines & Orders" tab).* Counsel shall
provide in electronic format any exhibits of documents, pho-
tographs, videos, and any other evidence that may be reduced
to an electronic file no later than **September 30, 2025,** for use
by Court personnel and the Court's Jury Evidence Recording
System (JERS) during trial. Documents and photographs shall
be in **.pdf, .jpg, .bmp, .tif,** or **.gif** format; video and audio
recordings shall be in **.avi, .wmv, .mpg, .mp3, .mp4, .wma,**
or **.wav** format. Each electronic exhibit shall be saved as a sep-
arate, independent file, and provided to the Court either on a
storage device, such as cd, dvd, or flash drive or electronically
through secure file sharing such as ShareFile. Exhibit files shall
be named consistent with their order and name on the exhibit
list.

**E.**     **Deposition Testimony for witnesses who will not
testify in person at trial.** No later than **August 26, 2025,** con-
sistent with Fed. R. Civ. P. 26(a)(3)(A)(ii), any deposition testi-
mony which a party seeks to offer other than to impeach a

testifying witness shall be designated by page and line in a pleading and filed. (You do not need to submit deposition testimony of any witness that will testify in person at trial.) No later than **September 2, 2025**, any counter-designations in accordance with Fed. R. Civ. P. 32(a)(6), together with any objections to designations made by the offering party, shall be filed. No later than **September 9, 2025,** any objections to the counter-designations shall be filed. Before filing any objections, the parties shall have conferred in good faith to resolve the dispute among themselves. No later than **September 16, 2025,** to facilitate the Court's ruling on any objections to designations or counter-designations, the party seeking to offer the deposition testimony shall provide the Court a copy of each deposition transcript at issue. Red highlighting shall be used to identify the testimony that plaintiffs have designated, blue highlighting shall be used for defendant, and green highlighting shall be used to identify the objections to any designated testimony. The plaintiff shall write their objections and responses to defendants' objections in the margins of the transcript in black ink; defendants shall write their objections and responses to plaintiff's objections in the margins in blue ink. After receiving and reviewing these highlighted transcripts, the Court will issue its rulings regarding any objections. The parties shall then file the portions of the depositions to be used at trial in accordance with D. Kan. Rule 32.1 and submit any videotape or DVD-edited testimony to reflect the designations and the Court's rulings on objections.

## II.    MOTIONS.

Absent an order of the Court, briefs or memoranda submitted in connection with all further motions or other pretrial matters shall not exceed 10 pages.

**A.    Pending Motions**. The following motions are pending in this case:  Defendant's Motion to Dismiss, Doc. 26; Plaintiffs' Motion to Exclude Expert Testimony, Doc., 97; Defendant's Motion to Exclude Expert Testimony; Plaintiffs' Motion for Summary Judgment; Doc. 104; and Defendant's Motion for Summary Judgment, Doc. 106.

**B.    Motions In Limine.** The parties are reminded that "in bench trials, judges routinely hear inadmissible evidence that

they are presumed to ignore when making decisions," and that "there is a well-established presumption that the judge has adhered to basic rules of procedure when the judge is acting as a factfinder." *Williams v. Illinois*, 567 U.S. 50, 69 (2012) (recognizing this principle), *abrogated on other grounds by Smith v. Arizona*, 144 S. Ct. 1785 (2024). As a result, the need for pretrial motions—whether in limine or *Daubert* motions—is significantly reduced. *See generally Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009) (noting that the usual *Daubert* concerns do not typically arise in a bench trial); *see also New Mexico ex rel. Balderas v. Real Estate L. Ctr., P.C.,* 409 F. Supp. 3d 1122, 1163 (D.N.M July 11, 2019) (recognizing that excluding evidence under Rule 403 is improper in a bench trial). To the extent necessary, any motion(s) in limine shall be filed no later than **September 2, 2025**. The parties shall file briefs in opposition to motions in limine no later **September 9, 2025.** Absent leave of the Court, the parties shall not file reply briefs in support of motions in limine. Limine Conference set for **September 15, 2025, at 10:00 a.m. in Wichita, Kansas, Courtroom (TBD).**

**Experts**. The deadline to file *Daubert* motions has passed. Doc. 101 at ¶ 8.c. The parties have both filed motions to exclude the testimony of expert witnesses, Docs. 97 & 98.

### III.    FURTHER PROCEEDINGS AND FILINGS.

**A.      Trial Briefs. No later than September 30, 2025,** a party may submit a trial brief which shall not exceed 15 pages. The Court does not require trial briefs but finds them helpful if the parties anticipate that unique or difficult issues of law will arise during trial.

**B.      Voir Dire.** None.

**C.      Joint Statement of the Case**. None.

**D.      Jury Instructions.** No jury instructions are needed for this bench trial. The parties are, however, directed to file their preliminary proposed findings of fact and conclusions of law in advance of trial. Plaintiffs' proposed findings of fact and conclusions of law shall be filed no later than **September 23, 2025.** Defendant's proposed findings of fact and conclusions

of law shall be filed on **September 30, 2025.** *See generally Western First Aid & Safety, LLC v. Aramark Uniform & Career Apparel, LLC*, No. 23-2184 (D. Kan. 2024), ECF Nos. 69 &77. The parties should discuss in advance of trial and be prepared to discuss at the time of trial how they wish to proceed following trial.

## IV.    GUIDELINES FOR CIVIL AND CRIMINAL PROCEEDINGS.

The parties are encouraged to review Judge Crouse's Guidelines for Civil and Criminal Proceedings, available at https://www.ksd.uscourts.gov/content/district-judge-toby-crouse for further information about Judge Crouse's preferences and requirements for trial.

IT IS SO ORDERED.


Date:  April 17, 2023            s/ Toby Crouse

Toby Crouse
United States District Judge