In the United States District Court
for the
District of Kansas

| | |
|---|---|
| **Cozy Inn, Incorporated, d/b/a The Cozy Inn; Stephen Howard.** | Civil Action No. 6:24-cv-01027-TC-ADM |
| Plaintiffs, | Plaintiffs' Notice of Supplemental Authority; Certificate of Service. |
| v. | |
| **City of Salina, Kansas.** | |
| Defendant. | |

**Plaintiffs' Notice of Supplemental Authority**

In *Young v. Town of Conway*, No. 23-CV-00070-JL, 2025 WL 1445702 (D.N.H. May 20, 2025), issued after briefing closed, the court declared a town's mural-sign code regime unconstitutional as applied to a local bakery who painted a muffin-mountain display. Plaintiffs supplement their summary judgment briefs under Local Rule 7.1(f) at Doc. 105 at 32-37, Doc. 108 at 28-36, and Doc. 112 at 1, 12-14, with the below.

In *Young*, the government prohibited a bakery from displaying "a mountain landscape" mural "depicting baked goods, with a sun shining over them in multi-colored rays. The sun's rays match[ed]—in shape, color, theme and 'sunburst' configuration—the bakery's dormer, displayed directly below, which also includes the bakery's logo: its name and a picture of a pie." *Id.* at *2.

Like here, if town officials perceived the display as "conveying a message in any way related to business," they deemed it a regulated sign subject to size limitations. *Id.* at *3. But if the town decided it wasn't a sign, the code's limitations wouldn't apply. *Id.*

Like here, the town deemed the mural a regulated sign because it "represents what you're doing as the business;" "it represents the product that's being sold;" "[w]hat makes it a sign is the pastries;" and if the mural depicted the "'New England Scenic Mount Washington Valley'" or "'covered bridges and sunflowers and what have you,'" it wouldn't be a sign. *Id.* at *4.

1

The town argued the regime promoted safety by limiting driver distractions. *Id.* at *14. That argument failed: "There is no basis to assume a sign depicting baked goods would have a different effect on safety than a sign depicting mountains (or anything else)." *Id.* Nor could aesthetics justify the regime since the town "would allow the Leavitt's display if it was located on different premises, or if it had slightly different content." *Id.*

The court held that because "the town's enforcement against Leavitt's bakery **has no rational connection to any of its stated interests**," and "**would not pass any level of scrutiny,**" it declared it unconstitutional. *Id.* at *15 (emphasis added), *1 (emphasis added).

| | |
|---|---|
| <u>Dated: May 30, 2025.</u> | Kansas Justice Institute |
| | /s/ Samuel G. MacRoberts |
| | Samuel G. MacRoberts, 22781 |
| | Jeffrey Shaw, 29767 |
| | 12980 Metcalf Avenue, Suite 130 |
| | Overland Park, Kansas 66213 |
| | sam@kansasjusticeinstitute.org |
| | (913) 213-5018 |
| | Attorneys for Plaintiffs |

## Certificate of Service

The undersigned certifies that on May 30, 2025, the above document(s) were filed using the CM/ECF system, which will send notification of such filing to all participants.

/s/ Samuel G. MacRoberts
Samuel G. MacRoberts