## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Cozy Inn, Incorporated,** | ) |
| **d/b/a The Cozy Inn; Stephen Howard,** | ) |
| | ) |
| Plaintiffs, | ) CIVIL ACTION |
| | ) CASE NO. 6:24-cv-01027-TC-ADM |
| v. | ) |
| | ) |
| **City of Salina, Kansas,** | ) |
| | ) |
| Defendant. | ) |

### RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant, City of Salina, Kansas ("City"), by and through its attorneys Fairfield and Woods, P.C. and Clark, Mize & Linville, Chartered, responds to Plaintiffs' Notice of Supplemental Authority ("Notice") supplementing ECF 109 at 28-31, 34-36 as follows:

*Young v. Conway*, No. 23-CV-00070-JL, 2025 WL 1445702 (D.N.H. May 20, 2025), is neither pertinent nor significant, as required under D. Kan. Rule 7.1(f). Plaintiffs' Notice misstates *Young's* holding. In *Young*, "plaintiffs [made] no facial challenge to Conway's sign code." *Id*. at *1.

> "So the court here does not rule that the sign code is unlawful or unconstitutional as written. Neither does it rule that Conway could not lawfully regulate the Leavitt's display, or that the display does not violate the sign code *as written*. Nor does the court rule that the Leavitt's display is not commercial speech (as it certainly appears to be), [or] that municipalities may not regulate commercial signage like the display at issue here . . . The court rules only that Conway's application of its sign code . . . to the Leavitt's sign in the particular manner it employed in this case, does not withstand any level of constitutional scrutiny." *Id*.

The *Young* court specifically called out that its "holding . . . is narrow and limited to the record." *Id*. at *16.

Still, the Court observed, "Conway's sign code is at least arguably content-neutral" because, consistent with *Austin*, reading a sign to determine "only" if it depicts "products sold inside of the building it sits on" does not concern a "'substantive message.'" *Id*. at *8, *12 (also finding the display was commercial speech because it "identif[ied] to consumers [products] of the bakery" and "serves to propose a commercial transaction.").

Conway's code regulates "displays that 'communicate *information of any kind to the public, whether commercial or noncommercial*," but Conway applied it only if "the display depicts products sold (or activities conducted) on the premises." *Id*. at *8, *11. Consequently, the Court found that the relationship between the text of Conway's code and its application was "deeply irrational," "*analytically* incorrect," and "analytically unsupportable." *Id*. at *3, *4, *15.

Dated this 4th day of June, 2025.

| s/ Aaron O. Martin | s/ Todd G. Messenger | s/ Amanda C. Jokerst |
|---|---|---|
| Aaron O. Martin<br>Bar Number 24170<br>Attorney for Defendant City of Salina, Kansas<br>CLARK, MIZE & LINVILLE, CHARTERED<br>P.O. Box 380<br>Salina, KS 67402-0380<br>Tel. (785) 823-6325<br>Fax: (785) 823-1868<br>Email: aomartin@cml-law.com | Todd G. Messenger,<br>CO Bar Number 38783<br>Pro Hac Vice Attorney for Defendant City of Salina, Kansas<br>Fairfield and Woods, P.C.<br>1801 California St., Ste. 2600<br>Denver, CO 80202<br>Tel. (303) 830-2400<br>Fax: (303) 830-1033<br>Email: tmessenger@fwlaw.com | Amanda C. Jokerst<br>CO Bar Number 47241<br>Pro Hac Vice Attorney for Defendant City of Salina, Kansas<br>Fairfield and Woods, P.C.<br>1801 California St., Ste. 2600<br>Denver, CO 80202<br>Tel. (303) 830-2400<br>Fax: (303) 830-1033<br>Email: ajokerst@fwlaw.com |

3

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2025, I caused the foregoing **RESPONSE TO PLAINTIFFS'NOTICE OF SUPPLEMENTAL AUTHORITY** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record including: Jeffrey Shaw and Samuel G. MacRoberts

s/ Aaron O. Martin
Aaron O. Martin