**In the United States District Court
for the District of Kansas**

———————

Case No. 24-cv-01027-TC

———————

COZY INN, INC., ET AL.,

*Plaintiffs*

v.

SALINA, KANSAS, CITY OF,

*Defendant*

———————

# ORDER

  Stephen Howard and the restaurant he owns—Cozy Inn, Incorporated—sued the City of Salina, Kansas after a city official directed Howard to stop painting a display on the side of the Cozy Inn. Doc. 16. Invoking 42 U.S.C. § 1983, Plaintiffs allege that Salina violated the First Amendment by imposing a content-based restriction on their expression that was not narrowly tailored to serve a compelling state interest and by imposing an unconstitutional prior restraint on Plaintiffs' expression through the city's permit requirement. *See id.* at ¶¶ 184–281. Plaintiffs also allege that Salina's sign code is impermissibly vague in violation of the Fourteenth Amendment. *Id.* at ¶¶ 282–305. Plaintiffs' claims are broad, encompassing what they call Salina's entire "mural-sign code regime," which includes "Salina's written sign code, Salina's unwritten policies and practices, Salina's Sign Permit requirement, Salina's Downtown Salina Business Improvement District review process, the Certificate of Compatibility requirement, and it's concomitant enforcement penalties." *Id.* at ¶ 12. Salina thereafter moved to dismiss, Doc. 26, and that motion is fully briefed, Docs. 31& 33.

  After the briefing on that motion was concluded, the state of affairs changed. For instance, the parties' first pretrial order was entered in December 2024. Doc. 92. That order set out the parties' factual assertions, claims, and defenses. *See generally id.* According to the pretrial order, Plaintiffs sought a declaratory judgment that would find all of Salina's written and unwritten regulations that apply to signs

1

unconstitutional, as well as a permanent injunction enjoining Salina from enforcing them against "Plaintiffs and other similarly situated." *Id.* at 17–18.

A month later, an amended pretrial order was entered. Doc. 101. It indicated that Salina had amended its Business Improvement District Code, which included the review process and the certificate of compatibility requirement that Plaintiffs challenged in their Amended Complaint. Doc. 101 at ¶ 2.a.x–2.a.xv. As a result, Plaintiffs' challenges to those parts of Salina's sign-regulation process were moot, changing the breadth of Plaintiffs' claims. Doc. 101 at 1, 3. After the amended pretrial order was entered, both parties moved for summary judgment. Docs. 104 & 106.

In light of this state of affairs, denying the motion to dismiss without prejudice and addressing the current arguments in the pending summary judgment motions is appropriate. Not only has the underlying policy been modified, but some of the claims initially subject to the motion to dismiss have been superseded by the initial and amended pretrial orders. *Washington v. Unified Gov't of Wyandotte Cnty.*, 847 F.3d 1192, 1202–03 (10th Cir. 2017) (quoting *Case v. Abrams*, 352 F.2d 193, 195 (10th Cir. 1965)) ("The pre-trial order supersedes the pleadings and becomes the governing pattern of the lawsuit."). As a result, the motion to dismiss includes arguments made moot by the changed circumstances, but all of the arguments concerning the remaining claims that were originally addressed in the motion to dismiss have been adequately addressed by the parties' summary judgment pleadings. Addressing these arguments in light of the evidence will best address the parties' respective positions. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *In re Kozeny*, 236 F.3d 615, 620 (10th Cir. 2000) (noting district courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").

As a result, Salina's motion to dismiss, Doc. 26, is denied without prejudice. The parties' motions for summary judgment, Docs. 104 & 106, and their motions to exclude expert testimony, Docs. 97 & 98, will be decided in the ordinary course.

It is so ordered.

Date: June 20, 2025                              s/ Toby Crouse
                                                 Toby Crouse
                                                 United States District Judge