**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| Cozy Inn, Incorporated, d/b/a The Cozy Inn; Stephen Howard, <br><br> Plaintiffs, <br><br> v. <br><br> City of Salina, Kansas, <br><br> Defendant. | Civil Action No. <br><br> 6:24-cv-01027-TC-ADM |

**ANSWER TO VERIFIED AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Defendant, City of Salina, Kansas ("Defendant" or "City"), by and through its attorneys Fairfield and Woods, P.C., and Clark, Mize & Linville, Chartered, hereby Answers Plaintiffs, Cozy Inn, Incorporated, d/b/a The Cozy Inn and Stephen Howard's ("Plaintiffs") Verified Amended Complaint for Declaratory Judgment and Injunctive Relief; and Designation of Place of Trial (the "Amended Complaint") as follows:

The Court's Order (ECF 119) noted that the Pre-Trial Order supersedes the pleadings. The Amended Pre-Trial Order (ECF 101) contemplated that the City would file an Answer. Accordingly, the City submits this Answer out of an abundance of caution, and states that by submitting the Answer to the Amended Complaint it does not intend to alter the Amended Pre-Trial Order (ECF 101).

1.      Paragraph 1 of the Amended Complaint does not set forth factual allegations to which a response is required. To the extent a response is required, the City denies the statements set forth in paragraph 1, and specifically denies that the sign on the North wall of The Cozy Inn

("Cozy Sign") is a mural, and that the phrase "mural-sign code regime" is an appropriate characterization of the City's Sign Code.[1]

2.    The City admits only that on November 6, 2023, the City informed Mr. Howard the Cozy Sign was too big to qualify for a sign permit. The City denies all other allegations and statements set forth in paragraph 2 of the Amended Complaint.

3.    The City denies the allegations set forth in paragraph 3 of the Amended Complaint. The first sentence of paragraph 3 of the Amended Complaint does not set forth factual allegations to which a response is required and to the extent a response is required, the City denies the same as it is unclear what Plaintiffs mean using the term "mural."

4.    The City denies the allegations set forth in paragraph 4 of the Amended Complaint.

5.    Paragraph 5 of the Amended Complaint does not set forth factual allegations to which a response is required. To the extent a response is required, the City admits that the Complaint does not include a claim for damages, and denies all other allegations in paragraph 5.

6.    The City admits the allegations set forth in paragraph 6 of the Amended Complaint.

7.    The City admits the allegations set forth in paragraph 7 of the Amended Complaint.

8.    The City admits the allegations set forth in paragraph 8 of the Amended Complaint.

---

[1] The City regulates signs through the Salina Code of Ordinances ("Salina Code") Chapter 42 Article X, along with related definitions in Chapter 42 Article XIV ("Sign Code"). The City denies all of Plaintiffs' allegations that characterize the Sign Code as the "mural-sign code regime."

9.      The City admits the allegations set forth in paragraph 9 of the Amended Complaint.

10.     The City is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint, and, accordingly, deny the same.

11.     Paragraph 11 of the Amended Complaint does not set forth factual allegations to which a response is required. To the extent a response is required, the City denies the allegations set forth in paragraph 11 of the Amended Complaint.

12.     Paragraph 12 of the Amended Complaint does not set forth factual allegations to which a response is required. To the extent a response is required, the City denies the allegations set forth in paragraph 12 of the Amended Complaint.

13.     The City admits this Court has jurisdiction as set forth in the Amended Pre-Trial Order (ECF 101).  The City denies it has deprived Plaintiffs of any constitutional rights.

14.     The City admits that venue is proper pursuant to 28 U.S.C. § 1391. The City denies the remaining allegations set forth in paragraph 14 of the Amended Complaint.

15.     The City admits the Cozy is located in downtown Salina, the City admits the Cozy has served sliders (which are also referred to as hamburgers) for more than 100 years. The City denies the remaining allegations set forth in paragraph 15 of the Amended Complaint.

16.     The City admits the Cozy serves around 45,000 customers a year. The remaining statements in paragraph 16 of the Amended Complaint do not set forth factual allegations to which a response is required, and to the extent a response is required, the City denies the same.

17.     The City admits the allegations set forth in paragraph 17 of the Amended Complaint, except to the extent that they imply that Steve Howard is the sole owner of the Cozy (Steve Howard is a co-owner of the Cozy).

18.     The City admits the allegations set forth in paragraph 18 of the Amended Complaint.

19.     The City admits the allegations set forth in paragraph 19 of the Amended Complaint.

20.     The City admits that the paint on the walls at the Cozy was white, but as the walls contained other signs, the City denies the remaining allegations set forth in paragraph 20 of the Amended Complaint.

21.     The City denies the allegations set forth in paragraph 21 of the Amended Complaint.

22.     The City admits the allegations contained in the first sentence of paragraph 22 of the Amended Complaint.  Respecting the second sentence, the City admits that the Cozy has a distinctive pungent onion-esque aroma.  The City is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 22 of the Amended Complaint and accordingly denies the same.

23.     The City denies the allegations set forth in paragraph 23 of the Amended Complaint.

24.     The City denies the allegations set forth in paragraph 24 of the Amended Complaint.

25.     The City admits that Plaintiffs started painting the Cozy Sign on November 3, 2023.  The City denies the remaining allegations set forth in paragraph 25 of the Amended Complaint.

26.     The City admits only that on November 6, 2023, the City informed Mr. Howard the Cozy Sign was a sign and was too big to qualify for a sign permit. The City denies all other allegations set forth in paragraph 26 of the Amended Complaint.

