IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Cozy Inn, Incorporated,** <br> **d/b/a The Cozy Inn; Stephen Howard,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **City of Salina, Kansas,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) CASE NO.  6:24-cv-01027-TC-ADM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## STIPULATION DURING PENDENCY OF APPEAL

Defendant City of Salina, Kansas ("City"), by and through its attorneys Fairfield and Woods, P.C. and Clark, Mize & Linville, Chartered, and Plaintiffs, Cozy Inn, Incorporated d/b/a The Cozy Inn and Stephen Howard ("Plaintiffs") by and through their attorneys, the Kansas Justice Institute, hereby submit the following Stipulation During Pendency of Appeal ("Stipulation"):

## BACKGROUND

1. On February 19, 2024, Plaintiffs filed a lawsuit against the City. (Doc. 1)

2. On April 19, 2024, the parties agreed to maintain the *status quo* during the pendency of the civil action Case No. 6:24-CV-01027-TC-ADM ("Civil Action") and filed a "Stipulation" to that effect with the Court. (Doc. 21) Specifically, without prejudice to the City's defenses as to the merits of this matter, the City agreed not take any enforcement action against the Plaintiffs respecting the partially-completed display located at 108 North Seventh Street, Salina, Kansas that is the subject matter of Plaintiffs' Verified Complaint (Doc. 1) ("Cozy Display"), during the pendency of the Civil Action. The parties further agreed that, without prejudice to Plaintiffs' claims as to the merits of this matter, Plaintiffs would maintain the *status*

*quo* regarding the Cozy Display, and Plaintiffs would take no further action to modify or complete the display during the pendency of the Civil Action.

3.  On November 19, 2025, the Court entered a Memorandum and Order (Doc. 136) ("Order") in which it granted in part and denied in part the Parties' Motions for Summary Judgment (Docs. 104 and 106).

4.  The City has indicated that if it ultimately prevails in this matter, it intends to continue to regulate signs by applying the definition of 'sign' that existed prior to the date of the Order, and further, it intends to treat displays that are not 'signs' under that definition in a different manner, which may include not regulating them.

5.  The City intends to file a Notice of Appeal.

## **STIPULATIONS**

6.  The Parties stipulate to a stay of the effect of the Order pending the resolution of any appeal.

7.  Regarding the Cozy Display specifically, while the Parties disagree about the technical effect of the Order, the Parties agree that the Order was in favor of the Plaintiffs on the First Amendment issues. Consequently, the Parties agree that during the pendency of the appeal, and notwithstanding any stay of the Order, it is appropriate for the Plaintiffs to be permitted to complete the Cozy Display, and the City therefore consents, without intending to waive its right to appeal the Order or any arguments that may be raised on appeal, to the Plaintiffs' completion of the Cozy Display without a sign permit or any further regulatory approval by the City.

8.  The Parties agree that if the City prevails on appeal, then Plaintiffs will comply with then-applicable sign regulations and permitting requirements (including, at the Plaintiffs'

option, any then-available provisions that have the potential to offer relief from the strict application of the sign regulations and permitting requirements (*e.g.*, variances, administrative appeals, and other comparable provisions)) within 180 calendar days after the entry of a final non-appealable order resolving the litigation, and that such compliance may result in a requirement that Plaintiffs remove or reduce the extent of the Cozy Display.[1]

        9.        The Parties agree that each Party will bear its own attorneys' fees and costs in this matter, from its inception to its resolution by final non-appealable order, and specifically, that Plaintiffs will withdraw Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 138), and neither Party will pursue attorneys' fees or costs as to further proceedings in this matter.

        10.       Except as provided herein, each Party reserves any and all rights concerning their respective claims and defenses in this case, whether in this proceeding or in some subsequent proceeding.

        11.       This stipulation and any statements made in this stipulation shall not be admitted into evidence in any court or proceeding for purposes of proving or supporting a claim or defense of any party hereto, however, this stipulation may be admitted for the sole purpose of enforcement of its terms.

---

[1] For the purposes of this Stipulation During Pendency of Appeal, a "final non-appealable order" is a court order that resolves all issues in this case, such that it is not subject to further review because the time for filing a notice of appeal has passed and either no appeal was filed or appellate opportunities have been fully exhausted, such that the order is conclusive of the litigation.

Respectfully submitted this _18th__ day of December, 2025.

*Signed by:* Jeff Shaw

Samuel G. MacRoberts
Bar Number 22781
Jeffrey Shaw
Bar Number 29767
Attorneys for Plaintiffs, Cozy Inn
Incorporated d/b/a The Cozy Inn;
Stephen Howard
Kansas Justice Institute
12980 Metcalf Avenue, Suite 130
Overland Park, KS 66213
Tel. (913)213-5121
Fax:(913)213-5018
Email: jeff@kansasjusticeinstitute.org;
sam.macroberts@kansasjusticeinstitute.org

*DocuSigned by:* Aaron O. Martin

Aaron O. Martin,
Bar Number 24170
Attorney for Defendant, City of Salina
CLARK, MIZE & LINVILLE, CHARTERED
P.O. Box 380
Salina, KS 67402-0380
Tel. (785) 823-6325
Email: aomartin@cml-law.com

*DocuSigned by:*

Todd G. Messenger
CO Bar Number 38783
Amanda C. Jokerst,
CO Bar Number 47241
Pro Hac Vice Attorneys for Defendant,
City of Salina
Fairfield and Woods, P.C.
1801 California St, Suite 2600
Denver, CO 80202
Tel. (303) 830-2400
Fax: (303) 830-1033
Email: tmessenger@fwlaw.com;
ajokerst@fwlaw.com

*Signed by:*

Stephen Howard, on behalf of Plaintiffs

*Signed by:* Mayor Greg Lenkiewicz

City of Salina representative, on behalf of Defendant

4

## CERTIFICATE OF SERVICE

  I hereby certify that on this _18th___ day of December, 2025, I caused the foregoing **STIPULATION** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record as follows:

Jeffrey Shaw.
Samuel G. MacRoberts
Kansas Justice Institute
12980 Metcalf Avenue, Suite 130
Overland Park, KS 66213
Telephone: 913-213-5121; 913-213-5018
E-mail: jeff@kansasjusticeinstitute.org; sam.macroberts@kansasjusticeinstitute.org

*Attorneys for Plaintiffs*

                /s/ Aaron O. Martin
                Aaron O. Martin