UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COZY INN, INCORPORATED, et al.,

Plaintiffs,

v.

THE CITY OF SALINA, KANSAS,

Defendant.

.......................

Case No. 24-cv-1027-TC

Topeka, Kansas
Date: January 6, 2026

(Pages 1-19)

TRANSCRIPT OF TELEPHONE STATUS CONFERENCE

BEFORE THE HONORABLE TOBY CROUSE
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Plaintiffs:

Mr. Samuel G. MacRoberts
Mr. Jeffrey Shaw
Kansas Justice Institute
12980 Metcalf Avenue
Suite 130
Ovelrand Park, Kansas 66213

For the Defendant:

Mr. Todd G. Messenger
Fairfield and Woods, PC
1801 California Street
Suite 2600
Denver, Colorado 80202

Mr. Aaron O. Martin
Clark, Mize & Linville, Chtd.
129 South Eighth Street
P.O. Box 380
Salina, Kansas 67402

Also Present: Ms. Katherine Goldstein

Proceedings recorded by machine shorthand,
transcript produced by computer-aided transcription.

(Called to order).

THE COURT: Good afternoon, everyone. We're here in Case No. 24-1027, Cozy Inn, Incorporated, et al., versus City of Salina, et al.

Counsel, please state your appearances for the record.

MR. MacROBERTS: Sam MacRoberts and Jeff Shaw for the plaintiffs.

THE COURT: Good afternoon.

MR. MESSENGER: Todd Messenger -- Todd Messenger and Aaron Martin for the defendants.

THE COURT: Good afternoon to you as well.

And my recollection, Mr. Messenger, is Ms. Goldstein is on the line as well. Although she's not entered her appearance, happy to have her on the call.

We are here for a couple of reasons. I think we last got together before the Christmas break talking about a couple of pleadings that you all filed, one of them being Document No. 140, which is the joint motion to approve a proposed stipulation that you all had and also plaintiff's motion for attorneys' fees and costs, which is Document 138. And it was -- that latter motion was kind of wrapped up in your proposed stipulation.

In addition, I raised something that I noted in your joint motion; that is that there had been no separate judgment entered. And then we talked kind of about my general concerns

with the joint motion and the absence of a judgment, so I asked that you all kind of talk through how you wanted to handle it.

As indicated before we went on the record today, I received an email from Mr. MacRoberts suggesting judgment language. That has been somewhat modified by a statement that Mr. Messenger indicated, and I'm happy to enter that, but I did want to talk to you all maybe about the joint motion and my thoughts relative to that.

I wonder if the best thing to do would be maybe to take one thing off the table and that is, I will enter a separate judgment as modified. It will read something to the extent as follows: Consistent with the memorandum and order, Document 136, filed on November 19th, 2025, the court enters judgment in favor of plaintiffs Cozy Inn, Inc., d/b/a The Cozy Inn, and Stephen Howard on Claims 1 and 2 and in favor of defendant City of Salina on Claim 3.

So that's kind of my intention. I'll get that filed and on the record with you all's consent.

Is that okay, Mr. MacRoberts?

MR. MacROBERTS: Yes, Your Honor.

THE COURT: And Mr. Messenger?

MR. MESSENGER: Yes, Your Honor.

THE COURT: Perfect.

Let's next move to the joint motion to stay the case. I think we mentioned -- we had a relatively lengthy discussion

before we went on the record. It was -- I think someone referred to it, maybe Mr. Messenger, as a unique vehicle or something along those lines. It was something that I had not seen before and I mentioned to you all that I wanted to make sure that I didn't have my decretal language messed up or something like that that you guys were trying to fix.

And my understanding from you is that you wanted to do a couple of things, at least two things. One of them is to effectively put a placeholder and put off the motion for fees pending resolution of the appeal, which I think is fine. And then second is to effectively allow the City of Salina to proceed relative to administering its code while the appeal proceeded.