27.     The City admits that the photograph contained in paragraph 27 of the Amended Complaint is an accurate representation of the state of the sign as of November 6, 2023. The City denies all other allegations set forth in paragraph 27 of the Amended Complaint.

28.     The City admits only that the photograph contained in paragraph 28 of the Amended Complaint is what Plaintiffs intend to be the final sign painted on the wall. The City denies the remaining allegations set forth in paragraph 28 of the Amended Complaint.

29.     The City admits the first sentence of paragraph 29 of the Amended Complaint. Respecting the second sentence of paragraph 29, the City only admits that the quotations are from statements purportedly made by Mr. Howard in a news article and the article speaks for itself.  The City denies all other allegations set forth in paragraph 29 of the Amended Complaint.

30.     The City denies the allegations set forth in paragraph 30 of the Amended Complaint.

31.     The City admits that it regulates signs through its written Sign Code, which is codified in the Salina Code and speaks for itself.  The City denies the remaining allegations set forth in paragraph 31 of the Amended Complaint.

32.    The City denies the allegations set forth in paragraph 32 of the Amended Complaint.

33.    The City denies the allegations set forth in paragraph 33 of the Amended Complaint.

34.    The City denies the allegations set forth in paragraph 34 of the Amended Complaint.

35.    The City denies the allegations set forth in paragraph 35 of the Amended Complaint, as they do not refer to all of the provisions of the City Code that define and regulate signs.

36.    The allegations set forth in paragraph 36 of the Amended Complaint contain characterization and/or argument of counsel to which no response is required. To the extent a response is required, the City admits only that the text of Salina Code Sec. 42-764, which is copied and pasted into the body of paragraph 36 of the Amended Complaint and speaks for itself, is accurate. The City denies the remaining allegations set forth in paragraph 36 of the Complaint.

37.    The City denies the allegations set forth in paragraph 37 of the Amended Complaint.

38.    The City denies the allegations set forth in paragraph 38 of the Amended Complaint.

39.    The City denies the allegations set forth in paragraph 39 of the Amended Complaint.

40.    The allegations set forth in paragraph 40 of the Amended Complaint contain characterization and/or argument of counsel to which no response is required. To the extent a

response is required, the City admits only that the quoted text of Salina Code Sec. 42-504(1), (8), (9), which is codified and speaks for itself, is accurate. The City denies the remaining allegations set forth in paragraph 40 of the Amended Complaint.

41.    The City admits that the text of Salina Code Sec. 42-781, which is copied and pasted into the body of paragraph 41 of the Amended Complaint and speaks for itself, is accurate.

42.    The City admits the allegations set forth in paragraph 42 of the Amended Complaint.

43.    The City admits that size limitations are applied by zoning district. The City denies all other allegations set forth in paragraph 43 of the Amended Complaint.

44.    The City denies the allegations set forth in paragraph 44 of the Amended Complaint.  The Sign Code applies to displays that announce, direct attention to or advertise. The Sign Code is codified and speaks for itself.

45.    The City denies the allegations set forth in paragraph 45 of the Amended Complaint.

46.    The City denies the allegations set forth in paragraph 46 of the Amended Complaint.  The Sign Code is codified and speaks for itself.

47.    The City admits the allegations set forth in paragraph 47 of the Amended Complaint.

48.    The City admits the allegations set forth in paragraph 48 of the Amended Complaint.

49.     The City denies the allegations set forth in paragraph 49 of the Amended Complaint.

50.     The City denies the allegations set forth in paragraph 50 of the Amended Complaint.

51.     The City denies the allegations set forth in paragraph 51 of the Amended Complaint.

52.     The City denies the allegations set forth in paragraph 52 of the Amended Complaint.

53.     The City denies the allegations set forth in paragraph 53 of the Amended Complaint.

54.     The City denies the allegations set forth in paragraph 54 of the Amended Complaint.

55.     The City denies the allegations set forth in paragraph 55 of the Amended Complaint.

56.     The City denies the allegations set forth in paragraph 56 of the Amended Complaint.  Salina Code § 42-502(b) is codified and speaks for itself.

57.     The City denies the allegations set forth in paragraph 57 of the Amended Complaint.

58.     The City admits the allegations set forth in paragraph 58 of the Amended Complaint.

59.    The City denies the allegations set forth in paragraph 59 of the Amended Complaint.   Salina Code § 2-207(a) is codified and speaks for itself. Further, allegations regarding the DRB and Salina Code § 2-200, *et seq*., are moot.

60.    The City denies the allegations set forth in paragraph 60 of the Amended Complaint.  Further, allegations regarding the DRB and Salina Code § 2-200, *et seq*., are moot.

61.    The City denies the allegations set forth in paragraph 61 of the Amended Complaint. Further, allegations regarding the DRB and Salina Code § 2-200, *et seq*., are moot.

62.    The City denies the allegations set forth in paragraph 62 of the Amended Complaint. Further, allegations regarding the DRB and Salina Code § 2-200, *et seq*., are moot.

63.    The City denies the allegations set forth in paragraph 63 of the Amended Complaint. Further, allegations regarding the DRB and Salina Code § 2-200, *et seq*., are moot.

64.    The City denies the allegations set forth in paragraph 64 of the Amended Complaint. Further, allegations regarding the DRB and Salina Code § 2-200, *et seq*., are moot.

65.    The City denies the allegations set forth in paragraph 65 of the Amended Complaint. Further, allegations regarding the DRB and Salina Code § 2-200, *et seq*., are moot.

66.    Salina Code § 42-599 is codified and speaks for itself. The City denies the allegations set forth in paragraph 66 of the Amended Complaint.