And we kind of talked about it and I've gone back and looked at the language of the memorandum and order and your joint motion and I think I have an idea of where you're coming from and so I'm happy to give you guys maybe some space to make your record. I'll just maybe kind of tell you what I'm thinking at the outset and so you can kind of see what I'm likely to do so maybe you can tailor your comments at some level to those concerns.

So as I read your joint motion, Paragraph 6 indicates or kind of anticipates — maybe construes is a better word — the memorandum and order authorizing an injunction and it seeks to stay that injunction pursuant to Rule 62(d).

I went back and -- in light of what we discussed I went back and looked at the memorandum and order and kind of thought about what your comments were and I guess I maybe fundamentally disagree as to the explicit or implicit characterization of the memorandum and order an injunction and so my inclination is to deny the joint motion.

But that's not to say that I don't applaud your efforts or your desire to put off the attorney fee issue, it's just that I think the memorandum and order kind of stands on its own. And I think on Page 35, which you all referenced, it expressly says that it's not an injunction. I think it's a declaratory judgment and I expressly declined to find or to enter an injunction.

So that's I guess -- my inclination I guess is to deny the joint motion, but I want to give you guys space to figure out how you want to proceed with that.

So maybe, Mr. MacRoberts or Mr. Messenger, I don't care which of you go first, but that's I guess my initial thoughts.

MR. MESSENGER: Your Honor, this is Todd Messenger for the city.

THE COURT: Yeah.

MR. MESSENGER: With respect to the injunction part, you know, it's not 100 percent clear in terms of the court's authority to stay an otherwise declaratory judgment under the

rules and so we didn't want to put the court in a position of asking it to do something that it may not be empowered to do. And so when we read the order -- I mean, it essentially to us says that the court trusts that the city is going to do this as if it were an injunction, but in the interest of federalism, you know, the court refused the injunction.

And so the way that the city interprets that is, you know, it -- it is effectively enjoined because its code has been -- or the portions of its code that are at issue in the case have been struck. And that creates issues for the city moving forward, including the application --

THE COURT: Mr. Messenger.

MR. MESSENGER: Yes.

THE COURT: Sorry, I think you cut out at least on my end and I want to make sure that Ms. Stewart is able to grab all of your language.

So maybe, Ms. Stewart, did you have a cutoff?

MS. REPORTER: Yes, I did.

MR. MESSENGER: I'm sorry?

THE COURT: Yeah, Mr. Messenger, I think your line may have cut out for just a bit and it sounds like Ms. Stewart heard that as well, so...

MR. MESSENGER: Would the court like me to start over?

THE COURT: Yeah. Probably best if you do, just to make sure you've got your record.

MR. MESSENGER: Yes, Your Honor. Thank you.

From the city's perspective, the -- the way the order reads is effectively injunctive relief even though an injunction wasn't entered. As we understand the order, it said that in the interest of federalism, the court wasn't going to enjoin the city but that it expects that the city will proceed in accordance with the order.

And the way we understand that is that, you know, we have to do what the court has directed anyway and the form of it may be declaratory judgment but the effect of it is an injunction. And that, we think, would trigger the ability of the court to enter a stay on the case.

So we do realize that the specific language of the order denied the injunctive relief, but I think it -- it did recognize that it -- it was in some measure because the court trusts that the city will govern its affairs accordingly, which we certainly respect the authority of this court to direct those affairs and we will do as we are instructed by the court.

With respect to the administrative challenges that that places on the city, the city has a severability clause in its code. The city has a replacement clause that adds a new definition. I don't think the plaintiffs like that definition either; I'm certain that my client would prefer not to use that definition. And it creates sort of a cascade effect that — I think as Mr. MacRoberts put it — would potentially require

post-trial -- or post-judgment motion practice in order to try to resolve what happens next.

And as we see it, it would be much more efficient in terms of judicial economy and public resources and the resources of Mr. MacRoberts' organization to simply stay the order for now and seek some clarity in the Tenth Circuit with respect to the constitutional issues.