67.    The City admits only that the penalty provisions of Salina Code § 1-10 apply to violations of Salina Code § 2-200, *et seq*.  Salina Code § 2-200, *et seq*. and § 1-10 are codified and speak for themselves. The City denies the remaining allegations set forth in paragraph 67 of the Amended Complaint.  Further, allegations regarding Salina Code § 2-200, *et seq*., are moot.

68.     The City denies the allegations set forth in paragraph 68 of the Amended Complaint, as it is unclear what Plaintiffs are referring to by use of the phrase "mural scene," and the terms "thriving" and "dynamic" are subjective.

69.     The City denies the allegations set forth in paragraph 69 of the Amended Complaint.

70.     The City denies the allegations set forth in paragraph 70 of the Amended Complaint.

71.     The City denies the allegations set forth in paragraph 71 of the Amended Complaint.  Further, allegations regarding the Certificate of Compatibility and Salina Code § 2-200, *et seq*., are moot.

72.     The City denies the allegations set forth in paragraph 72 of the Amended Complaint. Further, allegations regarding the Certificate of Compatibility and Salina Code § 2-200, *et seq*., are moot.

73.     The City denies the allegations set forth in paragraph 73 of the Amended Complaint.

74.     The photograph contained in paragraph 74 of the Amended Complaint speaks for itself.  The City admits that the photograph contained in paragraph 74 of the Amended Complaint is an accurate representation of the display located at Fire Station # 2.  The City denies the remaining allegations set forth in paragraph 74 of the Amended Complaint, specifically Plaintiffs' characterization and use of term mural.

75.     The City denies the allegations set forth in paragraph 75 of the Amended Complaint.

76.     The City denies the allegations set forth in paragraph 76 of the Amended Complaint, specifically Plaintiffs' characterization and use of term mural.

77.     The City denies the allegations set forth in paragraph 77 of the Amended Complaint.

78.     The City denies the allegations set forth in paragraph 78 of the Amended Complaint.

79.     The City denies the allegations set forth in paragraph 79 of the Amended Complaint.

80.     The City denies the allegations set forth in paragraph 80 of the Amended Complaint.

81.     The City denies the allegations set forth in paragraph 81 of the Amended Complaint.

82.     The City denies the allegations set forth in paragraph 82 of the Amended Complaint.

83.     The City denies the allegations set forth in paragraph 83 of the Amended Complaint.

84.     The City denies the allegations set forth in paragraph 84 of the Amended Complaint.

85.     The City denies the allegations set forth in paragraph 85 of the Amended Complaint.

86.     The City denies the allegations set forth in paragraph 86 of the Amended Complaint.

87.     The City denies the allegations set forth in paragraph 87 of the Amended Complaint.

88.     The City denies the allegations set forth in paragraph 88 of the Amended Complaint.

89.     The City denies the allegations set forth in paragraph 89 of the Amended Complaint.

90.     The City denies the allegations set forth in paragraph 90 of the Amended Complaint.  The photo in paragraph 90 of the Amended Complaint shows two displays, one is the University of Kansas School of Medicine and School of Nursing Salina Campus sign, which is a permitted sign.

91.     The City denies the allegations set forth in paragraph 91 of the Amended Complaint.

92.     The City denies the allegations set forth in paragraph 92 of the Amended Complaint.  The photo in paragraph 90 of the Amended Complaint shows two displays, one is the University of Kansas School of Medicine and School of Nursing Salina Campus sign, which is a permitted sign.

93.     The City denies the allegations set forth in paragraph 93 of the Amended Complaint.

94.     The City denies the allegations set forth in paragraph 94 of the Amended Complaint.

95.     The City denies the allegations set forth in paragraph 95 of the Amended Complaint.   The photo in paragraph 90 of the Amended Complaint shows two displays, one is

the University of Kansas School of Medicine and School of Nursing Salina Campus sign, which is a permitted sign.

96.     The photograph contained in paragraph 96 of the Amended Complaint speaks for itself.   The City admits that the photograph contained in paragraph 96 of the Amended Complaint is an accurate representation of a portion of the front façade of the Salina Art Center. The City denies the remaining allegations set forth in paragraph 96 of the Amended Complaint, specifically Plaintiffs' characterization and use of term mural.

97.     The City denies the allegations set forth in paragraph 97 of the Amended Complaint.

98.     The City denies the allegations set forth in paragraph 98 of the Amended Complaint.

99.     The City denies the allegations set forth in paragraph 99 of the Amended Complaint.

100.    The City denies the allegations set forth in paragraph 100 of the Amended Complaint. Further, allegations regarding the DRB and Salina Code § 2-200, *et seq*., are moot.

101.    The City denies the allegations set forth in paragraph 101 of the Amended Complaint.

102.    The City denies the allegations set forth in paragraph 102 of the Amended Complaint.

103.    The City denies the allegations set forth in paragraph 103 of the Amended Complaint.

104.    The photograph contained in paragraph 104 of the Amended Complaint speaks for itself.  The City admits that the photograph contained in paragraph 104 of the Amended Complaint is an accurate representation of the display known as "Mural at the Mill" completed by Australian artist Guido Van Helten.  The City denies the remaining allegations set forth in paragraph 104 of the Amended Complaint.

105.    Paragraph 105 of the Amended Complaint does not set forth factual allegations to which a response is required.  To the extent a response is required, the City denies the same.

106.    The City denies the allegations set forth in paragraph 106 of the Amended Complaint.

107.    The City denies the allegations set forth in paragraph 107 of the Amended Complaint. Further, allegations regarding the DRB and Salina Code § 2-200, *et seq*., are moot.