And certainly if those -- if the order is affirmed, then we will -- we will have those challenges and we'll have to resolve them at that point. But in the interim we think that would create a bunch of judicial efficiency simply by entering the motion to stay as an order of the court and so we would pray that the court do that.

THE COURT: Let me -- before I turn to Mr. MacRoberts, who I think may have said something either before we came online today or while we were online that the need for post-trial motions would not be necessary in light of the judgment I did.

You mentioned a concern for federalism and I'm not sure that I'm following what you're saying there. I don't recall federalism being discussed either expressly or implicitly in that decision.

MR. MESSENGER: Your Honor, this is --

THE COURT: And when I say federalism, I think, you know, kind of a state authority versus federal authority,

but...

MR. MESSENGER: Your Honor, it was -- it was me, Todd Messenger, who had raised that issue and I -- I may have incorrectly recollected what was in the order on that point. I do recall that there was some discussion that the court didn't believe that it needed to go so far as entering an injunction. So whether that be on principles of federalism or just trust that the municipality would operate its affairs accordingly, I'm not sure that that would make a tremendous difference in terms of the outcome. But I appreciate that if I --

THE COURT: Okay. Yeah, and --

MR. MESSENGER: -- if I misconstrued the order.

THE COURT: Yeah, my understanding or my -- I guess how I read my decision and how I intended it is that I trusted that you wouldn't continue to impose as against plaintiff an unconstitutional statute and I -- absent evidence to the contrary, no injunction would be entered. So...

MR. MESSENGER: Yes, Your Honor. And if I might, the stipulation does say that the plaintiffs would get to construct their sign. So as against plaintiffs, that would be part of our agreement.

The issue that Salina faces going forward is that the order strikes down the definition of sign on its face which creates some knock-on effects in terms of pending sign permits, et cetera, and requires the application of the substitution

clause, which is not to plaintiffs' advantage.

And so what the -- what the joint motion does is it takes care of plaintiffs' interests in this case, but it allows us to proceed forward through an appellate process just to simply determine that facial constitutionality issue.

THE COURT: Yeah. And pushing back again just a little bit. My understanding is that you have agreed that you are going to comply with the declaratory judgment with regard to the plaintiff in this case, and what you choose to do with any additional people seems like a matter between you and those individuals or entities.

MR. MESSENGER: Yes, Your Honor. I mean, we -- again, and I'm -- I'm trying to make sure that we're on the same page in terms of that interpretation. As we understand the court's order striking down a definition on its face, that that has implications for the city in terms of compliance that reach beyond the plaintiffs in this individual case. And that's what we're struggling with and that's what -- plaintiffs have agreed to sort of help us out with that by not having to explore that further in the trial court but to explore that at the Court of Appeals.

THE COURT: Okay. Mr. MacRoberts.

MR. MacROBERTS: Your Honor, so earlier you had mentioned, unless I misunderstood, that as part of the stipulation we were going to agree to decide the attorneys'

fees issues after appeal, but -- and I just wanted to clarify that as part of 140 -- Document 140-1 on the stipulations, we were agreeing at Paragraph 9 that we would withdraw our motion for attorneys' fees and the parties would bear their own fees and costs.

So that would resolve -- if Your Honor granted Document 140 and 140-1, that would completely obviate the need to deal with the attorneys' fees issues even post-appeal. So if it got for some reason remanded back to Your Honor, the attorneys' fees and costs issue would not need resolution.

And as Mr. Messenger explained, part of what we thought was important in the stipulation was that the Cozy Inn could finish the mural pending the appeal. And so we believe that 140-1 is an appropriate stipulation that we've spent a long time with -- crafting with the City of Salina. And in terms of the actual stipulation itself, I think -- Document 140, we would urge the court to approve it.