108.    The City denies the allegations set forth in paragraph 108 of the Amended Complaint.

109.    The City denies the allegations set forth in paragraph 109 of the Amended Complaint.

110.    The City denies the allegations set forth in paragraph 110 of the Amended Complaint.

111.    The City denies the allegations set forth in paragraph 111 of the Amended Complaint.

112.    The City denies the allegations set forth in paragraph 112 of the Amended Complaint.

113.    The City denies the allegations set forth in paragraph 113 of the Amended Complaint.

114.    The City denies the allegations set forth in paragraph 114 of the Amended Complaint.

115.    The City denies the allegations set forth in paragraph 115 of the Amended Complaint.

116.    The City is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Amended Complaint, and, accordingly, denies the same.

117.    The City is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Amended Complaint, and, accordingly, denies the same

118.    The City denies the allegations set forth in paragraph 118 of the Amended Complaint.

119.    The City admits that the City Commission met on November 13, 2023 and discussed the Cozy Sign. The City denies the remaining allegations set forth in paragraph 119 of the Amended Complaint.

120.    The City denies the allegations set forth in paragraph 120 of the Amended Complaint.

121.    Paragraph 121 of the Amended Complaint does not set forth factual allegations to which a response is required.  To the extent a response is required, the City denies the allegations

set forth in paragraph 121, specifically as to the phrase "relevant portion," and state the transcript speaks for itself.

122.    The City admits the allegations set forth in paragraph 122 of the Amended Complaint.

123.    The City admits the allegations set forth in paragraph 123 of the Amended Complaint and states § 42-521(4)(b) speaks for itself.

124.    The City admits the allegations set forth in paragraph 124 of the Amended Complaint.

125.    The City admits the allegations set forth in paragraph 125 of the Amended Complaint.

126.    The City admits only that the Cozy Sign is approximately 528 square feet and is too large to qualify for a sign permit under the sign code. The City denies all other allegations and characterizations set forth in paragraph 126 of the Amended Complaint.

127.    The City denies the allegations set forth in paragraph 127 of the Amended Complaint.

128.    The City denies the allegations set forth in paragraph 128 of the Amended Complaint.

129.    The City denies the allegations set forth in paragraph 129 of the Amended Complaint.

130.    The City denies the allegations set forth in paragraph 130 of the Amended Complaint.

131.    The City denies the allegations set forth in paragraph 131 of the Amended Complaint.

132.    The City denies the allegations set forth in paragraph 132 of the Amended Complaint.

133.    The City denies the allegations set forth in paragraph 133 of the Amended Complaint.

134.    The City denies the allegations set forth in paragraph 134 of the Amended Complaint.

135.    The City denies the allegations set forth in paragraph 135 of the Amended Complaint.

136.    The City denies the allegations set forth in paragraph 136 of the Amended Complaint.

137.    The City denies the allegations set forth in paragraph 137 of the Amended Complaint.

138.    The City denies the allegations set forth in paragraph 138 of the Amended Complaint.

139.    The City denies the allegations set forth in paragraph 139 of the Amended Complaint.

140.    The City denies the allegations set forth in paragraph 140 of the Amended Complaint.

141.    The City denies the allegations set forth in paragraph 141 of the Amended Complaint.

142.     The City denies the allegations set forth in paragraph 142 of the Amended Complaint.

143.     The City denies the allegations set forth in paragraph 143 of the Amended Complaint.

144.     The City denies the allegations set forth in paragraph 144 of the Amended Complaint.

145.     The City denies the allegations set forth in paragraph 145 of the Amended Complaint.

146.     The City denies the allegations set forth in paragraph 146 of the Amended Complaint.

147.     The City denies the allegations set forth in paragraph 147 of the Amended Complaint.

148.     The City denies the allegations set forth in paragraph 148 of the Amended Complaint.

149.     Paragraph 149 of the Amended Complaint does not set forth factual allegations to which a response is required, but to the extent a response is required, the City incorporates its responses to each of the cross-referenced paragraphs.

150.     The City denies the allegations set forth in paragraph 150 of the Amended Complaint.

151.     The City admits that Plaintiffs want to complete the Cozy Sign as shown in paragraph 28 of the Amended Complaint. The City denies all other allegations set forth in

paragraph 151 of the Amended Complaint, specifically the characterization of the Cozy Sign as a mural.

152.     The City denies the allegations set forth in paragraph 152 of the Amended Complaint.

153.     The City admits only that it explained to Plaintiffs that the Cozy Sign as proposed is too large to qualify for a permit. The City denies the remaining allegations set forth in paragraph 153 of the Amended Complaint.

154.     The City admits only that in November 2023 it informed Plaintiffs the Cozy Sign was a sign that required a sign permit and a Certificate of Compatibility. The City denies the remaining allegations set forth in paragraph 154 of the Amended Complaint. Further, allegations regarding the Certificate of Compatibility and Salina Code § 2-200, *et seq*., are moot.

155.     The City admits that in November 2023, after it informed Plaintiffs the Cozy Sign was too large to qualify for a sign permit, it requested Plaintiffs to submit an application for a sign permit and a Certificate of Compatibility and that on November 13, 2023, Plaintiffs submitted the applications.  The City denies the remaining allegations set forth in paragraph 155 of the Amended Complaint. Further, allegations regarding the Certificate of Compatibility and Salina Code § 2-200, *et seq*., are moot.

156.     The City denies the allegations set forth in paragraph 156 of the Amended Complaint.

157.     The City denies the allegations set forth in paragraph 157 of the Amended Complaint. Further, allegations regarding the DRB, Certificate of Compatibility, and Salina Code § 2-200, *et seq*., are moot.