I understand the court's concern with respect to the language dealing with injunctions. I think that what the city is trying to do is stay the effect of the order as -- in the context of the facial language in the -- Your Honor's order. And so that's why we entered into this joint motion. So we think it serves everybody's need and would effectively end the case before Your Honor.

And I did say that if Your Honor did impose the

judgment as we -- we wouldn't anticipate filing post-judgment motions. I think that if Document 140 and 140-1 are not entered into -- or not granted, like, we're going to have to talk with the City of Salina about how to move forward and if we do need to file post-judgment motions. It really then depends on what -- what the city's interpretation of Your Honor's memorandum and order is. And if there is a severance and replacement provision, then we may -- we may have to do post-judgment motions.

THE COURT: Okay. Anything else, Mr. Messenger?

MR. MESSENGER: Your Honor, we -- we agree with Mr. MacRoberts on these points. We would have to go back and try to work through the mechanics again and it may end up in post-judgment motions.

We did -- I commend Mr. MacRoberts and Mr. Shaw for working with us in good faith diligently over the course of the weeks to try to figure through all that and we appreciate that effort. And, again, we would urge the court to enter that and approve that motion.

MR. MacROBERTS: If Your Honor is -- I'm sorry.

THE COURT: Yeah, go ahead. I don't know who that was.

MR. MacROBERTS: This is Sam MacRoberts. If Your Honor is going to deny the joint motion to approve the stipulation, I wonder -- what my request would be, that it

would be without prejudice so then perhaps we can go back to the city and maybe wordsmith a little bit of the background and the -- or the legal support, especially in the context of the paragraph dealing with the injunction language or verbiage, which it seems like is causing Your Honor concerns. So we might be able to re-submit something to Your Honor and get this all wrapped up without -- without prolonging things.

THE COURT: Okay. So I guess here's what I'm going to do relative to Document No. 140: I'm going to deny it. I will deny it without prejudice at your request. The basis for my denial is I don't think there is a basis to stay. I think you all have done Yeoman's work, I commend you both for your professionalism -- or I don't mean to exclude anyone by saying "both." I mean both sides.

And I think the stipulation you all have entered into is a widely-constructed private settlement agreement that you all have endeavored to undertake, I commend you for it and I think it probably makes sense, but I am going to deny it because I -- I don't want to give the -- I just -- I'm not comfortable giving a judicial imprimatur of support for privately-negotiated agreements.

And so I think my job was to resolve the pending motions, that's what I believe Document 136 does. And how that affects any relationships with other parties is between the litigants. And so my inclination is you all can kind of manage

your respective affairs between you or with others as you wish, but I just don't know that I have either the desire or authority to -- to do any more.

So that's kind of what my thought process is.

Anything else from your view, Mr. MacRoberts, including what you want to do with your attorney fee issue or do you want to kind of keep that up in the air in light of your desire to discuss with the city?

MR. MacROBERTS: I would orally move to stay any attorneys' fees motions and I would ask that the defendant not oppose that now or join me in my motion so that way we don't need to file any memoranda and we don't need to come back in front of Your Honor and deal with attorneys' fees while this appeal is pending. And then we have committed to Salina we'll continue working with them on this fees issue, so we would -- unless Mr. Messenger has a better idea than a stay, that's what I'd be moving for at this time.

THE COURT: Mr. Messenger.

MR. MESSENGER: Your Honor, the city does not oppose the oral motion to stay.

THE COURT: Okay. And I'm happy to grant you that relief. That also means that that motion is going to be sitting on my docket for 18 months and that's -- you know, I don't get fired if it sits on there, but just as a matter of moving things along I guess I would prefer to have it off. And

so I'll keep it on there and I'll keep it stayed unless -- and I'm floating this to you all. What if I denied it without prejudice subject to refiling? And I don't know how that works so I'm just thinking out loud. And if you don't want me to do that, I won't, but I'm just thinking of my docket hygiene here.