158.    The City denies the allegations set forth in paragraph 158 of the Amended Complaint. Further, allegations regarding the DRB, Certificate of Compatibility, and Salina Code § 2-200, *et seq*., are moot.

159.    The City denies the allegations set forth in paragraph 159 of the Amended Complaint.  The February 8, 2024 correspondence is a written document and speaks for itself. Further, allegations regarding the DRB, Certificate of Compatibility, and Salina Code § 2-200, *et seq*., are moot.

160.    The City denies the allegations set forth in paragraph 160 of the Amended Complaint. Further, allegations regarding the DRB, Certificate of Compatibility, and Salina Code § 2-200, *et seq*., are moot.

161.    The City admits the allegations set forth in paragraph 161 of the Amended Complaint.

162.    The City denies the allegations set forth in paragraph 162 of the Amended Complaint.

163.    The City denies the allegations set forth in paragraph 163 of the Amended Complaint.

164.    The City denies the allegations set forth in paragraph 164 of the Amended Complaint. Further, allegations regarding the DRB, Certificate of Compatibility, and Salina Code § 2-200, *et seq*., are moot.

165.    The City admits that the Cozy Sign is a sign and is too big to qualify for a sign permit and the City has informed Plaintiffs of the same. The City denies the remaining allegations set forth in paragraph 165 of the Amended Complaint.

166.    The City denies the allegations set forth in paragraph 166 of the Amended Complaint.

167.    The City denies the allegations set forth in paragraph 167 of the Amended Complaint.

168.    The City denies the allegations set forth in paragraph 168 of the Amended Complaint.

169.    The City denies the allegations set forth in paragraph 169 of the Amended Complaint.

170.    The City is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth before the semicolon in paragraph 170 of the Amended Complaint, and, accordingly, denies the same. The City denies the allegation after the semicolon in paragraph 170 of the Amended Complaint.

171.    The City denies the allegations set forth in paragraph 171 of the Amended Complaint.

172.    The City denies the allegations set forth in paragraph 172 of the Amended Complaint.

173.    The City denies the allegations set forth in paragraph 173 of the Amended Complaint.

174.    Paragraph 174 of the Amended Complaint does not set forth factual allegations to which a response is required, and, alternatively seeks legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

175.    The City denies the allegations set forth in paragraph 175 of the Amended Complaint.

176.    Paragraph 176 of the Amended Complaint does not set forth factual allegations to which a response is required, and, alternatively seeks legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

177.    Paragraph 177 of the Amended Complaint does not set forth factual allegations to which a response is required, but to the extent a response is required, the City incorporates its responses to each of the cross-referenced paragraphs.

178.    Paragraph 178 of the Amended Complaint does not set forth factual allegations to which a response is required, and, alternatively seeks legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

179.    The City denies the allegations set forth in paragraph 179 of the Amended Complaint.

180.    The City denies the allegations set forth in paragraph 180 of the Amended Complaint.

181.    Paragraph 181 of the Amended Complaint does not set forth factual allegations to which a response is required, and, alternatively seeks legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

182.    The City denies the allegations set forth in paragraph 182 of the Amended Complaint. Further, allegations regarding the Certificate of Compatibility and Salina Code § 2-200, *et seq*., are moot.

183.    The City denies the allegations set forth in paragraph 183 of the Amended Complaint.

184.    Paragraph 184 of the Amended Complaint does not set forth factual allegations to which a response is required, but to the extent a response is required, the City incorporates its responses to each of the cross-referenced paragraphs.

185.    Paragraph 185 of the Amended Complaint sets forth legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

186.    Paragraph 186 of the Amended Complaint sets forth legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same. First Amendment rights are not absolute.

187.    Paragraph 187 of the Amended Complaint sets forth legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same. First Amendment rights are not absolute.

188.    Paragraph 188 of the Amended Complaint sets forth legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same. First Amendment rights are not absolute.

189.    The City admits that the Cozy Sign is a sign, and that the regulation of signs implicates the First Amendment. The City denies all other allegations set forth in paragraph 189 of the Amended Complaint.

190.    The City admits that Plaintiffs want to complete the Cozy Sign and that Plaintiffs intend the final version to be that depicted in paragraph 28 of the Amended Complaint.  The City denies all other allegations set forth in paragraph 190 of the Amended Complaint.

191.    The City denies the allegations set forth in paragraph 191 of the Amended Complaint.

192.    The City denies the allegations set forth in paragraph 192 of the Amended Complaint.

193.    Paragraph 193 of the Amended Complaint sets forth legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

194.    Paragraph 194 of the Amended Complaint sets forth legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

195.    Paragraph 195 of the Amended Complaint sets forth legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

196.    Paragraph 196 of the Amended Complaint sets forth legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

197.    The City denies the allegations set forth in paragraph 197 of the Amended Complaint.

198.    The City denies the allegations set forth in paragraph 198 of the Amended Complaint.

199.    The City denies the allegations set forth in paragraph 199 of the Amended Complaint.

200.    The City denies the allegations set forth in paragraph 200 of the Amended Complaint.

201.    The City denies the allegations set forth in paragraph 201 of the Amended Complaint.

202.    The City denies the allegations set forth in paragraph 202 of the Amended Complaint.

203.    The City denies the allegations set forth in paragraph 203 of the Amended Complaint. Further, allegations regarding Salina Code § 2-200, *et seq*., are moot.

204.    The City denies the allegations set forth in paragraph 204 of the Amended Complaint.+

205.    The City denies the allegations set forth in paragraph 205 of the Amended Complaint.

206.    The City denies the allegations set forth in paragraph 206 of the Amended Complaint.

207.    The City denies the allegations set forth in paragraph 207 of the Amended Complaint. Further, allegations regarding Certificates of Compatibility and Salina Code § 2-200, *et seq*., are moot.