MR. MacROBERTS: Yeah, I can -- I can certainly respect that, Your Honor. I'm not -- without -- I haven't really thought about how that would work if it's denied without prejudice. My concern is it would trigger some sort of deadline.

THE COURT: Okay. I'll leave it on there. That's fine.

MR. MacROBERTS: But --

THE COURT: Yeah.

MR. MacROBERTS: But I can say this, and I'm -- I am committed to working with the City of Salina on this and so I think that -- I think we'll be able to come up with something to be able to get that off Your Honor's docket.

THE COURT: Okay. That's fine. And if you're not -- again, like, the great thing about this job is I can't get fired for having a motion for fees sitting on my docket while the appeal is going on. I realize that these are difficult issues that you're sorting through, so I want to give you that space to do that.

So anything else that we need to do from your point of

view, Mr. MacRoberts?

MR. MacROBERTS: No, Your Honor.

THE COURT: Mr. Messenger?

MR. MESSENGER: No, Your Honor. I guess the -- the challenge that we had in drafting that joint motion -- and if the court is -- has sort of closed the consideration of that, I won't rehash it.

But if it pleases the court, I -- I would think that the court has the inherent authority to stay its own order, but that its authority to stay an order on motion is limited to what the rules would provide.

So to the extent that if we -- if we can't find a way in the rules to deal with a declaratory judgment, I would just respectfully float the idea -- is it possible for the court to, you know, allow for the stipulation that we had — that we would allow for the -- the construction and completion of the Cozy sign, while at the same time, you know, dealing with the public with a definition that we're -- we're used to, that we've had in place for decades — pending resolution of the constitutional issue in the appellate court? It's just that the alternative definitions of "signs" are likewise unproven. This is a rather unique case, interestingly enough, given the history of sign law in the United States, that the definition of "sign" is for almost the first time I think at issue in this -- in this circuit.

THE COURT: Yeah, first of all, I take no offense at you raising that issue at all and I would do the same if I were in your shoes. Oddly enough, I just had another hearing earlier today on something relatively similar about a consent judgment and I just -- from a -- my view of what judicial power -- what good use of judicial power is tends to be a little more limited than maybe others would have and certainly than you and your client would prefer. And I take that point.

It's just -- I just don't feel like I'm doing my job if I exercise it to the extent it's limited. And so maybe from a prudential concern, I respectfully decline you all's well-thought-out invitation to exercise that power.

Nothing prevents you, of course, from entering into a private stipulated agreement that would bind you all and handle things that way, it's just I don't -- I don't think it's my role to get in the business of issuing such an order that may or may not impact other people's rights kind of blindly. So I'm not offended at all. Your points make perfect, logical sense and I understand them, it's just I don't feel comfortable engaging in them, if that -- if you can appreciate where I'm coming from.

MR. MESSENGER: Certainly, Your Honor. I mean, we respect the authority and the reasoning of this court. That is fundamental to our practice.

THE COURT: Okay. I will get a -- that judgment

issued in a separate piece of paper. I think that's what the rules require. I'll get that kicked out today and then I'll also get a minute order that will reflect that the joint motion to stay has been denied for the reasons stated on the record and the city's oral request to stay additional consideration of the motion for fees is unopposed and will be granted.

Is that fair, Mr. MacRoberts?

MR. MacROBERTS: Yes, it was -- it was my motion to stay the fees, Your Honor, not the city's. But otherwise, yes.

THE COURT: I'm sorry. Yep.

Mr. Messenger?

MR. MESSENGER: Yes, Your Honor.

THE COURT: Okay. All right. Thank you guys very much. And, again, I commend you for your hard work on this and I look forward to talking to you all soon I hope, either in this case or in another one.

MR. MacROBERTS: Thank you, Your Honor.

MR. MESSENGER: Thank you, Your Honor.

(Proceedings concluded).

* * *

CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

January 8, 2026.

/s/ Kelli Stewart
KELLI STEWART, CSR, RPR, CRR, RMR
United States Court Reporter