208.    The City denies the allegations set forth in paragraph 208 of the Amended Complaint.

209.    The City denies the allegations set forth in paragraph 209 of the Amended Complaint.

210.    The City denies the allegations set forth in paragraph 210 of the Amended Complaint.

211.    The City denies the allegations set forth in paragraph 211 of the Amended Complaint.

212.    The City denies the allegations set forth in paragraph 212 of the Amended Complaint.

213.    Paragraph 213 of the Amended Complaint sets forth legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

214.    Paragraph 214 of the Amended Complaint sets forth legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

215.    The City denies the allegations set forth in paragraph 215 of the Amended Complaint. Further, allegations regarding DRB, Certificates of Compatibility, and Salina Code § 2-200, *et seq.*, are moot.

216.    The City denies the allegations set forth in paragraph 216 of the Amended Complaint. Further, allegations regarding DRB, Certificates of Compatibility, and Salina Code § 2-200, *et seq.*, are moot.

217.    The City denies the allegations set forth in paragraph 217 of the Amended Complaint. Further, allegations regarding DRB, Certificates of Compatibility, and Salina Code § 2-200, *et seq.*, are moot.

218.    The City denies the allegations set forth in paragraph 218 of the Amended Complaint. Further, allegations regarding DRB, Certificates of Compatibility, and Salina Code § 2-200, *et seq.*, are moot.

219.    The City denies the allegations set forth in paragraph 219 of the Amended Complaint.

220.    The City admits that it applies the Sign Code to signs, and the definition of sign includes "displays" that "are used to announce, direct attention to, or advertise." The City denies the remaining allegations set forth in paragraph 220 of the Amended Complaint.

221.    The City admits that it does not apply the Sign Code to displays that are not signs, and that the definition of sign includes "displays" that "are used to announce, direct attention to, or advertise." The City denies the remaining allegations set forth in paragraph 221 of the Amended Complaint.

222.    The City denies the allegations set forth in paragraph 222 of the Amended Complaint.

223.    Paragraph 223 of the Amended Complaint sets forth legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

224.    Paragraph 224 of the Amended Complaint sets forth legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

225.    The City denies the allegations set forth in paragraph 225 of the Amended Complaint.

226.    The City denies the allegations set forth in paragraph 226 of the Amended Complaint.

227.    The City denies the allegations set forth in paragraph 227 of the Amended Complaint.

228.    The City denies the allegations set forth in paragraph 228 of the Amended Complaint.

229. The City denies the allegations set forth in paragraph 229 of the Amended Complaint.

230. The City denies the allegations set forth in paragraph 230 of the Amended Complaint.

231. The City denies the allegations set forth in paragraph 231 of the Amended Complaint.

232. The City denies the allegations set forth in paragraph 232 of the Amended Complaint.

233. The City denies the allegations set forth in paragraph 233 of the Amended Complaint.

234. The City denies the allegations set forth in paragraph 234 of the Amended Complaint.

235. The City denies the allegations set forth in paragraph 235 of the Amended Complaint.

236. The City denies the allegations set forth in paragraph 236 of the Amended Complaint.

237. The City denies the allegations set forth in paragraph 237 of the Amended Complaint.

238. The City denies the allegations set forth in paragraph 238 of the Amended Complaint.

239. The City denies the allegations set forth in paragraph 239 of the Amended Complaint.

240.     The City denies the allegations set forth in paragraph 240 of the Amended Complaint.

241.     The City denies the allegations set forth in paragraph 241 of the Amended Complaint.

242.     The City admits the allegations set forth in paragraph 242 of the Amended Complaint.

243.     The City admits the allegations set forth in paragraph 243 of the Amended Complaint.

244.     The City is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 244 of the Amended Complaint, and, accordingly, denies the same.

245.     The City denies the allegations set forth in paragraph 245 of the Amended Complaint.

246.     The City denies the allegations set forth in paragraph 246 of the Amended Complaint.

247.     The City denies the allegations set forth in paragraph 247 of the Amended Complaint.

248.     The City denies the allegations set forth in paragraph 248 of the Amended Complaint.

249.     The City denies the allegations set forth in paragraph 249 of the Amended Complaint.

250.    The City denies the allegations set forth in paragraph 250 of the Amended Complaint.

251.    The City denies the allegations set forth in paragraph 251 of the Amended Complaint.

252.    The City denies the allegations set forth in paragraph 252 of the Amended Complaint.

253.    The City denies the allegations set forth in paragraph 253 of the Amended Complaint.

254.    The City denies the allegations set forth in paragraph 254 of the Amended Complaint.

255.    The City denies the allegations set forth in paragraph 255 of the Amended Complaint.

256.    The City denies the allegations set forth in paragraph 256 of the Amended Complaint.

257.    The City denies the allegations set forth in paragraph 257 of the Amended Complaint.

258.    Paragraph 258 of the Amended Complaint does not set forth factual allegations to which a response is required.  To the extent a response is required, the City denies the same.

259.    Paragraph 259 of the Amended Complaint does not set forth factual allegations to which a response is required, but to the extent a response is required, the City incorporates its responses to each of the cross-referenced paragraphs.

260.    The City denies the allegations set forth in paragraph 260 of the Amended Complaint. Further, allegations regarding the DRB, Certificates of Compatibility, and Salina Code § 2-200, *et seq*., are moot.

261.    Paragraph 261 of the Amended Complaint sets forth legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

262.    The City denies the allegations set forth in paragraph 262 of the Amended Complaint.

263.    The City denies the allegations set forth in paragraph 263 of the Amended Complaint.

264.    The City denies the allegations set forth in paragraph 264 of the Amended Complaint.

265.    The City denies the allegations set forth in paragraph 265 of the Amended Complaint.

266.    The City denies the allegations set forth in paragraph 266 of the Amended Complaint.

267.    The City denies the allegations set forth in paragraph 267 of the Amended Complaint. Further, allegations regarding the DRB, Certificates of Compatibility, and Salina Code § 2-200, *et seq*., are moot.

268.    The City denies the allegations set forth in paragraph 268 of the Amended Complaint. Further, allegations regarding the DRB, Certificates of Compatibility, and Salina Code § 2-200, *et seq*., are moot.

269.    The City denies the allegations set forth in paragraph 269 of the Amended Complaint. Further, allegations regarding the DRB, Certificates of Compatibility, and Salina Code § 2-200, *et seq.*, are moot.

270.    The City denies the allegations set forth in paragraph 270 of the Amended Complaint. Further, allegations regarding the DRB, Certificates of Compatibility, and Salina Code § 2-200, *et seq.*, are moot.

271.    The City denies the allegations set forth in paragraph 271 of the Amended Complaint. Further, allegations regarding the DRB, Certificates of Compatibility, and Salina Code § 2-200, *et seq.*, are moot.

272.    The City denies the allegations set forth in paragraph 272 of the Amended Complaint.

273.    The City denies the allegations set forth in paragraph 273 of the Amended Complaint.

274.    Paragraph 274 of the Amended Complaint sets forth legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

275.    The City denies the allegations set forth in paragraph 275 of the Amended Complaint.

276.    The City denies the allegations set forth in paragraph 276 of the Amended Complaint.

277.    The City denies the allegations set forth in paragraph 277 of the Amended Complaint.

278.    The City denies the allegations set forth in paragraph 278 of the Amended Complaint.

279.    The City denies the allegations set forth in paragraph 279 of the Amended Complaint.

280.    The City denies the allegations set forth in paragraph 280 of the Amended Complaint.

281.    The City denies the allegations set forth in paragraph 281 of the Amended Complaint. Further, Plaintiffs have notified the Court that they do not seek injunctive relief for "others who are similarly situated." *See* (ECF 120).

282.    Paragraph 282 of the Amended Complaint does not set forth factual allegations to which a response is required, but to the extent a response is required, the City incorporates its responses to each of the cross-referenced paragraphs.

283.    Paragraph 283 of the Amended Complaint sets forth legal conclusions to which a response is not required.  To the extent a response is required, the City denies the same.

284.    The City denies the allegations set forth in paragraph 284, and subparagraphs (a)-(m) of the Amended Complaint.

285.    The City denies the allegations set forth in paragraph 285 of the Amended Complaint.

286.    The City denies the allegations set forth in paragraph 286 of the Amended Complaint.

287.    The City denies the allegations set forth in paragraph 287 of the Amended Complaint.

288.    The City denies the allegations set forth in paragraph 288 of the Amended Complaint.

289.    The City denies the allegations set forth in paragraph 289 of the Amended Complaint. Further, allegations regarding the DRB, Certificates of Compatibility, and Salina Code § 2-200, *et seq*., are moot.

290.    The City denies the allegations set forth in paragraph 290 of the Amended Complaint. Further, allegations regarding the DRB, Certificates of Compatibility, and Salina Code § 2-200, *et seq*., are moot.

291.    The City denies the allegations set forth in paragraph 291 of the Amended Complaint.

292.    The City denies the allegations set forth in paragraph 292 of the Amended Complaint.

293.    The City denies the allegations set forth in paragraph 293 of the Amended Complaint.

294.    The City denies the allegations set forth in paragraph 294 of the Amended Complaint.

295.    The City denies the allegations set forth in paragraph 295 of the Amended Complaint.

296.    The City denies the allegations set forth in paragraph 296 of the Amended Complaint.

297.    The City denies the allegations set forth in paragraph 297 of the Amended Complaint.

298.    The City denies the allegations set forth in paragraph 298 of the Amended Complaint.

299.    The City denies the allegations set forth in paragraph 299 of the Amended Complaint.

300.    The City denies the allegations set forth in paragraph 300 of the Amended Complaint.

301.    Paragraph 301 of the Amended Complaint sets forth legal conclusions to which a response is not required.   To the extent a response is required, the City denies the same. Fourteenth Amendment protections are not absolute.

302.    The City denies the allegations set forth in paragraph 302 of the Amended Complaint.

303.    The City denies the allegations set forth in paragraph 303 of the Amended Complaint. Further, Plaintiffs have notified the Court that they do not seek injunctive relief for "others who are similarly situated." *See* (ECF 120).

304.    The City denies the allegations set forth in paragraph 304 of the Amended Complaint.

305.    The City denies the allegations set forth in paragraph 305 of the Amended Complaint.

306.    Paragraph 306 of the Amended Complaint does not set forth factual allegations to which a response is required, but to the extent a response is required, the City incorporates its responses to each of the cross-referenced paragraphs.

307.    Paragraph 307 of the Amended Complaint does not set forth factual allegations to which a response is required.  To the extent a response is required, the City denies the same.

308.    Paragraph 308 of the Amended Complaint does not set forth factual allegations to which a response is required.  To the extent a response is required, the City denies the same. Further, Plaintiffs have notified the Court that they do not seek injunctive relief for "others who are similarly situated." *See* (ECF 120).

309.    Paragraph 309 of the Amended Complaint does not set forth factual allegations to which a response is required.  To the extent a response is required, the City denies the same. Further, Plaintiffs have notified the Court that they do not seek injunctive relief for "others who are similarly situated." *See* (ECF 120).

310.    Paragraph 310 of the Amended Complaint does not set forth factual allegations to which a response is required.  To the extent a response is required, the City denies the same. Further, Plaintiffs have notified the Court that they do not seek injunctive relief for "others who are similarly situated."  *See* (ECF 120).

311.    Paragraph 311 of the Amended Complaint does not set forth factual allegations to which a response is required.  To the extent a response is required, the City denies the same. Further, Plaintiffs have notified the Court that they do not seek injunctive relief for "others who are similarly situated."  *See* (ECF 120).

312.    Paragraph 312 of the Amended Complaint does not set forth factual allegations to which a response is required.  To the extent a response is required, the City denies the same. Further, Plaintiffs have notified the Court that they do not seek injunctive relief for "others who are similarly situated."  *See* (ECF 120).

313.    Paragraph 313 of the Amended Complaint does not set forth factual allegations to which a response is required.  To the extent a response is required, the City denies the same.

314.    Paragraph 314 of the Amended Complaint does not set forth factual allegations to which a response is required.  To the extent a response is required, the City denies the same.

315.    Paragraph 315 of the Amended Complaint does not set forth factual allegations to which a response is required.  To the extent a response is required, the City denies the same.

316.    Paragraph 316 of the Amended Complaint does not set forth factual allegations to which a response is required.  To the extent a response is required, the City denies the same.

## General Denial

The City denies all allegations not specifically admitted herein.

## Defenses

1.    Plaintiffs' Complaint fails to state a claim for which relief may be granted, in whole or in part.

2.    Plaintiffs' claims are moot.

3.    Plaintiffs failed to exhaust their administrative remedies.

4.    Plaintiffs' alleged injuries cannot be redressed by this Court because even if this Court declares the challenged provisions of the Sign Code to be unconstitutional, those provisions must be severed, and Plaintiffs' sign would still be precluded by the provisions of the Sign Code that remain in place.

5.    This case was initiated by way of a verified complaint (*See* ECF 16 and ECF 16-1).  Plaintiffs are precluded from bringing a claim against the City concerning the constitutionality of the Sign Code, particularly vagueness, because according to their sworn

testimony, they did not read the Sign Code prior to filing the lawsuit, have not read the Sign Code since filing the lawsuit, and do not intend to ever read the Sign Code.

6.      Plaintiffs have not sought declaratory judgment from this Court to declare that their display is not a sign under the Sign Code, so Plaintiffs have not requested a declaration that will redress their asserted injuries.

7.      The Sign Code is content-neutral on its face and as applied to the Plaintiffs because the germane provisions of the Sign Code are not concerned with the idea, topic, subject, or viewpoint of the message displayed, the Sign Code is justified without reference to the content of the regulated speech, and the Sign Code was applied as it is written.

8.      The Sign Code passes intermediate scrutiny because it is narrowly tailored to advance the City's substantial interests of traffic safety, pedestrian safety, aesthetics, and property values, and it leaves open ample alternative channels because Plaintiffs can communicate the information with the exact same sign in a smaller size, with other existing signs on the Cozy Inn premises that fit within the allowable sign area, and through a number of other alternative channels.

9.      The Sign Code is not a prior restraint because it provides sufficient standards to limit the City and its officials' discretion, so it does not promote arbitrary enforcement.

10.     The Sign Code is not a prior restraint because it provides for a brief, specified period of time within which the City must issue or deny a sign permit, and the City informed Mr. Howard within three days after he began painting the sign that it was too large to qualify for a sign permit. The unique circumstances of this case, in which the City attempted to collaborate

with the Plaintiffs to achieve a legislative solution, do not transmogrify the Sign Code into an unconstitutional prior restraint.

11.     Plaintiffs may not seek relief on behalf of "others similarly situated."

12.     The Sign Code is not vague because it provides people of ordinary intelligence with a reasonable opportunity to understand what conduct is prohibited.

13.     The Sign Code is not vague because it provides narrow, objective, and definite standards that properly guide the City and its permitting officials.

14.     The "overbreadth" doctrine, which relates to vagueness, does not apply to commercial speech.

WHEREFORE, the City requests that Plaintiffs' claims be dismissed in their entirety, that the City be awarded its attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and for any other relief this Court deems just and proper.

Respectfully submitted this 7th day of July 2025.

s/ Aaron O. Martin
Aaron O. Martin
Bar Number: 24170
Attorney for Defendant, City of Salina, Kansas
Clark, Mize & Linville, Chartered
P.O. Box 380
Salina, KS 67402-0380
Tel.: (785) 823-6325
Fax: (785) 823-1868
Email: aomartin@cml-law.com

s/ Todd G. Messenger
Todd G. Messenger
CO Bar Number: 38783
*Pro Hac Vice* Attorney for Defendant, City of Salina, Kansas
Fairfield and Woods, P.C.
1801 California St., Ste. 2600
Denver, CO 80202
Tel.: (303) 830-2400
Fax: (303) 830-1033
Email: tmessenger@fwlaw.com

s/ Amanda C. Jokerst
Amanda C. Jokerst
CO Bar Number: 47241
*Pro Hac Vice* Attorney for Defendant, City of Salina, Kansas
Fairfield and Woods, P.C.
1801 California St., Ste. 2600
Denver, CO 80202
Tel.: (303) 830-2400
Fax: (303) 830-1033
Email: ajokerst@fwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July 2025, I caused the foregoing **ANSWER TO VERIFIED AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel.

*s/ Aaron O. Martin*
Aaron O. Martin